FILED
COURT OF COMMON PLEAS
2008 AUG 11 P 4: 16

IN THE COMMON PLEAS COURT
MONTGOMERY COUNTY, OHIO
CIVIL DIVISION

TERRY MARTIN, individually and on behalf of all persons similarly situated,
624 Earl Ave.
Dayton, Ohio 45404

and

DELLA GROOMS, individually and on behalf of all persons similarly situated,
615 Hall Ave.
Dayton, Ohio 45404

and

LINDA RUSSEL, individually and on behalf of all persons similarly situated,
314 Hunter Ave.
Dayton, Ohio 45404

and

CLYDE BAXTER, individually and on behalf of all persons similarly situated,
314 Hunter Ave.
Dayton, Ohio 45404

and

ANNETTE BAXTER, individually and on behalf of all persons similarly situated,
314 Hunter Ave.
Dayton, Ohio 45404

and

WILLIAM BAXTER, individually and on behalf of all persons similarly situated,
314 Hunter Ave.
Dayton, Ohio 45404

CASE NO. 08 7578

JUDGE ____________

**CLASS ACTION COMPLAINT WITH JURY DEMAND ENDORSED HEREON; DECLARATORY JUDGMENT; INJUNCTIVE RELIEF; AND ACTION FOR DISCOVERY**

and *

STEPHANIE BAXTER, individually and on*
behalf of all persons similarly situated, *
314 Hunter Ave.
Dayton, Ohio 45404 *

and

JESSICA BAXTER, individually and on *
behalf of all persons similarly situated *
314 Hunter Ave.
Dayton, Ohio 45404 *

and *

ALAN PARKER, individually and on
behalf of all persons similarly situated *
316 Hunter Ave.
Dayton, Ohio 45404 *

and *

ROSE PARKER, individually and on *
behalf of all persons similarly situated *
316 Hunter Ave.
Dayton, Ohio 45404 *

and *

SCOTT PARKER, individually and on
behalf of all persons similarly situated *
316 Hunter Ave.
Dayton, Ohio 45404 *

and *

MARK WOLF, individually and on *
behalf of all persons similarly situated
623 Earl Ave. *
Dayton, Ohio 45404 *

and *

MARY FUGATE, individually and on behalf of all persons similarly situated
623 Earl Ave.
Dayton, Ohio 45404

and

MARY FUGATE, as parent and legal guardian of ASHLEY PERKINS a minor, individually and on behalf of all persons similarly situated
623 Earl Ave.
Dayton, Ohio 45404

and

MARK WOLF, as parent and legal guardian of ANTHONY WOLF a minor, individually and on behalf of all persons similarly situated
623 Earl Ave.
Dayton, Ohio 45404

and

MARK WOLF, as parent and legal guardian of MEGAN WOLF a minor, individually and on behalf of all persons similarly situated
623 Earl Ave.
Dayton, Ohio 45404

and

CHARLES RASMUSSEN, individually and on behalf of all persons similarly situated
617 Taylor Ave.
Dayton, Ohio 45404

and

BECKY RASMUSSEN, individually and on behalf of all persons similarly situated
617 Taylor Ave.
Dayton, Ohio 45404

* * * * * * * * * * * * * * * * * * * * * * * *



BRANNON & ASSOCIATES • 130 West Second Street Suite 900 • Dayton, Ohio 45402-1590

and *

RICHARD RASMUSSEN, individually and *
on behalf of all persons similarly situated
617 Taylor Ave. *
Dayton, Ohio 45404
*
and
*
ROBERT WASELEWSKI, individually and
on behalf of all persons similarly situated *
533 Herbert St.
Dayton, Ohio 45404 *

and *

AMY WASELEWSKI, individually and *
on behalf of all persons similarly situated
533 Herbert St. *
Dayton, Ohio 45404
*
and
*
AMY WASELEWSKI, as parent and legal
guardian of SHYANN WASELESKI a minor, *
individually and on behalf of all persons
similarly situated *
623 Earl Ave.
Dayton, Ohio 45404 *

and *

ARNOLD DIXON, individually and on *
behalf of all persons similarly situated
746 Webster St. *
Dayton, Ohio 45404
*
and
*
SUE DIXON, individually and on
behalf of all persons similarly situated *
746 Webster St.
Dayton, Ohio 45404 *

and *

DEBBIE RYERSE, individually and on behalf of all persons similarly situated *
6431 Oakhurst Pl. *
Dayton, Ohio 45414
*
and
*
SHERRY HOWARD, individually and on behalf of all persons similarly situated *
32 S. Terry St.
Dayton, Ohio 45403 *

and *

JEWELL SMITH, individually and on behalf of all persons similarly situated *
176 Taylor St. *
Liberty, Kentucky 42539
*
and
*
MARGUERITE BOCOCK, individually and on behalf of all persons similarly situated *
700 Taylor St.
Dayton, Ohio 45404 *

and *

FRANK BOCOCK, III, individually and on *
behalf of all persons similarly situated
700 Taylor St. *
Dayton, Ohio 45404
*
and
*
FRANK BOCOCK, III, as parent and legal guardian of FRANK BOCOCK, IV a minor, *
individually and on behalf of all persons similarly situated *
700 Taylor Street
Dayton, Ohio 45404 *

and *


BRANNON & ASSOCIATES • 130 West Second Street Suite 900 • Dayton, Ohio 45402-1590

FRANK BOCOCK, III , as parent and legal guardian of LITISHA BOCOCK a minor, individually and on behalf of all persons similarly situated
700 Taylor Street
Dayton, Ohio 45404

and

FRANK BOCOCK, III , as parent and legal guardian of LATASHA BOCOCK a minor, individually and on behalf of all persons similarly situated
700 Taylor Street
Dayton, Ohio 45404

and

FRANK BOCOCK, III , as parent and legal guardian of DAKOTA BOCOCK a minor, individually and on behalf of all persons similarly situated
700 Taylor Street
Dayton, Ohio 45404

and

FRANK REED, individually and on behalf of all persons similarly situated
612 Earl Ave.
Dayton, Ohio 45404

and

JAMES BARTLETT, individually and on behalf of all persons similarly situated
624 Daniel St.
Dayton, Ohio 45404

and

DIAN BARTLETT, individually and on behalf of all persons similarly situated
624 Daniel St.
Dayton, Ohio 45404

* * * * * * * * * * * * * * * * * * * * * * * * *



BRANNON & ASSOCIATES • 130 West Second Street Suite 900 • Dayton, Ohio 45402-1590

and *

KIMBERLY KENNEDY, individually and*
On behalf of all persons similarly situated
524 Daniel St. *
Dayton, Ohio 45404
*
Plaintiffs,
*
vs.
*
BEHR DAYTON THERMAL
PRODUCTS, LLC *
1300 East 9th Street
Cleveland, Ohio 44114 *

and *

CHRYSLER MOTORS, LLC *
1300 East 9th Street
Cleveland, Ohio 44114 *

and *

GEM CITY CHEMICALS, INC. *
1287 Air City Ave.
Dayton, Ohio 45404 *

and *

DAP, INC. *
220 Janney Road
Dayton, Ohio 45404 *

and *

GAYSTON CORPORATION *
55 Janney Road
Dayton. Ohio 45404 *

and *

ARAMARK UNIFORM & CAREER *
APPARAL, INC.
1300 East 9th Street *
Cleveland, Ohio 44114

and *

ALL OTHER JANE OR JOHN DOES *
OR ENTITIES, PERSONS, PARTIES
WHETHER PRIVATE OR PUBLIC *
WHICH WILL BE ASCERTAINED
AS A RESULT OF DISCOVERY *

Defendants. *

## CIVIL ACTION COMPLAINT – CLASS ACTION

1. Pursuant to Ohio Rule of Civil Procedure 23, Plaintiffs, Terry Martin et al., individually, and on behalf of all persons similarly situated, by and through their attorneys, state and allege as follows for their Class Action Complaint against Defendants, Behr Dayton Thermal Products, LLC ("Behr"), Chrysler Motors, LLC ("Chrysler"), Gem City Chemicals, Inc. ("Gem City"), DAP, Inc. ("DAP"), Gayston Corporation ("Gayston") and Aramark Uniform & Career Apparel, Inc. ("Aramark").

