IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRY MARTIN, *et al.*,

Plaintiffs,

vs.

BEHR DAYTON THERMAL PRODUCTS LLC, *et al.*,

Defendants

Case No. 3:08-cv-326

JUDGE WALTER HERBERT RICE

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART CHRYSLER LLC AND BEHR DAYTON THERMAL PRODUCTS LLC'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT OR IN THE ALTERNATIVE TO STAY (DOC. #52); ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #70); OVERRULING DEFENDANT BEHR DAYTON THERMAL PRODUCTS, LLC'S OBJECTIONS TO REPORT AND RECOMMENDATIONS (DOC. #76)

The Plaintiffs[1] are residents and property owners in the McCook Field Neighborhood in Dayton, Ohio. They live near industrial facilities allegedly owned,

[1]The named Plaintiffs are Terry Martin, Della Grooms, Linda Russel, Lester Brunk, Chris Porter, Alan Parker, Rose Parker, Scott Parker, Clyde Baxter, Annette Baxter, William Baxter, Stephanie Baxter, Jessica Baxter, Mary Fugate (individually, and as parent and legal guardian of Ashley Perkins), Mark Wolf (individually, and as parent and legal guardian of Anthony Wolf and Megan Wolf), Charles Rasmussen, Becky Rasmussen, Richard Rasmussen, Robert Waselewski, Amy Waselewski (individually, and as parent and legal guardian of Shyann Waselewski), Arnold Dixon, Sue Dixon, Debbie Ryerse, Sherry Howard, Jewell Smith, Marguerite Bocock, Frank Bocock, III (individually, and as parent and legal guardian of Frank Bocock, IV, Litisha Bocock, Latasha Bocock and Dakota Bocock), Frank Reed, James Bartlett, Dian Bartlett, and Kimberly Kennedy. Doc. #51 (First Am. Class Action Compl.).

operated, or formerly operated by the following named Defendants: Chrysler, LLC ("Chrysler"); Behr Dayton Thermal Products, LLC ("Behr Dayton"), Gem City Chemicals, Inc., DAP Products, Inc., Gayston Corporation, and Aramark Uniform & Career Apparel, LLC. First Am. Class Action Compl., Doc. #51.

Plaintiffs allege that for decades, these Defendants have dumped, poured, and spilled toxic chemicals, including trichloroethylene ("TCE") and other volatile organic compounds ("VOCs"), into the environment and have done nothing to clean it up. Plaintiffs further allege that these chemicals have contaminated the groundwater and soil near Plaintiffs' homes, causing a wide variety of serious health problems.

Plaintiffs bring suit against Defendants for bodily injury, emotional distress, and property damage. They bring this litigation under Ohio law,[2] seeking certification of a class of Plaintiffs and alleging the following state law claims: negligence (Count I); nuisance (Count II); past and continuing trespass (Count III); past and continuing battery (Count IV); medical monitoring (Count V); and punitive damages (Count VI). In their prayer for relief, Plaintiffs ask to be certified as a class, and ask that judgment be entered against Defendants, jointly and severally,

---

[2]The Magistrate Judge noted that the Amended Complaint does not raise any federal claims, but that jurisdiction seems to be vested in this Court under the provisions of 28 U.S.C. § 1332(d)(2). Doc. #70 at 3 n.2. That Code Section provides that a district court has original jurisdiction of any civil action in which the matter in controversy exceeds the sum of $ 5,000,000, and (among other alternatives) is a class action in which any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A).

in an amount in excess of $5 million in compensatory damages, and $5 million in punitive damages. Plaintiffs also request injunctive relief, attorney's fees and costs.

Presently before the Court is Chrysler and Behr Dayton's Motion to Dismiss Plaintiffs' First Amended Complaint or In the Alternative Motion to Stay (Doc. #52), as well as the Magistrate Judge's Report and Recommendations (Doc. #70), Defendant Behr Dayton's objections thereto (Doc. #76), and Plaintiffs' response in opposition to those objections (Doc. #78).[3]

In their Motion to Dismiss or Stay, Defendants argue that: (1) the Amended Complaint must be dismissed or stayed under the doctrine of primary jurisdiction (with regard to the ongoing investigation and remediation/mitigation by the United States Environmental Protection Agency ("EPA") and the Ohio Environmental Protection Agency); (2) Plaintiffs' claim of battery (Count IV) must be dismissed, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted; and (3) Plaintiffs' claims of medical monitoring and punitive damages (Count V and VI) must be dismissed because these are not independently cognizable claims under Ohio law. Doc. #52.

In her Report and Recommendations, the Magistrate Judge recommended that the Court overrule Defendants' motion with respect to the doctrine of primary

---

[3] Defendants' previously-filed Motion to Dismiss or in the Alternative to Stay (Doc. #17) was rendered moot by the filing of the First Amended Complaint.

jurisdiction and the dismissal of the battery claim. However, she recommended that the Court sustain Defendants' motion with respect to Counts V and VI, and dismiss those counts without prejudice to Plaintiffs' ability to seek medical monitoring and/or punitive damages as remedies. Doc. #70. Defendant Behr Dayton objects only to the Magistrate Judge's Report and Recommendations concerning the doctrine of primary jurisdiction. Doc. #76.

