IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE: BEHR DAYTON THERMAL          :     Case No. 3:08-cv-326
PRODUCTS, LLC LITIGATION
                                    :     JUDGE WALTER HERBERT RICE

---

DECISION AND ENTRY SUSTAINING PLAINTIFFS' MOTION TO
VOLUNTARILY DISMISS PERSONAL INJURY CLAIMS WITHOUT
PREJUDICE AND MOTION TO DISMISS ALL CLAIMS AGAINST
DEFENDANTS DAP PRODUCTS, INC., GAYSTON CORPORATION
AND GEM CITY CHEMICALS, INC. (DOC. #116); DENYING
DEFENDANTS' REQUEST TO STRIKE THE MASTER AMENDED CLASS
ACTION COMPLAINT (DOC. #120); ORDERING PARTIES TO PROVIDE
DEFENDANT ARAMARK WITH ALL DISCOVERY CONDUCTED IN
*SPEARS* AND *FIRST PROPERTY* CASES; SETTING CONFERENCE
CALL

---

The above-captioned putative class action arises out of alleged toxic

contamination of real property located in Dayton, Ohio.  This matter is currently

before the Court on Plaintiffs' Motion to Voluntarily Dismiss Personal Injury Claims

Without Prejudice, and Motion to Dismiss All Claims Against Defendants DAP

Products, Inc. ("DAP"), Gayston Corporation ("Gayston"), and Gem City Chemicals,

Inc. ("Gem City").  Doc. #116.

I.    **Procedural History**

Three related cases – *Martin v. Behr Dayton Thermal Products LLC*, 3:08-cv-

326, *First Property Group v. Behr Dayton Thermal Products LLC*, 3:08-cv-329, and

*Spears v. Behr Dayton Thermal Products LLC*, 3:08-cv-331 – were consolidated for purposes of conducting discovery on class certification issues.  Doc. #60.  On September 21, 2011, the Court issued an Order concerning designation of interim co-lead counsel for Plaintiffs, and directed the parties to submit a revised case management plan.  The Court administratively processed the *First Property* and *Spears* cases,[1] and ordered all future documents to be filed in Case No. 3:08-cv-326, to be renamed *In re: Behr Dayton Thermal Products, LLC Litigation*.  Doc. #108.

The Court held a conference call on October 31, 2011.  At that time, counsel for Plaintiffs indicated that they intended to file an Amended Class Action Complaint, essentially consolidating all three related cases.  Counsel further indicated that the Amended Class Action Complaint would not include any of the personal injury claims that had previously been asserted in the *Martin* case.[2]  The Court then specifically granted Plaintiffs leave to file the proposed Amended Class Action Complaint, together with a Preliminary Class Certification Motion.

On January 3, 2012, as instructed by the Court, Plaintiffs filed a Master Amended Class Action Complaint, Doc. #118, along with a Motion to Certify Class, Doc. #117.  The Amended Class Action Complaint seeks medical

_____

[1]  As discussed in the February 6, 2012, conference call, these two cases shall remain administratively closed pending a ruling on the class certification issue.

[2]  Neither the *First Property* nor *Spears* Plaintiffs had asserted any personal injury claims.

2

monitoring, property damages, and other injunctive relief. It differs from the three Complaints previously filed in several significant aspects: (1) it no longer includes personal injury claims; (2) DAP, Gayston, and Gem City, previously named as defendants only in the *Martin* case, have been dropped from the suit; and (3) dozens of previously-named class representatives have been dropped from the suit, and some new class representatives have been substituted. The Amended Class Action Complaint lists only six class representatives – Terry Martin, Linda Russell, Deborah Needham, Brian Williams, Nancy Smith, and Jennifer Pierce, as mother and natural guardian of Patience Pierce, a minor.

In conjunction with the Amended Class Action Complaint, the *Martin* Plaintiffs, pursuant to Federal Rules of Civil Procedure 41(a)(2) and 23(e), have filed a motion to voluntarily dismiss, without prejudice, their personal injury claims, and all claims against Defendants DAP, Gayston, and Gem City. Doc. #116.

