IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| IN RE: BEHR DAYTON THERMAL PRODUCTS, LLC LITIGATION | : | Case No. 3:08cv0326 |
| | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |

NOTICE TO ALL PERSONS / CLASS MEMBERS IN THE CLASS ACTION LITIGATION
REGARDING THE RELEASE OF HAZARDOUS CHEMICALS IN THE AREA OF THE
MCCOOK FIELD NEIGHBORHOOD IN DAYTON, OHIO

This notice is to inform you of recent developments that may affect your legal rights and potential claims related to the release of hazardous chemicals in the area of the McCook Field neighborhood in Dayton, Ohio.

On April 4, 2012, we, as counsel for the plaintiffs, filed a Second Master Amended Complaint in the consolidated action entitled In Re: Behr Dayton Thermal Products, LLC Litigation (hereinafter referred to as the "Consolidated Action"). This Second Master Amended Complaint amended and consolidated claims that were originally alleged in three separate lawsuits: *Terry Martin et al. v. Behr Dayton Thermal Products, LLC*, Case No. 3:08-cv-0326 (hereinafter referred to as "*Martin*"); *Kimberly Spears v. Chrysler, LLC*, Case No. 3:08-cv-0331 (hereinafter referred to as "*Spears*"); and *First Property Group, Ltd. v. Behr Dayton Thermal Products, LLC*, Case No. 3:08-cv-0329 (hereinafter referred to as "*First Property*").

A. DISMISSAL WITHOUT PREJUDICE OF CLAIMS FOR PERSONAL INJURY

The original complaint in *Martin*, sought monetary damages for, among other things, personal injuries resulting from exposure to certain hazardous chemicals. No allegations for personal injuries were made in *First Property* and/or *Spears*. As attorneys for the plaintiffs in the Consolidated Action, we have concluded that continuing a class action in federal court for personal injury claims would not be practical or effective. **Therefore, with the Court's permission, all claims for personal injury were dismissed without prejudice on February 21, 2012.** This does not mean that you or members of your family do not have a valid personal injury claim. It simply reflects our decision to not pursue these personal injury claims and gives notice that any personal injury claim must be brought in a separate action.

### B. DISMISSAL WITHOUT PREJUDICE OF CLAIMS FOR MEDICAL MONITORING

All three of the original class action cases (*Martin, First Property* and/or *Spears*) sought "medical monitoring" for persons who may have been exposed to hazardous chemicals. This means that the original complaints claimed that defendants should pay for the costs of medical tests designed to detect latent diseases linked to exposure to hazardous chemicals. As attorneys for the plaintiffs in the Consolidated Action, we have concluded that continuing a class action in federal court for medical monitoring would not be practical or effective. **Therefore, with the Court's permission, the Second Master Amended Complaint does not seek medical monitoring relief**. This does not mean that you or members of your family cannot seek medical monitoring as a relief. It simply reflects our decision to not pursue medical monitoring as a relief and gives notice that anyone seeking such relief must do so in a separate action.

### C. RE-DEFINING OF THE PROPERTY DAMAGE CLASS

All three of the original class action cases (*Martin, First Property* and/or *Spears*) made claims for property damage as a result of the release of hazardous chemicals. Each of these cases proposed different classes of property owners and/or renters for whom recovery was sought. As attorneys for the plaintiffs in the Consolidated Action, we have re-defined the proposed class of persons for whom we are seeking a recovery as part this Consolidated Class Action. This was initially done as part of the First Master Amended Complaint, dated January 3, 2012, and was again done in the Second Master Amended Complaint. You may review the First Master Amended Complaint, which first amended the property damage class definitions as set forth in the *Martin, First Property* and *Spears*, respectively, and Second Master Amended Complaint, that contains the current property damage class definitions, on the website set up for that purpose at http://mccookfield-lawsuit.com. If you or members of your family are not included in the proposed class of persons for whom property damage is being sought as set forth in the Second Master Amended Complaint, it does not mean that you or members of your family do not have a valid claim for property damage. However, any such claim must be brought in a separate action.

### D. WARNING REGARDING THE STATUTE OF LIMITATIONS

**If you or members of your family still wish to pursue any claim(s) for personal injury, medical monitoring or property damage regarding the above-mentioned parties or occurrences, you should be aware that the passage of time may bar you from doing so**. A "statute of limitations" refers to the time allowed to bring a lawsuit. In Ohio, claims for personal injury and medical monitoring must generally be brought within two years from the date of injury and/or exposure. Similarly, the "statute of limitations" for property damage claims in Ohio is four years. The filing of a class action complaint may temporarily "toll" or stop the clock from running while the class claims are pending. Because claims for personal injury and medical monitoring are no longer pending before the Court, any tolling protections no longer exist and the clock has resumed running on the statute of limitations as of the dates of dismissal referenced

above. Likewise, if you or members of your family are not included in the current proposed class of persons for whom property damage is being sought, the clock resumed running on the statute of limitations from the date your claim was first excluded from the property damage class, whether that was in the First Master Amended Complaint, dated January 3, 2012, or in the Second Master Amended Complaint, dated April 4, 2012. Because time is always important in legal matters and could be critically short in your case, if you decide to pursue claims for personal injury, medical monitoring and/or property damage, it is recommend that you contact another attorney immediately to protect your legal rights. After the statute of limitations has passed, if you have not filed a separate lawsuit, you will be barred from pursuing any recovery against the person or company that you believe caused you injury.

If you have a question about the dismissal of these claims, please contact the law firm Brannon & Associates at 130 W. Second St., Suite 900, Dayton, Ohio 45402 or by telephone at (937) 228-2306.

Date:

                                              WALTER HERBERT RICE
                                              UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record