**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **IN RE: BEHR DAYTON** | : | Case No. 3:08-cv-326 |
| **THERMAL PRODUCTS, LLC** | : | |
| | : | **District Judge Walter H. Rice** |
| | : | **Magistrate Judge Michael J. Newman** |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION**
**TO ESTABLISH A DOCUMENT PRODUCTION AND PRESERVATION PROTOCOL**
**FOR CLASS CERTIFICATION DISCOVERY (Doc. 139)**

This matter is before the Court upon Plaintiffs' Motion to Establish a Document Production and Preservation Protocol for Class Certification Discovery. Doc. 139. On September 27, 2012, the Court held a conference call and heard arguments from both sides. This matter, having been fully briefed and argued, *see* docs. 140, 141, 142, is ripe for adjudication.

Plaintiffs' Motion seeks both a document production protocol and a preservation protocol. Having considered the parties' arguments regarding the necessity of the protocols, the Court hereby **GRANTS IN PART** Plaintiffs' Motion (doc. 139). The Court, however, **DENIES** Plaintiffs' request to grant the proposed protocol as written, and attached to Plaintiff's Motion. *See* doc. 139 at PageID 1921-24. During the conference call, Plaintiffs acknowledged that the current version of the proposed protocol fails to clarify that the document production obligations contained therein are not retroactive, and is ambiguous as to the handling of back-up tapes. *See id*. In addition, the current version is ambiguous as to the preservation obligations of "expert witness data" for testifying versus non-testifying experts. *See id*. at PageID 1924.

Given Plaintiffs' acknowledgements of the deficiencies and ambiguities of the current version of the protocol, the Court **ORDERS** both parties to work together, and use their best

efforts to file with the Court, **by October 29, 2012**:  (1) a stipulated document production protocol, and (2) a stipulated preservation protocol.  Specifically, the parties should address the deficiencies and ambiguities raised during the conference call, and should be mindful of the case law from the Sixth Circuit regarding production and preservation obligations and limitations.  In the event the parties are unable to agree on stipulated versions of the protocols, each side shall file its proposed version by October 29th for the Court's consideration.

**IT IS SO ORDERED.**

October 17, 2012 s/ **Michael J. Newman**
United States Magistrate Judge