IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| IN RE: BEHR DAYTON THERMAL PRODUCTS, LLC | : : : : | Case No. 3:08-cv-326<br><br>District Judge Walter H. Rice<br>Magistrate Judge Michael J. Newman |

### DOCUMENT PRODUCTION AND PRESERVATION PROTOCOL FOR CLASS CERTIFICATION DISCOVERY

The procedures of this case shall be governed by the Federal Rules of Civil Procedure; this Court's Local Rules; and Judge Rice's explicit forms, procedures, and orders, unless modified by a specific provision below. The obligations and procedures set forth in this protocol take effect on the date the Court enters the protocol and not before. These obligations and procedures are not retroactive and do not apply to any conduct undertaken prior to the date of entry of the protocol.

Herein, the term "document" is used in the broadest possible sense, meaning anything which may be considered to be a document and includes, without limitations, any written, printed, typed, photostatic, photographic, recorded or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sound or symbols, or any combination thereof. This definition includes copies or duplicates of documents contemporaneously or subsequently created that have any nonconforming notes or other markings. Without limiting the generality of the foregoing, the term "Document" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements, work papers, accounts, local records, reports and/or summaries of investigation, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meeting, or other communications of any type, including inter-office and intra office communication, questionnaires, surveys, charts, graph, photographs, recordings, tapes, discs, data cells, printouts, all other data compilations from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts or revisions of any of the foregoing and shall also include electronic communications, whether maintained presently in the normal course of business or available in back-up or legacy data formats, wherever found or maintained, including all servers, hard drives, lap tops, and firewalls.

A. **Document Production Protocol**

   1. **Applicability**
The following provisions apply only to documents produced by the parties. They do not apply to documents received from third parties, which should be produced in accordance with the discovery protocol entered in this case.

   2. **Format**
Subject to the sections set forth *infra*, the parties shall produce documents in the following format:

      a. For documents maintained by the producing party in electronic form:
         i. Single page TIFF images.
         ii. For Excel documents, natives shall be included along with the TIFF'd version.
         iii. Metadata in a DAT file using Concordance standard delimiters. DAT should include the following fields, to the extent these fields already are available and present in the file:
- DOCID
- ENDDOC#
- BEGATTCH
- ENDATTCH
- PARENTID
- ATTCHIDS
- PGCOUNT
- FROM
- TO
- CC
- BCC
- SUBJECT
- DATESENT
- AUTHOR
- DOCTITLE
- DATECRTD (Date Created)
- DATESVD (Date Last Modified)
- DATELACC (Date Last Accessed)
- CUSTODIAN
- FILENAME
- FILEPATH (Original Filepath)
- FILEEXT (File Extension)
- DUPLICATE (Custodian names for where the duplicates were removed from)
- FAMILYID (An ID that is unique to the entire family group (email and attachments))

         iv. Concordance OPT file
         v. Control list for the Fulltext (DOCID, PATH TO MULTIPAGE TXT FILE)- for example: A0000001,\FULLTEXT\001\A0000001.TXT

    b. For documents maintained by the producing party in paper form
- i. If the producing party does not convert the documents to electronic format for its own use, then the producing party may produce those documents in paper form.
- ii. If the producing party converts or has converted the documents to electronic format, it should produce the documents in the form specified in section a, *supra*.

### 3. Databases

The parties shall use good faith efforts to meet and confer over the discoverability of responsive data contained within databases and on the format of production, to the extent that any database information is produced. If the database is in Excel or Access, the entire native format database should be produced. If the database is in some proprietary or customized software, then the producing party shall provide the requesting party with that software, unless the parties agree on a different arrangement.

### 4. Production Numbering

Each page of a produced document shall have a legible, unique page identifier ("Production Number") and confidentiality legend (where applicable) electronically "burned" onto the image at a location that does not obliterate, conceal, or interfere with any information from the source document. No other legend or stamp will be placed on the document image other than the Production Number, confidentiality legend (where applicable), and redactions addressed above.

