IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| In re: BEHR DAYTON THERMAL PRODUCTS, LLC Litigation | Case No. 03:08-cv-0326<br><br>District Judge Walter H. Rice<br>Magistrate Judge Michael J. Newman |

## CONSENT ORDER

THIS MATTER having been opened to the Court in the above captioned matter by the joint application of the named plaintiffs ("Plaintiffs"), by their undersigned counsel, nominal defendant Old Carco LLC ("Old Carco") by its undersigned counsel, non-party subpoena recipient Gregory M. Rose ("Rose"), by his undersigned counsel, defendants Behr Dayton Thermal Products LLC and Behr America, Inc. (collectively "Behr") by their undersigned counsel, and defendants Aramark Uniform & Career Apparel, LLC ("Aramark") by and through its undersigned counsel, and it appearing that:

(a) On April 4, 2013, plaintiffs conducted the deposition of non-party Rose;

(b) During this deposition, plaintiffs inquired about communications Mr. Rose had with Old Carco's insurance carrier, AIG and/or certain of its insurance brokers;

(c) Edward A. Cohen, counsel for Old Carco, asserted an objection to plaintiffs' inquiry of such insurance matters (the "insurance matters") on the basis of privilege and relevance at the class certification stage of the proceedings;

(d) Counsel for Mr. Rose did not assert any such objection or assertion of privilege;

(e) During the course of the deposition, Mr. Cohen contacted the Court telephonically for a ruling on the asserted objection;

(f) The Court preliminarily sustained Mr. Cohen's objection, pending briefing of the issue, such briefing to be completed on, or before, April 11, 2013;

(h) During an April 5, 2013 telephone conference with the Court, plaintiffs proposed that the parties postpone such discovery of insurance matters from Mr. Rose as well as the briefing and final resolution of the dispute until the merits phase of discovery or, upon a showing of good cause, some time prior to the open of merits discovery;

(g) During the April 5, 2013 telephone conference with the Court, the Court, Old Carco, Behr and Aramark all consented to plaintiffs' proposal and the Court Ordered the parties to prepare this Consent Order;

(h) On April 12, 2013, counsel for Mr. Rose consented to this proposal;

THEREFORE, good cause having been shown, and the parties having consented to the form and entry of this Order, it is ORDERED as follows:

1. Plaintiffs reserve their right to pursue discovery of Mr. Rose concerning the insurance matters during the merits phase of discovery or, upon a showing of good cause, at any time prior to the open of the merits phase of discovery;

2. Should plaintiffs decide to pursue discovery of Mr. Rose concerning the insurance matters, plaintiffs and Old Carco shall attempt to resolve said dispute without the Court's intervention. If such dispute cannot be resolved without the Court's intervention, the parties shall provide timely notice to the Court of the remaining areas of dispute in the form of simultaneous briefing not to exceed five pages each, consistent with this Court's April 4, 2013 Minute Entry and Docket Order;

3. Old Carco reserves all of its rights with respect to the insurance matters, including its right to object to such discovery on the basis of privilege;

-2-

4. Mr. Rose reserves all of his rights with respect to the insurance matters;

5. Plaintiffs reserve all of their rights with respect to seeking discovery from Mr. Rose concerning the insurance matters;

6. Behr reserves all of its rights with respect to the insurance matters;

7. Aramark reserves all of its rights with respect to the insurance matters;

8. This Order is limited to discovery of insurance matters from Mr. Rose and shall have no effect on the rights or obligations of any party concerning the discovery of insurance information from any other party or non-party to this action;

9. This Consent Order eliminates the need for the briefing Ordered in this Court's April 4, 2013 Minute Entry and Docket Order and such briefing shall be held in abeyance consistent with Paragraph 2 above.

IT IS SO ORDERED.

*Michael Newman* 4/17/13
HON. MICHAEL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

We hereby consent to the form
and to entry of the foregoing
Consent Order:

PLAINTIFFS' COUNSEL:

GERMAN RUBENSTEIN, LLP

By: /s/ Steven J. German
    Steven J. German, Esq.

OLD CARCO'S COUNSEL:

THOMPSON COBURN LLP


By: /s/ Edward A. Cohen
    Edward A. Cohen, Esq.

ROSE'S COUNSEL:

DYKEMA GOSSETT PLLC


By: /s/ Grant P. Gilezan
    Grant P. Gilezan, Esq.

BEHR'S COUNSEL:

HONIGMAN MILLER SCHWARTZ AND COHN LLP


By: /s/ Nicholas B. Gorga
    Nicholas B. Gorga, Esq.

ARAMARK'S COUNSEL:

LOWENSTEIN SANDLER LLP


By: /s/ Michael D. Lichtenstein
    Michael D. Lichtenstein, Esq.