## INTRODUCTION

2. This is a civil class action for declaratory relief, injunctive relief, equitable relief, compensatory and punitive damages, including medical monitoring, and costs to be incurred by plaintiffs and the other class members for bodily injury, emotional distress and property damage arising from the intentional, knowing, reckless and negligent acts and omissions of Behr, Chrysler, Gem City, DAP, Gayston and Aramark in connection with the contamination of soil, groundwater and homes.

3. For decades, Defendants Behr, Chrysler, Gem City, DAP, Gayston and Aramark dumped, poured or spilled toxic chemicals into the environment surrounding their plants and/or facilities in Dayton, Ohio. For decades, they did nothing to clean it up.

4. Terrible, though predictable, consequences have ensued: toxic chemicals have


BRANNON & ASSOCIATES • 130 West Second Street Suite 900 • Dayton, Ohio 45402-1500

seeped into the soil, and have infiltrated the groundwater and homes of the Plaintiffs. These homes are now contaminated by, or threatened with contamination by, these potentially lethal toxic chemicals, principal among them industrial degreasing solvents known as Trichloroethene ("TCE") and other volatile organic compounds ("VOCs").

5. This lawsuit, is brought by, and on behalf of, those property owners and others who live in and around the Behr Dayton Thermal Facility located at 1600 Webster Street, Dayton, Montgomery County, Ohio, also known as the McCook Field Neighborhood, whose residences have been contaminated by Defendants. They seek to enjoin Behr, Chrysler, Gem City, DAP, Gayston and Aramark from further contamination of their properties; to compel Defendants to fully investigate and remediate existing contamination; to compel Defendants to provide safe housing to all affected; to reimburse Plaintiffs for costs they have incurred, and will incur, in responding to the contamination; to recover compensatory damages; and to recover punitive damages.

## PARTIES

### A. Plaintiffs

6. Plaintiff Terry Martin is and was, at all times pertinent, a resident and owner of certain real property located at 624 Earl Ave. and 626 Earl Ave., City of Dayton, County of Montgomery, State of Ohio and has been exposed to "TCE" and other "VOCs" at this location.

7. Plaintiff Terry Martin's home was tested for TCE on December 17, 2007 and revealed sub-slab results of 220 ppbv and indoor air results of 1.6 ppbv. The Ohio Department of Health recommends exposure levels to TCE no greater than 4 ppbv in a sub-slab and 0.4 ppbv in indoor air.



BRANNON ASSOCIATES • 130 West Second Street Suite 900 • Dayton, Ohio 45402-1590

8. As a direct and proximate result of the dangerously high levels of TCE a vapor abatement system was installed in both of Plaintiff Martin's residences.

9. As a direct and proximate result of his exposure to TCE and other VOC's at his residence, Plaintiff Martin has developed male breast cancer, as well as other illnesses, has suffered extreme pain and anguish therefrom and due to the severe and permanent nature of his injures he shall continue to suffer extreme pain and anguish into the future.

10. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at his residence, Plaintiff Martin has incurred medical expenses in an amount not yet determined and due to the severe and permanent nature of his injuries he will continue to incur medical expenses into the future in an amount that cannot be determined at this time.

11. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at his residence, Plaintiff Terry Martin has incurred lost wages and due to the severe and permanent nature of his injuries shall continue to incur lost wages into the future in an amount that cannot be determined.

12. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at his residence, Plaintiff Terry Martin has suffered great pain and suffering, both physically and emotionally, as well as the loss of ability to perform usual functions and loss of enjoyment of life and will suffer further pain and suffering and loss of ability to perform usual functions.

13. Plaintiff Della Grooms is and was, at all times pertinent, a resident and owner of certain real property located at 615 Hall Ave., City of Dayton, County of Montgomery, State of Ohio and has been exposed to "TCE" and other "VOCs" at this location.

14 Plaintiff Della Grooms home was tested for TCE on January 14, 2008 and revealed sub-slab results of 3,700 ppbv and indoor air results of 9.9. The Ohio Department of Health recommends exposure levels to TCE no greater than 4 ppbv in a sub-slab and 0.4 ppbv in indoor air.

15. As a direct and proximate result of the dangerously high levels of TCE a vapor abatement system was installed in Plaintiff Grooms home.

16 As a direct and proximate result of her exposure to TCE and other VOC's at his residence. Plaintiff Della Grooms has developed cicatricial pemphigus with lesions, as well as other illnesses, has suffered extreme pain and anguish therefrom and due to the severe and permanent nature of her injures she shall continue to suffer extreme pain and anguish into the future.

17. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at her residence, Plaintiff Grooms has incurred medical expenses in an amount not yet determined and due to the severe and permanent nature of her injuries she will continue to incur medical expenses into the future in an amount that cannot be determined at this time.

18. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at her residence. Plaintiff Grooms has incurred lost wages and due to the severe and permanent nature of her injuries shall continue to incur lost wages into the future in an amount that cannot be determined.

19. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at her residence, Plaintiff Grooms has suffered great pain and suffering, both physically and emotionally, as well as the loss of ability to perform usual functions and loss of enjoyment of life and will suffer further pain and suffering and loss of ability to perform usual functions.

20. Plaintiff Linda Russell is and was, at all times pertinent, a resident and owner of certain real property located at 612 Daniel St., City of Dayton, County of Montgomery, State of Ohio and has been exposed to "TCE" and other "VOCs" at this location.

21. Plaintiff Linda Russell home was tested for TCE on December 7, 2006 and revealed sub-slab results of 67,000 ppbv and indoor air results of 160.0. The Ohio Department of Health recommends exposure levels to TCE no greater than 4 ppbv in a sub-slab and 0.4 ppbv in indoor air.

22. As a direct and proximate result of the dangerously high levels of TCE a vapor abatement system was installed in Plaintiff Russell's home.

23. As a direct and proximate result of her exposure to TCE and other VOC's at his residence, Plaintiff Linda Russell has developed neuropathy, as well as other illnesses, has suffered extreme pain and anguish therefrom and due to the severe and permanent nature of her injures she shall continue to suffer extreme pain and anguish into the future.

24. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at her residence, Plaintiff Russell has incurred medical expenses in an amount not yet determined and due to the severe and permanent nature of her injuries she will continue to incur medical expenses into the future in an amount that cannot be determined at this time.

25. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at her residence, Plaintiff Russell has incurred lost wages and due to the severe and permanent nature of her injuries shall continue to incur lost wages into the future in an amount that cannot be determined.

26. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at her residence, Plaintiff Russell has suffered great pain and suffering, both physically

and emotionally, as well as the loss of ability to perform usual functions and loss of enjoyment of life and will suffer further pain and suffering and loss of ability to perform usual functions.

27. Plaintiffs Clyde Baxter, Annette Baxter, William Baxter, Stephanie Baxter and Jessica Baxter ( hereinafter the "Baxter Family") is and was, at all times pertinent, a resident and owner of certain real property located at 314 Hunter Avenue, City of Dayton, County of Montgomery, State of Ohio and has been exposed to "TCE" and other "VOCs" at this location.

28. The Baxter Family home was tested for TCE on November 26, 2007 and revealed sub-slab results of 340 ppbv and indoor air results of 24 ppbv. The Ohio Department of Health recommends exposure levels to TCE no greater than 4 ppbv in a sub-slab and 0.4 ppbv in indoor air.

29. As a direct and proximate result of the dangerously high levels of TCE a vapor abatement system was installed in the Baxter Family home.

30. As a direct and proximate result of the Baxter Families exposure to TCE and other VOC's at his residence, Plaintiff Clyde Baxter has suffered from severe headaches, Plaintiff Annette Baxter has suffered from kidney and throat infection, Plaintiff William Baxter has suffered from severe nose bleeds, Plaintiff Stephanie Baxter has suffered from throat problems and Plaintiff Jessica Baxter has suffered from severe nose bleeds, as well as other illnesses, has suffered extreme pain and anguish therefrom and due to the severe and permanent nature of the families injures they shall each continue to suffer extreme pain and anguish into the future.

31. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at his residence, the Baxter Family has incurred medical expenses in an amount not yet determined and due to the severe and permanent nature of their injuries they will continue to incur medical expenses into the future in an amount that cannot be determined at this time.



BRANNON & ASSOCIATES • 130 West Second Street Suite 900 • Dayton, Ohio 45402-1590

32. As a direct and proximate result of the aforesaid exposure to TCE and other VOC"s at his residence, the Baxter Family has incurred lost wages and due to the severe and permanent nature of their injuries shall continue to incur lost wages into the future in an amount that cannot be determined.

33. As a direct and proximate result of the aforesaid exposure to TCE and other VOC"s at his residence, the Baxter Family has suffered great pain and suffering, both physically and emotionally, as well as the loss of ability to perform usual functions and loss of enjoyment of life and will suffer further pain and suffering and loss of ability to perform usual functions.

34. Plaintiffs Alan Parker, Rose Parker and Scott Parker (hereinafter the "Parker Family") is and was, at all times pertinent, a resident and owner of certain real property located at 316 Hunter Ave, City of Dayton, County of Montgomery, State of Ohio and has been exposed to "TCE" and other "VOCs" at this location.

35. The Parker Family's home was tested for TCE on November 9, 2007 and revealed sub-slab results of 1,000 ppbv and indoor air results of 19 ppbv. The Ohio Department of Health recommends exposure levels to TCE no greater than 4 ppbv in a sub-slab and 0.4 ppbv in indoor air.

36. As a direct and proximate result of the dangerously high levels of TCE a vapor abatement system was installed in the Parker Family home.

37. As a direct and proximate result of the Parker Family's exposure to TCE and other VOC"s at their residence, Plaintiffs Allan Parker and Rose Parker have suffered from severe headaches, shortness of breath, chest pain and sleep apnea, as well as other illnesses, have suffered extreme pain and anguish therefrom and due to the severe and permanent nature of their injures they shall continue to suffer extreme pain and anguish into the future.

38. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at their residence the Parker Family has incurred medical expenses in an amount not yet determined and due to the severe and permanent nature of their injuries they will continue to incur medical expenses into the future in an amount that cannot be determined at this time.

39. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at his residence, the Parker Family has incurred lost wages and due to the severe and permanent nature of their injuries shall continue to incur lost wages into the future in an amount that cannot be determined.

40. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at their residence, the Parker Family has suffered great pain and suffering, both physically and emotionally, as well as the loss of ability to perform usual functions and loss of enjoyment of life and will suffer further pain and suffering and loss of ability to perform usual functions

41. Plaintiffs Mark Wolf, Mary Fugate, Ashley Perkins, Anthony Wolf and Megan Wolf (hereinafter the "Wolf Family) is and was, at all times pertinent, residents and the owner of certain real property located at 623 Earl Ave., City of Dayton, County of Montgomery, State of Ohio and has been exposed to "TCE" and other "VOCs" at this location.

42. The Wolf Families home was tested for TCE on January 30, 2008 and revealed sub-slab results of 260 ppbv and indoor air results of 1.3 ppbv. The Ohio Department of Health recommends exposure levels to TCE no greater than 4 ppbv in a sub-slab and 0.4 ppbv in indoor air.

43. As a direct and proximate result of the dangerously high levels of TCE a vapor abatement system was installed in the Wolf Family home.


BRANNON & ASSOCIATES • 130 West Second Street Suite 900 • Dayton, Ohio 45402-1590

44. As a direct and proximate result of his exposure to TCE and other VOC's at his residence, Plaintiff Mark Wolf has developed severe headaches, Plaintiff Mary Fugate has developed gallbladder problems and Ashley Perkins has developed severe headaches chest pain, as well as other illnesses, has suffered extreme pain and anguish therefrom and due to the severe and permanent nature of these injures they shall continue to suffer extreme pain and anguish into the future.

45. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at the Wolf residence, the Wolf Family has incurred medical expenses in an amount not yet determined and due to the severe and permanent nature of the families injuries they will continue to incur medical expenses into the future in an amount that cannot be determined at this time.

46. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at the Wolf residence, the Wolf Family has incurred lost wages and due to the severe and permanent nature of their injuries shall continue to incur lost wages into the future in an amount that cannot be determined.

47. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at the Wolf residence, the Wolf Family has suffered great pain and suffering, both physically and emotionally, as well as the loss of ability to perform usual functions and loss of enjoyment of life and will suffer further pain and suffering and loss of ability to perform usual functions.

48. Plaintiffs Charles Rasmussen, Becky Rasmussen and Richard Rasmussen (hereinafter the "Rasmussen Family") is and was, at all times pertinent, a resident and owner of

certain real property located at 617 Taylor Ave., City of Dayton, County of Montgomery, State of Ohio and has been exposed to "TCE" and other "VOCs" at this location.

49. The Rasmussen Family home was tested for TCE on January 30, 2008 and revealed sub-slab results of 920 ppbv and indoor air results of 1.8 ppbv. The Ohio Department of Health recommends exposure levels to TCE no greater than 4 ppbv in a sub-slab and 0.4 ppbv in indoor air.

50. As a direct and proximate result of the dangerously high levels of TCE a vapor abatement system was installed in the Rasmussen Family home.

51. As a direct and proximate result of the Rasmussen Families exposure to TCE and other VOC's at their residence, Plaintiff Charles Rasmussen has suffered from lymph node problems, Plaintiff Becky Rasmussen has suffered from breathing problems, migraines, cysts on ovaries, Plaintiff Richard Rasmussen has suffered from severe breathing problems, , as well as other illnesses, has suffered extreme pain and anguish therefrom and due to the severe and permanent nature of the families injures they shall each continue to suffer extreme pain and anguish into the future.

52. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at their residence, the Rasmussen Family has incurred medical expenses in an amount not yet determined and due to the severe and permanent nature of their injuries they will continue to incur medical expenses into the future in an amount that cannot be determined at this time.

53. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at their residence, the Rasmussen Family has incurred lost wages and due to the severe and permanent nature of their injuries shall continue to incur lost wages into the future in an amount that cannot be determined.

54. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at his residence, the Rasmussen Family has suffered great pain and suffering, both physically and emotionally, as well as the loss of ability to perform usual functions and loss of enjoyment of life and will suffer further pain and suffering and loss of ability to perform usual functions.

55. Plaintiffs Robert Waselewski, Amy Waselewski and Shyann Waselewski (hereinafter the "Waselewski Family") is and was, at all times pertinent, a resident and owner of certain real property located at 533 Herbert St., City of Dayton, County of Montgomery, State of Ohio and has been exposed to "TCE" and other "VOCs" at this location.

56. The Waselewski Family home was tested for TCE and revealed sub-slab results of in excess of those recommended to be safe by the Ohio Department of Health.

57. As a direct and proximate result of the dangerously high levels of TCE a vapor abatement system was installed in the Waselewski Family home.

58. As a direct and proximate result of the Waselewski's Families exposure to TCE and other VOC's at their residence, Plaintiff Robert Waselewski has suffered from headaches and chest pain, as well as other illnesses, has suffered extreme pain and anguish therefrom and due to the severe and permanent nature of the families injures they shall each continue to suffer extreme pain and anguish into the future.

59. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at their residence, the Waselewski Family has incurred medical expenses in an amount not yet determined and due to the severe and permanent nature of their injuries they will continue to incur medical expenses into the future in an amount that cannot be determined at this time.

60. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at their residence, the Waselewski Family has incurred lost wages and due to the severe and permanent nature of their injuries shall continue to incur lost wages into the future in an amount that cannot be determined.

61. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at his residence, the Waselewski Family has suffered great pain and suffering, both physically and emotionally, as well as the loss of ability to perform usual functions and loss of enjoyment of life and will suffer further pain and suffering and loss of ability to perform usual functions.

62. Plaintiffs Arnold Dixon and Sue Dixon ( hereinafter the "Dixon Family") is and was, at all times pertinent, a resident and owner of certain real property located at 746 Webster St., City of Dayton, County of Montgomery, State of Ohio and has been exposed to "TCE" and other "VOCs" at this location.

63. The Dixon Family home was tested for TCE on November 27, 2007 and revealed sub-slab results of 2,490 ppbv and indoor air results of 12 ppbv. The Ohio Department of Health recommends exposure levels to TCE no greater than 4 ppbv in a sub-slab and 0.4 ppbv in indoor air.

64. As a direct and proximate result of the dangerously high levels of TCE a vapor abatement system was installed in the Dixon Family home.

65. As a direct and proximate result of the Dixon Families exposure to TCE and other VOC's at their residence, Plaintiff Arnold Dixon has suffered from colon cancer and headaches, Plaintiff Sue Dixon has suffered from breathing problems, as well as other illnesses, has suffered

extreme pain and anguish therefrom and due to the severe and permanent nature of the families injures they shall each continue to suffer extreme pain and anguish into the future.

66. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at their residence, the Dixon Family has incurred medical expenses in an amount not yet determined and due to the severe and permanent nature of their injuries they will continue to incur medical expenses into the future in an amount that cannot be determined at this time.

67. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at their residence, the Dixon Family has incurred lost wages and due to the severe and permanent nature of their injuries shall continue to incur lost wages into the future in an amount that cannot be determined.

68. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at their residence, the Dixon Family has suffered great pain and suffering, both physically and emotionally, as well as the loss of ability to perform usual functions and loss of enjoyment of life and will suffer further pain and suffering and loss of ability to perform usual functions.

69. Plaintiff Debbie Ryerse is and was, at all times pertinent, a resident of certain real property located at 615 Hall Ave, City of Dayton, County of Montgomery, State of Ohio and has been exposed to "TCE" and other "VOCs" at this location.

70. The Plaintiff Ryerse residence was tested for TCE on January 14, 2008 and revealed sub-slab results of 3,700 ppbv and indoor air results of 9.9 ppbv. The Ohio Department of Health recommends exposure levels to TCE no greater than 4 ppbv in a sub-slab and 0.4 ppbv in indoor air.

71. As a direct and proximate result of the dangerously high levels of TCE a vapor abatement system was installed in Plaintiff Ryerse's residence.

72. As a direct and proximate result of the Plaintiff Ryerse's exposure to TCE and other VOC's at their residence, Plaintiff Ryerse has suffered from sclera derma, as well as other illnesses, has suffered extreme pain and anguish therefrom and due to the severe and permanent nature of her injures she shall continue to suffer extreme pain and anguish into the future.

73. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at her residence, Plaintiff Ryerse has incurred medical expenses in an amount not yet determined and due to the severe and permanent nature of their injuries she will continue to incur medical expenses into the future in an amount that cannot be determined at this time.

74. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at their residence, Plaintiff Ryerse has incurred lost wages and due to the severe and permanent nature of their injuries shall continue to incur lost wages into the future in an amount that cannot be determined.

75. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at her residence, Plaintiff Ryerse has suffered great pain and suffering, both physically and emotionally, as well as the loss of ability to perform usual functions and loss of enjoyment of life and will suffer further pain and suffering and loss of ability to perform usual functions.

76. Plaintiff Sherry Howard is and was, at all times pertinent, a resident of certain real property located at 746-748 Webster St., City of Dayton, County of Montgomery, State of Ohio and has been exposed to "TCE" and other "VOCs" at this location.

77. The Plaintiff Howard's residence was tested for TCE and revealed expose in excess of those levels recommended to be safe by the Ohio Department of Health.

78. As a direct and proximate result of the dangerously high levels of TCE a vapor abatement system was installed in Plaintiff Howard's residence.



BRANNON & ASSOCIATES • 130 West Second Street Suite 900 • Dayton, Ohio 45402-1590

79. As a direct and proximate result of the Plaintiff Howard's exposure to TCE and other VOC's at her residence, Plaintiff Howard has suffered from migraines and skin infections, as well as other illnesses, has suffered extreme pain and anguish therefrom and due to the severe and permanent nature of her injuries she shall continue to suffer extreme pain and anguish into the future.

80. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at her residence, Plaintiff Howard has incurred medical expenses in an amount not yet determined and due to the severe and permanent nature of their injuries she will continue to incur medical expenses into the future in an amount that cannot be determined at this time.

81. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at her residence, Plaintiff Howard has incurred lost wages and due to the severe and permanent nature of her injuries shall continue to incur lost wages into the future in an amount that cannot be determined.

82. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at her residence, Plaintiff Howard has suffered great pain and suffering, both physically and emotionally, as well as the loss of ability to perform usual functions and loss of enjoyment of life and will suffer further pain and suffering and loss of ability to perform usual functions.

83. Plaintiff Jewell Smith is and was, at all times pertinent, a resident of certain real property located at 627 Hall Ave., City of Dayton, County of Montgomery, State of Ohio and has been exposed to "TCE" and other "VOCs" at this location.

84. The Plaintiff Smith's residence was tested for TCE and revealed expose in excess of those levels recommended to be safe by the Ohio Department of Health.

85. As a direct and proximate result of the dangerously high levels of TCE a vapor abatement system was installed in Plaintiff Smith's residence.

86. As a direct and proximate result of the Plaintiff Smith's exposure to TCE and other VOC's at her residence, Plaintiff Smith has suffered from chronic obstructive pulmonary disease, as well as other illnesses, has suffered extreme pain and anguish therefrom and due to the severe and permanent nature of her injures she shall continue to suffer extreme pain and anguish into the future.

87. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at her residence, Plaintiff Smith has incurred medical expenses in an amount not yet determined and due to the severe and permanent nature of her injuries she will continue to incur medical expenses into the future in an amount that cannot be determined at this time.

88. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at her residence. Plaintiff Smith has incurred lost wages and due to the severe and permanent nature of her injuries shall continue to incur lost wages into the future in an amount that cannot be determined.

89. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at her residence, Plaintiff Smith has suffered great pain and suffering, both physically and emotionally, as well as the loss of ability to perform usual functions and loss of enjoyment of life and will suffer further pain and suffering and loss of ability to perform usual functions.

90. Plaintiffs Marguerit Bocock, Frnak Bocock III, Frank Bocock IV, Litisha Bocock, Latasha Bocock, and Dakota Bocock (hereinafter the "Bocock Family") is and was, at all times pertinent, residents and the owner of certain real property located at 700 Taylor St., City of

Dayton, County of Montgomery, State of Ohio and has been exposed to "TCE" and other "VOC's" at this location.

91. The Bocock Families home was tested for TCE and revealed exposure levels in excess of those recommended to be safe by the Ohio Department of Health.

92. As a direct and proximate result of the dangerously high levels of TCE a vapor abatement system was installed in the Bocock Family home.

93. As a direct and proximate result of his exposure to TCE and other VOC's at his residence, Plaintiff Marguerite Bocock has developed chronic obstructive pulmonary disease. Frank Bocock III has developed kidney problems, Litisha Bocock has developed kidney problems, as well as other illnesses, has suffered extreme pain and anguish therefrom and due to the severe and permanent nature of these injures they shall continue to suffer extreme pain and anguish into the future.

94. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at the Bocock residence, the Bocock Family has incurred medical expenses in an amount not yet determined and due to the severe and permanent nature of the families injuries they will continue to incur medical expenses into the future in an amount that cannot be determined at this time.

95. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at the Bocock residence, the Bocock Family has incurred lost wages and due to the severe and permanent nature of their injuries shall continue to incur lost wages into the future in an amount that cannot be determined.

96. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at the Bocock residence, the Bocock Family has suffered great pain and suffering, both

physically and emotionally, as well as the loss of ability to perform usual functions and loss of enjoyment of life and will suffer further pain and suffering and loss of ability to perform usual functions.

97. Plaintiff Frank Reed is and was, at all times pertinent, a resident and owner of certain real property located at 612 Earl Ave. and 610 Earl Ave., City of Dayton, County of Montgomery, State of Ohio and has been exposed to "TCE" and other "VOCs" at this location.

98. Plaintiff Terry Reed's home was tested for TCE and revealed exposure levels in excess of those recommended to be safe by the Ohio Department of Health.

99. As a direct and proximate result of the dangerously high levels of TCE a vaper abatement system was installed in both of Plaintiff Reed's residences.

100. As a direct and proximate result of his exposure to TCE and other VOC's at his residence, Plaintiff Reed has developed severe headaches and shortness of breath, as well as other illnesses, has suffered extreme pain and anguish therefrom and due to the severe and permanent nature of his injures he shall continue to suffer extreme pain and anguish into the future.

101. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at his residence, Plaintiff Reed has incurred medical expenses in an amount not yet determined and due to the severe and permanent nature of his injuries he will continue to incur medical expenses into the future in an amount that cannot be determined at this time.

102. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at his residence, Plaintiff Reed has incurred lost wages and due to the severe and permanent nature of his injuries shall continue to incur lost wages into the future in an amount that cannot be determined.

103. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at his residence, Plaintiff Reed has suffered great pain and suffering, both physically and emotionally, as well as the loss of ability to perform usual functions and loss of enjoyment of life and will suffer further pain and suffering and loss of ability to perform usual functions.

104. Plaintiffs James Bartlett, Dian Bartlett and Kimberly Kennedy (hereinafter the "Bartlett Family") is and was, at all times pertinent, residents and the owner of certain real property located at 624 Daniel St., City of Dayton, County of Montgomery, State of Ohio and has been exposed to "TCE" and other "VOCs" at this location.

105. The Bartlett Family residence was tested for TCE on December 12, 2006 and revealed sub-slab results of 12,000 ppbv and indoor air results of 8.7 ppbv. The Ohio Department of Health recommends exposure levels to TCE no greater than 4 ppbv in a sub-slab and 0.4 ppbv in indoor air.

106. As a direct and proximate result of the dangerously high levels of TCE a vapor abatement system was installed in the Bartlett Family home.

107. As a direct and proximate result of his exposure to TCE and other VOC's at his residence, Plaintiff Kimberly Kennedy has developed severe headaches, as well as other illnesses, has suffered extreme pain and anguish therefrom and due to the severe and permanent nature of these injures they shall continue to suffer extreme pain and anguish into the future.

108. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at the Bartlett residence, the Bartlett Family has incurred medical expenses in an amount not yet determined and due to the severe and permanent nature of the families injuries they will continue to incur medical expenses into the future in an amount that cannot be determined at this time.

109. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at the Bartlett residence, the Bartlett Family has incurred lost wages and due to the severe and permanent nature of their injuries shall continue to incur lost wages into the future in an amount that cannot be determined.

110. As a direct and proximate result of the aforesaid exposure to TCE and other VOC's at the Bartlett residence, the Bartlett Family has suffered great pain and suffering, both physically and emotionally, as well as the loss of ability to perform usual functions and loss of enjoyment of life and will suffer further pain and suffering and loss of ability to perform usual functions.

**B. Defendants**

111. Defendant, Behr Dayton Thermal Products, LLC (hereinafter "Behr"), at all times relevant to matters pled herein was and is a corporation, business entities and/or individuals licensed and doing business in the State of Ohio, who owns and operates a manufacturing facility and has its principal place of business located at 1600 Webster Street, City of Dayton, County of Montgomery, State of Ohio.

112. Defendant, Chrysler Motors, LLC (hereinafter "Chrysler"), at all times relevant to matters pled herein was and is a corporation, business entities and/or individuals licensed and doing business in the State of Ohio, who owned and operated a manufacturing facility located at 1600 Webster Street, City of Dayton, County of Montgomery, State of Ohio.

113. Defendant, Gem City Chemicals, Inc. (hereinafter "Gem City"), at all times relevant to matters pled herein was and is a corporation, business entities and/or individuals licensed and doing business in the State of Ohio, who owns and operates a manufacturing facility and has its principal place of business located at 1287 Air City Ave., City of Dayton, County of Montgomery, State of Ohio

114. Defendant, DAP, Inc. (hereinafter "DAP"), at all times relevant to matters pled herein was and is a corporation, business entities and/or individuals licensed and doing business in the State of Ohio, who owns and operates a facility and has its principal place of business located at 220 Janney Road., City of Dayton, County of Montgomery, State of Ohio.

115. Defendant, Gayston Corporation (hereinafter "Gayston"), at all times relevant to matters pled herein was and is a corporation, business entities and/or individuals licensed and doing business in the State of Ohio, who owns and operates a facility and has its principal place of business located at 55 Janney Road, City of Dayton, County of Montgomery, State of Ohio.

116. Defendant, Aramark Uniform & Career Apparal, Inc. (hereinafter "Aramark"), at all times relevant to matters pled herein was and is a corporation, business entities and/or individuals licensed and doing business in the State of Ohio, who owns and operates a processing facility and has its principal place of business located at 1200 Webster Street, City of Dayton, County of Montgomery, State of Ohio.

117. Defendant(s) Jane Does and John Does constitute all other parties who are not yet identified as Defendants in this class action complaint or who may be identified as necessary or indispensable parties.

**JURISDICTION AND VENUE**

118. This Court has subject matter jurisdiction as Plaintiffs are all citizens of Montgomery County, Ohio, Defendants operate a facilities and have their principal places of business in Montgomery County, Ohio, and the matter in controversy exceeds the sum of $25,000, exclusive of interest and costs.

119. Pursuant to Ohio Rule of Civil Procedure 3, venue is proper in this Court because this case arises out of actions which occurred within, and pertains to property located in, this judicial district.

120. All parties joined herein are necessary parties needed for a just adjudication of the matters raised in this Complaint, pursuant to Civ. R. 19.

121. Pursuant to Civ. R. 19, Plaintiffs are unaware of the names of any other necessary party (John or Jane Does) to this action and, therefore, are unable to join such parties. Should it be required, Plaintiffs will conduct discovery pursuant to Civ. R. 37(D) in order to ascertain the identity of any such potentially adverse parties and to ascertain any other causes of action to which they may be entitled against the named Defendants.

## GENERAL ALLEGATIONS

**A. Defendant's Contamination of Plaintiff's and Class Properties**

122. Several volatile organic compounds (VOC's) associated with industrial solvents, including trichloroethene ("TCE"), have been spilled and released by the Defendants Behr, Chrysler, Gem City, DAP, Gayston and Aramark at their respective facilities in the City of Dayton, Montgomery County, Ohio.

123. The chemicals spilled and released at the Behr, Chrysler, Gem City, DAP, Gayston and Aramark facilities have contaminated the soil and have migrated off those properties and onto Plaintiffs' and the class members' properties.

124. The Plaintiffs' homes and/or residences have been contaminated as a result of the chemicals spilled and released on the Behr, Chrysler, Gem City, DAP, Gayston and Aramark facilities.

125. The Ohio EPA has declared that conditions caused by Defendants Behr, Chrysler, Gem City, DAP, Gayston and Aramark constitute a substantial threat to public health or safety, or are causing or contributing or threatening to cause or contribute to air or water pollution or soil contamination.

126. Soil and groundwater at, in, on and beneath Plaintiffs' properties, and the properties of class members, has been contaminated by TCE and other VOC's. These hazardous substances released from Defendants' properties have migrated, and continue to migrate, in liquid and vapor form, toward and into the homes owned and inhabited by Plaintiffs, contaminating, infiltrating and threatening the soil, groundwater, domestic water supply and air.

127. Further, it appears Plaintiffs have been exposed for several years to dangerous levels of these chemicals through ingestion, dermal exposure, and inhalation. Defendants have known for many years of the threats to Plaintiffs and have intentionally and knowingly failed to notify Plaintiffs of these threats, or to perform adequate investigation and/or remediation concerning such threats.

128. No later than the early 1990's, Behr, Chrysler, Gem City, DAP, Gayston and Aramark were aware of massive amounts of TCE and other VOC's in the soil and/or groundwater underneath their facilities. This contamination was confirmed by subsequent testing.

129. During these times, Behr, Chrysler, Gem City, DAP, Gayston and Aramark knew that their respective facilities and operations were likely contributing to the contamination of the soil, groundwater and homes of the Plaintiffs and class members. However, neither of the Defendants notified the Plaintiffs or the class members of these facts.

130. The releases and spills of hazardous substances from the Defendants facilities and the subsequent migration of such substances to the properties of Plaintiffs were a result of Defendants' acts or omissions during their ownership and operations, and occurred on a regular and frequent basis. On information and belief, Defendants' negligent acts and omissions causing the contamination include, but are not limited to, improper handling, storage, use, disposal,



BRANNON & ASSOCIATES • 130 West Second Street Suite 900 • Dayton, Ohio 45402-1500

investigation and cleanup of the hazardous substances and improper maintenance and operation of equipment using TCE and other hazardous substances. Further, Defendants failed to notify and warn Plaintiffs and the class herein of the presence of the contamination, notwithstanding that Defendants knew or should have known of the risks and dangers such contamination posed to Plaintiffs and the class.

131. On information and belief, the releases and spills of hazardous substances from the Behr, Chrysler, Gem City, DAP, Gayston and Aramark facilities, and the subsequent migration of such substances which occurred in substantial part after Defendants became aware of the contamination, were a result of Defendants' willful and wanton conduct during at least part of their ownership and operations. On information and belief, Defendants' willful and wanton conduct includes, but is not limited to, failing to properly investigate and remediate the contamination on their properties, and failing, for nearly a decade, to notify Plaintiffs of the groundwater contamination emanating from the Behr, Chrysler, Gem City, DAP, Gayston and Aramark facilities, notwithstanding that Defendants knew or should have known of the risks and dangers such contamination posed to Plaintiffs and the class

132. Plaintiffs and class members first became aware of their exposure to TCE and other VOC's through independent testing performed by the Ohio Environmental Protection Agency in late 2007 and early 2008. This testing found that TCE and other VOC's were migrating into occupied structures in the area known as the McCook Field Neighborhood from the Defendants facilities

133. Upon information and belief over 200 homes in the McCook Field Neighborhood have been tested for TCE contamination by the Ohio EPA and contained exposure levels in excess of those recommended to be safe by the Ohio Department of Health.



BRANNON • 130 West Second Street Suite 900 • Dayton, Ohio 45402-1590

134. The Plaintiffs and class members are comprised of those persons who own and reside in homes in the McCook Field Neighborhood who have been exposed to TCE and other VOC's in excess of those recommended to be safe by the Ohio Department of Health.

135. As a result of the testing performed by the Ohio EPA, vapor abatement systems were installed in approximately 200 homes owned by the Plaintiffs and class members.

136. The vapor abatement systems installed in the Plaintiff's and class members homes is considered a short-term and temporary solution to reduce exposure to TCE.

137. Despite the installation of the vapor abatement systems in the homes, the Plaintiff's and class members continue to be exposed to TCE and other VOCs.

**B. The Hazardous Nature of TCE and other VOCs Spilled and Released by the Defendants**

138. TCE is a hazardous and/or toxic substance.

139. There is a probable link between exposure to TCE and subclinical or subcellular injury and/or serious latent human disease.

140. TCE and the other volatile organic compounds released by Defendants are hazardous substances, which have been linked to a variety of human illnesses, including cancer, and are severely destructive to the environment, including vegetation and wildlife. TCE and other VOC exposure can cause, among other things, cancer, liver and kidney damage, impaired heart function, impaired breathing, impaired fetal development in pregnant women, convulsions, coma and death.

141. According to the Ohio EPA, the release of these chemicals by Defendants presents an imminent and substantial endangerment to the health of Plaintiffs and the class and the environment, and has significantly and permanently damaged and diminished the value of the properties of Plaintiffs and the class.



BRANNON & ASSOCIATES • 130 West Second Street, Suite 900 • Dayton, Ohio 45402-1390

142. Each person who has resided in a home with TCE levels above those recommended to be safe by the Ohio EPA for at least one year has and/or will have a significantly increased risk for contracting one or more serious latent diseases.

143. The increased risk of serious latent disease from TCE and or other VOC exposure makes it reasonably necessary for each person so exposed to undergo periodic diagnostic medical examinations different from what would be prescribed in the absence of such exposure.

144. Monitoring procedures exist that make possible the early detection of the latent diseases referred to above.

**C. The Harm to Plaintiffs and Class Resulting from the Contamination and TCE Exposure**

145. Upon information and belief, Defendants have known and/or suspected for many years that releases of TCE and VOC's from their respective facilities have contaminated (and continue to contaminate) the homes of the Plaintiffs and the other class members.

146. In spite of this knowledge, which is far superior to that of Plaintiffs and the other class members, Defendants negligently, carelessly, wrongfully, recklessly and or intentionally have failed to advise and/or warn citizens living and/or working in the area surrounding the area known as the McCook Field Neighborhood about the presence of TCE in their homes and failed to fully and accurately disclose the true toxicity risks and bioaccumulation risks associated with TCE and the other VOCs.

147. Defendants negligently, carelessly, wrongfully recklessly and/or intentionally have failed to take appropriate steps to try to reduce the levels of TCE and other VOCs in the homes of Plaintiffs and the other class members.

148. The contamination resulting from the releases has not been fully defined by the Defendants, but continues to injure, damage and threaten the Plaintiffs and the class.

Notwithstanding Defendants' knowledge of these releases, and the threats posed, the Defendants not only failed to timely apprise those affected concerning the releases, but also have refused to fully address the releases so as to mitigate the threats posed.

149. As a result of the multiple and ongoing releases and the Defendants' disregard for the threats posed to Plaintiffs and the class, the Plaintiffs and the class have been and continue to be injured.

150. As a result of the contamination, the value of the properties of Plaintiffs and the class have been substantially decreased, if not destroyed. In their polluted state, the properties of Plaintiffs and the class, at a minimum, are less marketable than they would be without the contamination.

151. As a result of the presence of contamination on their properties and in their homes, Plaintiffs and the class have suffered inconvenience, annoyance and discomfort, and have been deprived of the full use and enjoyment of their properties.

152. Plaintiffs and the class have suffered and will continue to suffer irreparable injury as a result of Defendants' negligent and reckless acts and failure to remediate the contamination resulting from such acts and omissions.

153. Plaintiffs' and the class' remedies at law are inadequate. The property values of Plaintiffs and the class cannot be restored and their health will continue to be threatened, without full investigation and remediation of the contamination. The cost of such investigation and remediation will be substantial, but cannot be determined with certainty until the problem is fully investigated. If the contamination is not cleaned up, it will continue to spread, further threatening the health of Plaintiffs and the class, further impacting private and municipal wells, and preventing full use and enjoyment by the Plaintiffs and the class of their properties.

154. A balancing of the equities favors Plaintiffs and the class over Defendants, and Plaintiffs and the class are reasonably likely to prevail at trial. Plaintiffs and the class lack the resources to undertake the required investigation and cleanup. Defendants have the resources, and obligation, to perform the cleanup.

155. The release of TCE and other VOCs from Defendants facilities have possibly and/or have made and/or continue to make Plaintiffs and the other class members physically ill and/or otherwise physically harmed and/or have caused and continue to cause emotional and mental stress, anxiety and fear of current and future illnesses, including but not limited to, fear of significantly increased risk of cancer and other disease, among Plaintiffs and the other class members.

156. The aforementioned breach of duties by the Defendants, jointly and/or severally, resulted in the injuries and damages to the Plaintiffs and class members as plead herein.

**D. Class Allegations**

157. Plaintiffs bring each of the claims in this action in their own names and on behalf of a class of all persons similarly situated ("the Class"), pursuant to Rule 23 of the Ohio Rules of Civil Procedure.

158. The Class consists of all persons or entities that satisfy the following criteria:

> (a) All persons in the area of contamination overlying the commingled groundwater plume caused by the Defendants chemical releases who have resided in a residential structure for over one year that has tested positive for TCE and other VOC's in excess of levels recommended to be safe by the Ohio Department of Health.
>
> (b) All persons or entities who own residential property in the area of contamination overlying the commingled groundwater plume caused by the Defendants chemical releases that have tested positive for TCE and other VOC's in excess of levels recommended to be safe by the Ohio Department of Health.

159. Because each of the named Plaintiffs have owned residential property and or



BRANNON & ASSOCIATES • 130 West Second Street Suite 900 • Dayton, Ohio 45402-1590

resided in the area of contamination overlying the commingled groundwater plume caused by the Defendants chemical releases, the named Plaintiffs claims against Defendants that are typical of the claims of the class members, and the named Plaintiffs will fairly and adequately protect the interests of the class with respect to the appropriate common issues of fact and law.

160. The Class is so numerous that joinder of all members is impractical. The number of properties in the affected area, which have been or may in the future be damaged by hazardous substances released at or from the Defendants facilities exceeds 200; therefore, the number of class members also expected to exceed 1,000.

161. The named Plaintiffs have hired counsel who are competent to prosecute this action for and on behalf of the Plaintiffs and the class.

162. The prosecution of this civil action by all Plaintiffs in separate actions: (a) would create a risk of inconsistent or varying adjudications with respect to individual members of the class; (b) could, as a practical matter, be dispositive of interests of other members of the class who were not parties to the separate actions; and (c) may substantially impair or impede the Plaintiffs' ability to protect their interests.

163. Defendants have acted or refused to act on grounds generally applicable to the class making declaratory, injunctive and equitable relief appropriate for the whole class.

164. There are questions of law and fact common to the members of the class that predominate over any questions affecting only individual class members, including, but not limited to the following:

a. Whether the Plaintiffs and other class members are entitled to medical monitoring relief.

b. Whether Defendants are liable to the Plaintiffs and the class for damages proximately caused by a continuing trespass of their bodies and property.

c. Whether the chemicals spilled by the Defendants have migrated onto the Plaintiffs and class members properties.

d. Whether Defendants actions constitute a private and or public nuisance.

e. Whether Defendants are liable to the Plaintiffs and the class members for damages proximately caused by Defendants negligence.

f. What extent of remediation is required.

g. Whether Defendants knew of the risks that their contamination posed to Plaintiffs and the class, yet concealed same.

h. Whether Defendants committed a battery on Plaintiffs and the class and is thereby liable for compensatory relief.

165. Plaintiffs' claims are typical of the claims of the Class. All are based upon the same factual and legal theories. Defendants have engaged in a common course of conduct, which resulted in contamination of the properties.

166. Prosecution of a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

167. Any difficulties in management of this case as a class action are outweighed by the benefits of a class with respect to disposing of common issues of law and fact as to the large number of litigants, and is desirable to concentrate the litigation in forum for the management of this civil action.

168. Certification of a class under Civil Rule 23(b)(3) is here warranted, given that the questions of fact and law identified above predominate over any individual issues, and class treatment is a superior method of adjudicating the matters at issue. See, Sterling v. Velsicol Chemical Corp., 855 F.2d 1188 (6th Cir. 1988).

169. A nearly identical class was certified in the case of *Bentley v. Honeywell International, Inc.*, 223 F.R.D. 471 (S.D. Ohio 2004) where residents were exposed to TCE

released from multiple manufacturing facilities in Urbana, Ohio to form a commingled groundwater plume.

**COUNT I**

**NEGLIGENCE**

170. Plaintiffs, individually and on behalf of the Class defined herein, repeat, reallege and incorporate by reference paragraphs one (1) through one hundred sixty nine (169) above as paragraph one hundred seventy (170) of this Count I, as though fully set forth herein.

171. In connection with the operation of their respective facilities, Defendants have had and continue to have a duty to operate and manage its wastes in such a way as to not create a nuisance or condition causing any injury or damage to human health or the environment.

172. Defendants had a duty to Plaintiffs and the Class not to permit or allow hazardous substances at the Behr, Chrysler, Gem City, DAP, Gayston and Aramark facilities to invade adjacent properties.

173. Defendants also had a duty to promptly respond to any releases of contaminants in a manner which would prevent further migration of the contaminants, and to notify and warn Plaintiffs and the Class of and about the contamination.

174. Defendant's have breached these duties by their negligent acts and omissions which proximately caused and continue to proximately cause damage to Plaintiffs and other class members in the form of bodily injury and property damage, in addition to creating conditions that are harmful to human health and the environment, for which Defendants are liable.

175. Defendants have breached these duties by their negligent acts and omissions in operating and maintaining their facilities, by their failure to promptly and effectively address such contamination to prevent further migration of the contaminants, and by their failure to notify and warn Plaintiffs and the Class of and about the contamination.

176. As a proximate result of the aforesaid acts and omissions, Defendants and those acting for and on its behalf and as agents, ostensible agents, employees, conspirators and joint venturers of others, contaminated the environment and Plaintiffs properties with TCE and one or more VOC's, which were consumed by Plaintiffs and the class which Plaintiffs seek to represent, and Plaintiffs and the other class members were injured as herein alleged.

177. Defendants' breach of their duties to Plaintiffs and the Class have caused substantial injury and damage to Plaintiffs and the Class, as set forth above.

**COUNT II**

**NUISANCE**

178. Plaintiffs, individually and on behalf of the Class defined herein, repeat, reallege and incorporate by reference paragraphs one (1) through one hundred seventy seven (177) above as paragraph one hundred seventy eight (178) of this Count II, as though fully set forth herein.

179. The contamination of the soils and groundwater at, in, on or beneath the Behr, Chrysler, Gem City, DAP, Gayston and Aramark facilities and residential properties adjacent to and in the area of said properties occurred and persists because Defendants negligently maintained and operated their facilities, and because Defendants acted negligently and recklessly in failing to address the contamination.

180. Defendants' contamination of the soils and groundwater and their failure to address such contamination constituted an unreasonable, unwarranted and unlawful use of their respective facilities and have substantially interfered with Plaintiffs' and the Class members' reasonable use, development and enjoyment of their properties.

181. Defendants acts and omissions with respect to the releases of one or more VOC's caused and/or continue to cause a material, substantial, and/or unreasonable interference with Plaintiffs' and other class members' use and/or enjoyment of their properties, and has materially

diminished and/or continues to diminish the value of such properties.

182. Defendants material, substantial, and/or unreasonable interference with the use and/or enjoyment of Plaintiffs; and the other class members' properties and/or continuing substantial and/or unreasonable interference with such use and/or enjoyment constitutes a continuing private nuisance.

183. Defendants creating and/or continuing creation of a continuing private nuisance proximately caused and/or continues to proximately cause damage to Plaintiffs and the other class members in the form of bodily injury, emotional distress, and/or property damage all of a type special and common to members of the class but not common to the general public.

184. As alleged above, Plaintiffs and the Class members have incurred substantial damage as a result of Defendants' creation and maintenance of such contamination constituting a private nuisance.

**COUNT III**

**PAST AND CONTINUING TRESPASS**

185. Plaintiffs, individually and on behalf of the Class defined herein, repeat, reallege and incorporate by reference paragraphs one (1) through one hundred eighty four (184) above as paragraph one hundred eighty five (185) of this Count III, as though fully set forth herein.

186. Defendants acts and/or omissions have resulted and/or continue to result in the unlawful release and/or threatened release of one or more VOC's, including but not limited to TCE, under, onto, and/or into Plaintiffs' and the other class members' bodies and/or lawfully possessed properties.

187. The VOC's, including TCE, present on the Plaintiffs' and the other class members' properties and/or originating from the Defendants facilities, were at all relevant times hereto, and continue to be the property of Defendants.

188. The invasion or presence of the VOC's, including TCE, at, under, onto and/or into Plaintiffs' and other class members' properties and/or bodies were and continue to be without the permission or authority from Plaintiffs or any of the other class members or anyone who could grant such permission or authority.

189. The presence and continuing presence of one or more VOC's, including TCE, in Plaintiffs' and the other class members' properties and/or bodies constitutes a continuing trespass.

190. As a result of Defendants' wrongful trespass, the lawful rights of Plaintiffs' and the Class to use and enjoy their property have been substantially interfered with, and Plaintiffs and the Class have been damaged.

191. Defendants past and continuing trespass upon the Plaintiffs' and the other class members' properties and/or bodies has proximately caused and/or continues to proximately cause damage to Plaintiffs and other class members for which Defendants are liable.

**COUNT IV**

**PAST AND CONTINUING BATTERY**

192. Plaintiffs, individually and on behalf of the Class defined herein, repeat, reallege and incorporate by reference paragraphs one (1) through one hundred ninety one (191) above as paragraph one hundred ninety two (192) of this Count IV, as though fully set forth herein.

193. Defendants acts and/or omissions have resulted and continue to result in the unlawful invasion, contact, and/or presence of TCE with, onto, and/or into Plaintiffs' and the other class members' bodies.

194. Defendants acts and/or omissions were done with knowledge and/or belief that the invasion, contact, and/or presence of TCE with, onto, and/or into Plaintiffs' and/or other class members' bodies were substantially certain to result from those acts and/or omissions.



BRANNON & ASSOCIATES • 130 West Second Street Suite 900 • Dayton, Ohio 45402-1590

195. The TCE that Plaintiffs and other class members have ingested or otherwise been exposed to, or that are present in the bodies of Plaintiffs and the other class members, originating from the Defendants facilities were at all relevant times hereto, and continue to be, the property of Defendants.

196. The invasion, contact and/or presence of TCE with, onto, and/or into Plaintiffs' and the other class members bodies were and continue to be without permission or authority from Plaintiffs or any of the other class members or anyone who could grant such permission or authority.

197. The presence and continuing invasion, contact, and/or presence of TCE with, onto, and/or into Plaintiffs' and the other class members bodies constitute a continuing battery.

198. Defendants past and continuing batter upon Plaintiffs' and the other class members' bodies proximately caused and continue to proximately cause damage to Plaintiffs and the other class members, for which Defendants are liable.

## COUNT V

## MEDICAL MONITORING

199. Plaintiffs, individually and on behalf of the Class defined herein, repeat, reallege and incorporate by reference paragraphs one (1) through one hundred ninety eight (198) above as paragraph one hundred ninety nine (199) of this Count V, as though fully set forth herein.

200. Each person who has resided in residential property, for at least one year, in the area of contamination overlying the commingled groundwater plume, has been or will be, relative to the general population, significantly exposed to TCE.

201. TCE is a proven hazardous substance.

202. There is a probable link between exposure to TCE and human disease/illness.

203. Each person who has been or will be significantly exposed to TCE through

residing in the area of contamination overlying the commingled groundwater plume, for at least one year, has or will have a significantly increased risk of contracting one or more serious latent diseases relative to what would be the case in the absence of such exposure.

204. The increased risk of serious latent disease described above makes it reasonably necessary for each person so exposed to undergo periodic diagnostic medical examinations different from what would be prescribed in the absence of such exposure.

205. Monitoring procedures exist that make possible the early detection of the diseases referenced above.

206. As a proximate result of the acts and/or omissions of Defendants as alleged in this Complaint, Plaintiffs and the class have been and will be greatly annoyed and inconvenienced, have suffered and will suffer fear, humiliation, embarrassment, medical bills and have been and will be otherwise damaged as alleged in this Complaint.

207. Plaintiffs and the class have no adequate remedy at law and, therefore, medical monitoring and the establishment of a medical monitoring fund are reasonably necessary to pay for medical monitoring.

**COUNT VI**

**PUNITIVE DAMAGES**

208. Plaintiffs, individually and on behalf of the Class defined herein, repeat, reallege and incorporate by reference paragraphs one through two hundred seven (207) above as paragraph two hundred eight (208) of this Count VIII, as though fully set forth herein.

209. At all times pertinent hereto, the conduct of Defendants in causing, permitting, and allowing the release of TCE and other VOC's into the environment, thereby contaminating the Plaintiffs and the other class members was more than simple negligence, momentary thoughtlessness, inadvertence, or error of judgment on the part of Defendants. Instead,


BRANNON & ASSOCIATES • 130 West Second Street Suite 900 • Dayton Ohio 45402-1500

Defendants conduct constitutes such an entire want of care and conscious indifference to the rights, welfare, safety and health of Plaintiffs and the other class members such that Defendants acts constitute gross negligence.

210. Defendants grossly negligent acts and omissions proximately caused and continue to proximately cause damage to Plaintiffs and other class members in the form of bodily injury and property damage, in addition to creating conditions that are harmful to human health and the environment.

211. Defendants conduct involved deliberate acts and/or omissions with knowledge of a high degree of probability of harm to the plaintiffs and other class members and a reckless indifference to their welfare.

212. Defendants conduct demonstrated a willful, wanton, malicious and reckless disregard of the rights of the Plaintiffs and other class members so as to warrant the imposition of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and in favor of the Class and against Defendants, and pray:

A. That the Court certify Plaintiffs' action as a Class action on behalf of all others similarly situated, appoint Plaintiffs' counsel as counsel for the Class, and order that Notice be given to the Class of this action;

B. That the Court award judgment against Defendants in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) in compensatory damages;

C. That the Court award judgment against Defendants in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) in punitive damages;

D. That the Court preliminarily and permanently restrain and enjoin Defendants from continuing to permit the continued presence of contamination at, in, on, beneath, or adjacent to their properties which may present an imminent and substantial endangerment to health or the environment and require that Defendants immediately investigate and remedy such contamination;

E. That the Court immediately order Defendants to provide a permanent, safe housing to the Plaintiffs and the Class;

F. That the Court preliminarily and permanently enjoin Defendants from further spillage or release of hazardous solvents on their properties;

G. That the Court order expedited discovery to determine the nature, extent and full scope of the contamination;

H. That the Court disgorge Defendants of the profits and benefits Defendants have enjoyed from their failure to determine the full extent of contamination on all property that it does not owned and restoring any such contaminated property to its pre-contaminated condition;

I. That the Court award Plaintiffs and the Class punitive damages in an amount sufficient to deter Defendants and other companies and/or individuals who are similarly situated from acting in a similar manner;

J. That the Court award Plaintiffs and the other class members appropriate medical monitoring relief in an amount to be determined at trial;

K. That the Court award attorney's fees to Plaintiffs and the Class, and;

L. That the Court award Plaintiffs and the Class their costs of suit and such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dwight D. Brannon (0021657)
Douglas D. Brannon (0076603)
BRANNON & ASSOCIATES
130 West Second Street, Suite 900
Dayton, Ohio 45402
Telephone: (937) 228-2306
Facsimile: (937) 228-8475
E-Mail: dougbrannon@branlaw.com
Attorneys for Plaintiffs and Class Members

**JURY DEMAND**

Plaintiffs and class members respectfully demand a trial by jury on all relevant claims presented herein.

Dwight D. Brannon