I. Standard of Review

Defendants' Motion to Dismiss or Stay is a dispositive motion. Therefore, pursuant to 28 U.S.C. § 636(b)(1), this Court must conduct a *de novo* review of those portions of the Magistrate Judge's Report and Recommendations to which an objection is made.

II. Doctrine of Primary Jurisdiction

According to EPA public records,[4] the EPA has begun an administrative investigation regarding the facilities in the McCook Field area. *EPA's HRS Documentation Record for Behr Dayton Thermal System VOC Plume*, at http://www.epa.gov/ superfund/sites/docrec/pdoc1786.pdf at 10-14. On

---

[4]Both parties, as well as the Magistrate Judge, rely on certain public records, in arguing and analyzing the present Motion. The Court agrees that consideration of the same is appropriate in ruling on a Motion to Dismiss, under Rule 12(b)(6). Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir. 2001) ("In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.") (quoting Nieman v. NLO, Inc., 108 F.3d 1546, 1554 (6th Cir. 1997)).

December 19, 2006, Chrysler and the EPA entered into an Administrative Order by Consent ("AOC") to conduct vapor intrusion investigation and mitigation. In accordance with the AOC, Chrysler took steps to remediate and mitigate the contamination through vapor abatement systems and soil vapor extraction systems. The EPA has also sought to list the area subject to this process on the National Priorities List, for further investigation and remedial action. Given the involvement by the EPA and Ohio EPA at the site in question, Defendants argue that Plaintiffs' Amended Complaint should be dismissed or that the litigation should be stayed under the doctrine of primary jurisdiction.

In applying the doctrine of primary jurisdiction, "federal courts . . . abstain from hearing certain administrative-related matters until the appropriate agency has had the opportunity to interpret unanswered technical and factual issues." Fieger v. U.S. Atty. Gen., 542 F.3d 1111, 1121 (6th Cir. 2008). The doctrine "arises when a claim is properly cognizable in court but contains some issue within the special competence of an administrative agency." United States v. Any & All Radio Station Trans. Equip., 204 F.3d 658, 664 (6th Cir. 2000) (quoting United States v. Haun, 124 F.3d 745, 749 (6th Cir. 1997)). Primary jurisdiction is limited, however, to "cases where protection of the integrity of a regulatory scheme dictates preliminary resort to the agency which administers the scheme." Fieger, 542 F.3d at 1121 (quoting United States v. Philadelphia Nat'l Bank, 374 U.S. 321, 353 (1963)).

> When the doctrine applies, court proceedings are stayed so that the agency may bring its special competence to bear on the issue. Unfortunately, "no fixed formula exists for applying the doctrine[.]" Rather, "in every case the question is whether the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application in the particular litigation."

Any & All Radio Station, 204 F.3d at 664 (quoting United States v. Western Pacific R. Co., 352 U.S. 59, 64 (1956)).

In the present case, the Magistrate Judge recommended that Defendants' request for dismissal or stay, pursuant to the primary jurisdiction doctrine, be overruled. While the Magistrate Judge opined that the EPA undoubtedly has expertise and experience in at least some of the technical and factual issues in this case, she concluded that Defendants had not provided sufficient information about the EPA's investigation and remediation efforts to warrant a dismissal or stay, at this early (pre-summary judgment) stage of the litigation. Doc. #70, at 9-10.

Defendant Behr Dayton objects to the Magistrate Judge's recommendation on this issue. Doc. #76. The objections are as follows: (1) the facts indicate that the EPA is involved in investigating and remediating the contaminated site and, thus, it is clear that the case involves technical or policy considerations within the EPA's expertise and, therefore, there is a possibility of inconsistent rulings if this Court becomes involved; (2) the Magistrate Judge places undue importance on the "present posture" of this case, given that the Court may ultimately be asked to determine an appropriate investigatory and remediation plan, thereby conflicting with the EPA's area of expertise; (3) the Magistrate Judge did not properly

distinguish between the Plaintiffs' claims for monetary and injunctive relief, and courts have found that staying requests for injunctive relief, in cases such as the present, is appropriate; and (4) the requests for monetary damages should also be stayed, in that it is too early to predict the future impact of the alleged contamination on health and property values.

The Court concurs with the Magistrate Judge's recommendation that this litigation not be dismissed or stayed under the primary jurisdiction doctrine. Initially, the Court notes that courts generally stay litigation, pending an agency's resolution of a matter, rather than dismissing it. Schwartzman, Inc. v. Atchison, T. & S.F. Ry., 857 F. Supp. 838, 844 (D.N.M. 1994) ("Defendant is requesting the Court to dismiss Plaintiff's injunctive relief claims pursuant to the doctrine of primary jurisdiction. However, the preferred approach is that 'jurisdiction should be retained by a stay of proceedings, not relinquished by a dismissal' . . . .") (quoting Northern Cal. Dist. Council of Hod Carriers, AFL-CIO v. Opinski, 673 F.2d 1074, 1076 (9th Cir. 1982)); Leib v. Rex Energy Operating Corp., No. 06-cv-802, 2008 WL 5366692, at *14 (S.D. Ill. Dec. 19, 2008) ("When a court chooses to exercise primary jurisdiction, it does not dismiss the litigation but stays it pending the results of the agency's resolution of the issue, and the action resumes after the agency's decision if that decision has not resolved the entire controversy") (citing Baker v. IBP, Inc., 357 F.3d 685, 688 (7th Cir. 2004)). Thus, if the Defendants' request had been well taken, the Court would have stayed the instant litigation,

rather than dismissing it.

However, as previously indicated, Defendants' request is not well taken. Turning first to Plaintiffs' request for monetary damages, such is the province of the courts, rather than the EPA, and thus, staying the litigation under the primary jurisdiction doctrine is inappropriate. Stoll v. Kraft Foods Global, Inc., No. 1:09-cv-364, 2010 WL 3702359, at *9 (S.D. Ind. Sept. 6, 2010) ("[T]he primary jurisdiction doctrine cannot be used to dismiss or stay claims seeking recovery of monetary damages") (citing Feikema v. Texaco, Inc., 16 F.3d 1408, 1417-18 (4th Cir. 1994)); Peters v. Astrazeneca, LP, 417 F. Supp.2d 1051, 1058 (W.D. Wis. 2006) (concluding that courts may refuse to stay proceedings, under the primary jurisdiction doctrine, when plaintiffs are seeking damages for injury to person or property, "as this is the type of relief courts routinely evaluate") (citing Ryan v. Chemlawn Corp., 935 F.2d 129, 131 (7th Cir. 1991)).

With respect to Plaintiffs' requests for injunctive relief, the Court once again concurs with the Magistrate Judge. While remediation and mitigation of Superfund sites are certainly within the expertise of the EPA, courts typically resolve questions of primary jurisdiction regarding such claims, at the summary judgment stage of litigation, rather than at the motion to dismiss stage. See, e.g., B.H. v. Gold Fields Mining Corp., 506 F. Supp.2d 792 (N.D. Okla. 2007); Schwartzman, 857 F. Supp. 838 (D.N.M. 1994). Such an approach is especially warranted in the present case, given that there is currently no information in either the Amended

Complaint or the public records identified by the parties that in any way ties Defendant Behr Dayton (as opposed to Defendant Chrysler) to the EPA's remediation activities at the site. For example, the EPA's *HRS Documentation Record for Behr Dayton Thermal System VOC Plume* indicates that Chrysler (not Behr) and the EPA entered into an AOC to conduct vapor intrusion investigation and mitigation, but does not indicate that Behr Dayton is in any way involved in those actions. http://www.epa.gov/superfund/sites/docrec/pdoc1786.pdf at 10-14. Further, there is no indication as to whether Chrysler is still involved in the remediation and mitigation efforts.

Defendants are not foreclosed from requesting a stay of proceedings, as to Plaintiffs' request for injunctive relief, should they ultimately set forth sufficient facts to indicate that protection of the integrity of the regulatory scheme in question dictates preliminary resort to the EPA. See Fieger, 542 F.3d at 1121. Such a request is premature, at this juncture, however.

For these reasons, the Court OVERRULES Defendant Behr's objections with respect to the doctrine of primary jurisdiction. That doctrine provides no basis, at this point in the litigation, for dismissing or staying Plaintiffs' claims.

III. Counts IV, V, and VI

With regard to the remaining claims, no one has objected to the Magistrate Judge's recommendations as to Count IV (battery), Count V (medical monitoring) or Count VI (punitive damages).

Finding the Magistrate Judge's conclusions on those claims to be legally sound, the Court OVERRULES Defendants' Motion to Dismiss Count IV for the reasons set forth by the Magistrate Judge in her Report and Recommendations. The Court, however, SUSTAINS Defendants' Motion to Dismiss with respect to Counts V and VI (medical monitoring and punitive damages) and DISMISSES those claims without prejudice to Plaintiffs' ability to seek medical monitoring and/or punitive damages as remedies.

IV. Conclusion

For the reasons set forth above, the Court OVERRULES Defendant Behr's Objections to the Magistrate Judge's Report and Recommendations. Doc. #76. The Court ADOPTS the Report and Recommendations in its entirety. Doc. #70.

In accordance with the Report and Recommendations, Defendants' Motion to Dismiss or in the Alternative to Stay, Doc. #52, is SUSTAINED IN PART and OVERRULED IN PART. Counts V and VI of the First Amended Complaint are dismissed without prejudice to Plaintiffs' ability to seek medical monitoring and/or punitive damages as remedies. Defendants' Motion is OVERRULED in all other respects.

Date: September 13, 2011

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of record