Defendants Behr America, Inc., and Behr Dayton Thermal Products, LLC (the "Behr Defendants") object to Plaintiffs' motion to dismiss, and ask the Court to strike the Amended Class Action Complaint. Doc. #120. Defendant Aramark Uniform and Career Apparel, LLC ("Aramark") joins in the opposition. Doc. #121. Defendants maintain that Plaintiffs' attempt to dismiss the personal injury claims *without prejudice* flies in the face of the Court's previous ruling refusing to allow those claims to proceed on a separate discovery track from the medical monitoring and property damage claims. Defendants further argue that it would be inefficient

3

and prejudicial to allow Plaintiffs to pursue their personal injury claims outside the context of this litigation. They maintain that this amounts to improper "claim splitting."

In reply, Plaintiffs note that the Court has already given them leave to file an Amended Class Action Complaint and, in fact, specifically directed them to do so, knowing that Plaintiffs did not intend to reassert the personal injury claims. Plaintiffs further maintain that nothing bars them from substituting class representatives or dropping and adding parties. The Amended Class Action Complaint is designed to streamline the case for purposes of class discovery and for resolution of the motion for class certification. Plaintiffs have "dismissed three defendants, articulated a uniform class definition, substituted certain class representatives consistent with that revised class definition, and dismissed all personal injury claims seeking money damages." Doc. #123, at 2.

## II. Discussion

### A. Procedural Matters

Citing Federal Rule of Civil Procedure 41, the *Martin* Plaintiffs seek leave to dismiss, without prejudice, all claims against DAP, Gayston, and Gem City, and all personal injury claims against all remaining defendants. Rule 41 states, in pertinent part, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . Unless the order states otherwise, a dismissal under this paragraph (2) is without

4

prejudice." Fed. R. Civ. P. 41(a)(2).

The Behr Defendants correctly note that this rule contemplates the dismissal of an entire "action" as opposed to dismissal of certain "claims." They argue that Rule 41 is not the appropriate vehicle for dismissal of anything less than the entire lawsuit, and maintain that Plaintiffs must instead seek leave to amend their Complaint under Federal Rule of Civil Procedure 15. The Behr Defendants are only partially correct.

Plaintiffs may use Rule 41(a)(2) to voluntarily dismiss their claims against DAP, Gayston, and Gem City because they are, in fact, dismissing the entire "action" as to these particular defendants. *See* 8 James Wm. Moore, *et al.*, *Moore's Federal Practice* § 41.21[3][a] (3d ed.) ("The term *action* has not been construed so broadly as to encompass the entire controversy against all parties pending before the district court, but includes only the entirety of claims against any single defendant.").

In order to voluntarily dismiss the personal injury claims against the remaining defendants, however, Plaintiffs do need to seek leave to amend the Complaint under Rule 15(a). *Id.* at § 41.21[2] ("A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)."). Such leave is to be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

5

In this case, during the October 31, 2011, conference call, the Court granted Plaintiffs leave to file the proposed Amended Class Action Complaint, knowing that Plaintiffs did not intend to reassert the personal injury claims.  Since the Court already granted leave to file an Amended Class Action Complaint, the Behr Defendants' objection to Plaintiffs' attempt to dismiss the personal injury claims under Rule 41(a)(2) is moot.

The Court now turns to the merits of the *Martin* Plaintiffs' motion to voluntarily dismiss their personal injury claims without prejudice, and motion to voluntarily dismiss all claims against DAP, Gayston, and Gem City without prejudice.

### B.    Voluntary Dismissal of Personal Injury Claims

#### 1.    Claim Splitting

The parties have extensively briefed the issue of whether the Court should allow the *Martin* Plaintiffs to dismiss their personal injury claims without prejudice. The *Martin* Plaintiffs maintain that, if they choose to do so, they should be permitted to pursue their personal injury claims in a separate suit or suits. Defendants, however, argue that this is blatant "claim splitting."  They maintain that any subsequent suits would be barred by the doctrine of *res judicata*, which generally precludes a subsequent action between the same parties involving an issue that could have been litigated in the prior action.  *See United States v. Vasilakos*, 508 F.3d 401, 406 (6th Cir. 2007).  Defendants therefore urge the

Court to dismiss the personal injury claims with prejudice.

In light of the foregoing discussion, these arguments are slightly off target. The Court has already given Plaintiffs leave to amend their Complaint. Therefore, the question is no longer whether the Court should *permit* the *Martin* Plaintiffs to dismiss their personal injury claims with or without prejudice. The relevant question is what *effect* the filing of the Amended Class Action Complaint, which did not include the personal injury claims, has on the *Martin* Plaintiffs' ability to reassert those claims in a subsequent action.

Claims that are not reasserted in an amended complaint are deemed to have been voluntarily dismissed without prejudice. *See Addamax Corp. v. Open Software Foundation, Inc.*, 149 F.R.D. 3, 6 (D. Mass. 1993) ("if claims contained in the original complaint are not reasserted in the amended complaint, the claims not reasserted are deemed to have been withdrawn or dropped without prejudice.").[3]

At this juncture, there is no need for the Court to resolve the question of whether Defendants could successfully assert a *res judicata* defense in a subsequent action seeking damages for personal injuries. The Court leaves that issue for another day. The Court notes, however, that, in the context of class actions, Defendants' arguments concerning "claim splitting" appear to be largely

---

[3] Aramark argues that failure to reassert the personal injury claims constitutes a voluntary dismissal *with* prejudice, but cites to no authority in support of this argument.

7

unfounded. *See Bentley v. Honeywell Int'l Inc.*, 223 F.R.D. 471, 483 (S.D. Ohio 2004) (rejecting argument that adjudication of property damage claims in toxic tort class action would have *res judicata* effect on class members who wanted to later pursue personal injury actions); *Makor Issues & Rights Ltd. v. Tellabs, Inc.*, 256 F.R.D. 586, 597 (N.D. Ill. 2009) ("the doctrine of claim splitting generally does not apply to class actions"); *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 432 (4th Cir. 2003) ("a class action, 'of course, is one of the recognized exceptions to the rule against claim-splitting.'") (quoting 18 *Moore's Federal Practice* § 131.40[3][e][iii] (2002)).

Defendants suggest that, at a minimum, the Court should find that the personal injury claims of Terry Martin and Linda Russell, who were named class representatives in the original *Martin* Complaint, and who remain as named class representatives in the Amended Class Action Complaint, have been dismissed with prejudice. Defendants offer no authority in support of this proposition, and the Court finds no reason to treat Martin and Russell any differently than the other Plaintiffs. Moreover, this is largely a moot point since Plaintiffs' counsel has indicated that neither Martin nor Russell intends to pursue any personal injury claims.

For the reasons set forth above, the Court concludes that the *Martin* Plaintiffs' personal injury claims were already dismissed without prejudice upon the filing of the Amended Class Action Complaint. The Court therefore SUSTAINS

Plaintiffs' "motion to dismiss" these claims without prejudice, albeit on slightly different grounds.

### 2. Notice to Putative Class Members

Having determined that the personal injury claims were dismissed without prejudice, the Court turns to the question of whether the putative class members should be given notice of that dismissal, and of their right to pursue personal injury claims in a separate action. This issue was neglected by the parties in their briefs.

The filing of a class action complaint tolls the statute of limitations for all putative class members. The statute of limitations remains tolled until class certification is denied. *See Crown, Cork & Seal, Inc. v. Parker*, 462 U.S. 345, 353-54 (1983). Plaintiffs' voluntary dismissal of the personal injury claims from the class action litigation has the same legal effect as the denial of a motion for class certification. As the Seventh Circuit explained in *Culver v. City of Milwaukee*, 277 F.3d 908 (7th Cir. 2002):

> The filing of a class action suit tolls the statute of limitations for all the members of the class, . . . but when the suit is dismissed without prejudice or when class certification is denied the statute resumes running for class members. . . Unless they are notified that the suit is dismissed, they may fail to file their own suits and thus fail to "re-arrest" the statute of limitations . . . and as a result they may find themselves time barred without knowing it.

*Id.* at 914.

In this case, the *Martin* Plaintiffs are deemed to have voluntarily dismissed the personal injury claims without prejudice upon the filing of the Amended Class Action

Complaint. The statute of limitations on those claims began running again on that date. In the Court's view, there is some question as to whether the putative class members in the original *Martin* Complaint should be notified that these claims are no longer being pursued by the class representatives.

Federal Rule of Civil Procedure 23(e), governing "settlement, voluntary dismissal, or compromise" of class actions, states, in part, "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). The Rule further provides that notice shall be given to all class members who would be bound by the proposal. Fed. R. Civ. P. 23(e)(1). Although this class has not yet been certified, the Court nevertheless has a duty to ensure that the putative class members, who may be reasonably relying on the class representatives to protect their interests, are not unduly prejudiced. One of the factors to be considered is how much publicity the case has received. *See Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 762-64 (6th Cir. 2005).

Before determining whether such notice is necessary in this case and, if so, how that notice should be provided, the Court would like the input of counsel. Accordingly, counsel should be prepared to discuss this during a conference call, the time and date of which are set forth at the end of this Decision and Entry.

### 3. Discovery Concerning Dropped Class Representatives

Dozens of class representatives named in the original *Martin* Complaint are no

10

longer named as class representatives in the Amended Class Action Complaint.  The
Behr Defendants speculate that these parties have been dropped in order to shield
them from discovery that would be harmful to the outcome of Plaintiffs' motion for
class certification.  They contend that they should be permitted to finish the discovery
they began against those former class representatives.

     The Behr Defendants state that they previously served discovery requests on
these former class representatives, but Plaintiffs' responses were inadequate.
Defendants nevertheless postponed filing a motion to compel more thorough
responses, choosing to wait until the Court resolved outstanding case management
issues.  The Behr Defendants maintain that the former class representatives should
not be able to shield themselves from the previously-propounded discovery requests
by now claiming that they are "absent" class members.  Defendants further argue that
the former class members should be required to submit to depositions if necessary.

     Plaintiffs argue that Defendants' request is not yet ripe since they have not
attempted to resolve the issue extrajudicially as required by the local rules.  *See* S.D.
Ohio Civ. R. 37.2.  Plaintiffs further argue that Defendants' request should be denied
because Defendants have not satisfied their burden of proving that such discovery
against absent class members is "necessary."  *See Newberg on Class Actions* § 16.3
(4th ed.); *Groth v. Robert Bosch Corp.*, No. 1:07-cv-962, 2008 WL 2704709, at *1
(W.D. Mich. July 9, 2008).  Defendants maintain that no showing of necessity should
be required where the individuals at issue are not "absent class members" but rather

"former class representatives."

The Court finds that Defendants' request should be denied without prejudice, if for no other reason than failure to comply with S.D. Ohio Civ. R. 37.2. If, after attempting to resolve this matter without the Court's intervention, Defendants want to file a motion to compel discovery, they may do so.

### C.    Voluntary Dismissal of All Claims Against DAP, Gayston, and Gem City

Pursuant to Federal Rule of Civil Procedure 41(a)(2), the *Martin* Plaintiffs also seek to voluntarily dismiss without prejudice all claims against DAP Products, Inc., Gayston Corporation, and Gem City Chemicals, Inc. After conducting limited discovery, Plaintiffs no longer believe that these entities are responsible for the alleged contamination.

As noted above, Rule 41(a)(2) is an appropriate vehicle for the dismissal of all claims against a particular defendant. In *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994), the court stated that the decision to allow a voluntary dismissal without prejudice lies within the "sound discretion" of the district court. The court must ensure that it does not result in "plain legal prejudice" to the defendant. Factors to be considered include "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.*

This case is somewhat unique in that DAP, Gayston, and Gem City have no objections to Plaintiffs' motion to voluntarily dismiss the claims against them without prejudice. It is the Behr Defendants that object to the proposed dismissal. They argue that dismissal is improper because Plaintiffs have previously alleged that these three defendants may be partially responsible for the alleged contamination. As such, the Behr Defendants maintain that DAP, Gayston, and Gem City are "necessary parties" and the Court cannot provide complete relief in their absence. If Plaintiffs are permitted to dismiss their claims against these defendants, the Behr Defendants plan to seek leave to file third-party contribution claims, either immediately or at the close of discovery on class certification issues. Plaintiffs do not object to this plan, but request that any third-party claims be stayed pending resolution of Plaintiffs' claims against the other defendants. Defendants argue that such a stay would be incredibly inefficient.

The Court SUSTAINS Plaintiffs' motion to voluntarily dismiss all of their claims against DAP, Gayston, and Gem City without prejudice. If Plaintiffs no longer believe that these defendants are partially responsible for the alleged contamination, Plaintiffs, in fact, have a *duty* to dismiss the claims against them. Dismissal is warranted on this basis alone.

Moreover, the voluntary dismissal will not result in any "plain legal prejudice" either to DAP, Gayston, and Gem City, or to the Behr Defendants and Aramark. Although this case has already been pending for several years, it was stayed for much

13

of that time because of Chrysler's bankruptcy proceedings. The motion for class certification is still pending and no motions for summary judgment have been filed.

The remaining defendants may seek leave, at any time, to file third-party contribution claims against DAP, Gayston, and Gem City if they believe such claims are warranted. Until that time, the Court will reserve ruling on the question of whether any such claims should be stayed pending resolution of the existing claims.

### D.   Miscellaneous Matters

#### 1.    Defendants' Request to Strike Amended Class Action Complaint

For the reasons set forth above, the Court denies Defendants' request to strike the Amended Class Action Complaint. Doc. #120.

#### 2.    Aramark's Unopposed Request for Discovery

Although Aramark was previously named as a defendant in the *Martin* case, it was not named as a defendant in the *Spears* and *First Property* cases. With the filing of the Amended Class Action Complaint, which essentially consolidates all three cases, Aramark requests the Court to order the other parties to turn over all discovery previously obtained in the *Spears* and *First Property* cases. Plaintiffs do not object to Aramark's request. Accordingly, within 30 days of the date of this Order, the other parties to this lawsuit shall provide Aramark with copies of any such discovery previously obtained in those two cases.

Aramark also asks the Court to find that Aramark cannot be bound by or otherwise prejudiced by any discovery previously conducted in those two cases. The

14

Court makes no ruling on this broad request at this time, finding it advisable to address the issue in context if, and when, it becomes necessary.

### 3. Remaining Issues to Be Resolved Before Class Certification Discovery Commences

On February 20, 2012, as requested by the Court, the Behr Defendants submitted a summary of the "gatekeeper" issues that remain to be resolved before class certification discovery begins. Doc. #126. They noted that the parties have submitted competing versions of a proposed revised Case Management Order. Docs. ##113, 114. In addition, the Court previously overruled without prejudice a Joint Motion to Adopt a Discovery Protocol for Class Certification Discovery (Doc. #65), noting that the revised Case Management Order would likely address the issues raised in that motion. Doc. #108. The Court will also address these issues during the conference call to be held at the date and time set forth below.

The only other outstanding issue identified by the Behr Defendants was the resolution of Plaintiffs' motion to voluntarily dismiss the personal injury claims and claims against DAP, Gayston, and Gem City. Doc. #116. That motion has now been resolved.

### 4. Conference Call Scheduled

The Court will hold a conference call on March 5, 2012 at 4:30 p.m. to discuss the following:

> a. The need to provide notice to the putative class members in *Martin* of the voluntary dismissal of the personal injury claims, and of their right to pursue these claims in a separate

15

action;

**b.**     Procedures for notifying the putative class members, if it is determined that notice is required; and

**c.**     A revised Case Management Order, including a schedule and protocol for discovery, disclosure of expert witnesses, and briefing of class certification issues.


Date: February 21, 2012

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE


Copies to: Counsel of Record

16