### 5. Inaccessible ESI

To the extent that a party requests data that is not readily accessible, the parties will meet and confer to determine whether the inaccessible data is to be produced and how the costs of production will be borne, including the costs to process and review such data. If a discovery request potentially implicates any inaccessible data, the producing party shall so inform the requesting party in their discovery responses.

### 6. Burden

If the producing party contends that, for any particular production, the above protocol is unduly burdensome, it shall advise the requesting party of same. Thereafter, the parties shall meet and confer in good faith to attempt to resolve the producing party's concerns. If an agreement cannot be reached, the parties may bring the dispute to the attention of the Court.

## B. <u>Preservation</u>

### 1. General Preservation Responsibilities

This Order shall apply to all parties and in each of the three cases currently consolidated for class certification discovery purposes.

    a. The parties' responsibilities regarding the preservation of documents that are reasonably anticipated to be subject to discovery in this action shall be governed by the Federal Rules of Civil Procedure and pertinent case law, except as specifically

   modified by the provisions set forth below, an order of the court, or a stipulation amongst the parties.
  b. During the pendency of this litigation, and for 60 days after entry of a final order closing all cases, each of the parties herein (including their respective officers, agents, and employees) are restrained and enjoined from altering, interlining, destroying, or permitting the destruction of any "document" that is reasonably anticipated to be subject to discovery in this action and that is in the actual or constructive care, custody or control of such person, wherever such document is physically located.
  c. "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data, and tangible things reasonably anticipated to be subject to discovery in this action. Preservation includes taking reasonable steps to prevent partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material as well as negligent or intentional handling that would make material incomplete or inaccessible.
  d. The parties shall retain all existing "snap shots" of electronic servers and all existing back-up tapes already archived and not used in the ordinary operation of the parties' electronic document management systems at all of the parties' facilities wherein documents that are reasonably anticipated to be subject to discovery in this action may exist; and any off-site storage facility housing documents created in these facilities. The parties shall secure the hard drives (or make mirror-image copies of the files on hard drives) of all computers (including laptop or desktop computers) used by the parties, or their non-legal employees with responsibilities related to this litigation, that are not backed up in the ordinary course, before the reformatting, redeployment or disposal of such hard drives.
  e. If a party's business practices involve the routine destruction, recycling, relocation, or mutation of materials that are reasonably anticipated to be subject to discovery in this action, the party must, to the extent practicable for the pendency of this order, either (1) halt such business processes; (2) sequester or remove such materials from the business process; or (3) arrange for the preservation of complete and accurate duplicates or copies of such materials, suitable for later discovery if requested.

2. **Preservation of Testifying Expert Witness Data**
The following preservation obligations and procedures shall apply only to expert witnesses engaged as testifying expert witnesses in this litigation. These obligations and procedures are not retroactive and shall not apply to any conduct undertaken prior to the date of entry of the protocol or prior to the date on which the testifying expert is engaged as such (whichever is later). The parties satisfy their obligation under this Order by informing the testifying expert of this Order and providing them with a copy of this Order. If the parties do so, then any recourse for non-compliance with this Order shall be had against the testifying expert and not the party by whom the testifying expert was engaged.

  a. Each testifying expert shall preserve all computer input files, output files, and other types of files generated as part of the model development, model application, and model assessment practice, including, but not limited to, xy calibration plots that

      may have been performed in MS Excel, or water level plots that may have been performed in Surfer.

b. This preservation directive includes (but is not limited to) all input that is needed by the model executable, along with the input files generated by the pre/post processor software. Output files include those generated by the model executable and/or the pre/post processor software.

c. An example is as follows: for a groundwater flow and contaminant transport simulation using MODFLOW, MT3D and Groundwater Vistas, the requested documents include MODFLOW input files (including but not limited to file types bas, bcf, pcg, wel, riv, drn, ghb, and rch), MODFLOW output files (including but not limited to file types out, hds, ddn, cbb, crv, cbd, crc, cbw, mt3 and cbg), MT3D input files (including but not limited to file types btn, adv, dsp, ssm, and rct), MT3D output files (including but not limited to file types ucn and obs), and the Groundwater Vistas file (file type is gwv).

**IT IS SO ORDERED.**

December 14, 2012

*/s/ Michael Newman*
MICHAEL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE