**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **IN RE: BEHR DAYTON** | : | **Case No. 3:08-cv-326** |
| **THERMAL PRODUCTS, LLC** | : | |
| | : | **District Judge Walter H. Rice** |
| | : | **Magistrate Judge Michael J. Newman** |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND/OR
INFORMATION WITHHELD BY DEFENDANT ARAMARK
UNIFORM & CAREER APPAREL, LLC (DOC. 194)**

This case is presently in the class certification discovery phase. Before the Court is Plaintiffs' motion to compel the production of 38 documents and/or information withheld by Defendant Aramark Uniform & Career Apparel, LLC ("Aramark"). Doc. 194.[1] Aramark opposes the motion, claiming the documents are protected by the attorney-client privilege and/or the work product doctrine. Doc. 195. (Aramark's privilege log, provided to the Court along with the documents at issue, asserts the work product doctrine for 2 documents; the attorney-client privilege for 4 documents; and both for the remaining 32 documents.)  The Court has conducted an *in camera* review of the documents in question.[2]  Plaintiffs' motion has been fully briefed, *see* docs. 195, 197, and is ripe for ruling.

---

[1] Plaintiffs originally filed their motion to compel on April 17, 2013.  Doc. 192. However, that document appears to have a number of formatting errors.  Plaintiffs corrected the errors, and re-filed a corrected motion the following day.  Doc. 194.  As such, Plaintiffs' original motion, doc. 192, is deemed moot.  At the time the motion was filed, Plaintiffs sought 145 documents from Aramark, and 3 documents from Defendant Behr Dayton Thermal Products, LLC.  Thereafter, the parties complied with the Court's Order to meet and confer.  *See* doc. 195 at PageID 2960.  That effort resulted in Plaintiffs resolving their dispute with Behr, and also significantly reduced the number of documents sought from Aramark.  *Id*.

[2] The 38 documents reviewed *in camera* and at issue are as follows:  PRIV0794 (withheld as attorney-client privileged); PRIV0920 (withheld as work product); PRIV0948 (attorney-client); PRIV1073 (attorney-client); PRIV1074 (both); PRIV1087 (both); PRIV1088 (both);

**I.**

Under the work product doctrine, "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" are protected from discovery. Fed. R. Civ. P. 26(b)(3). "Once the party requesting discovery establishes relevance, the objecting party has the burden of showing that the material was prepared in anticipation of litigation or for trial." *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 473 (6th Cir. 2006) (internal quotations omitted). In determining whether a document was prepared "in anticipation of litigation," the Court must ask whether it was prepared or obtained "because of" the prospect of litigation. *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006). The test has both subjective and objective elements: "(1) whether a document was created because of a party's subjective anticipation of litigation, as contrasted with an ordinary business purpose, and (2) whether that subjective anticipation of litigation was objectively reasonable." *Id*. at 594.

"[A] party may satisfy its burden of showing anticipation of litigation 'in any of the traditional ways in which proof is produced in pretrial proceedings such as affidavits made on personal knowledge, depositions, or answers to interrogatories,' and [] the showing 'can be opposed or controverted in the same manner.'" *Roxworthy*, 457 F.3d at 597 (quoting *Toledo Edison Co. v. G A Techs., Inc.*, 847 F.2d 335, 339 (6th Cir. 1988)). "Where an undisputed affidavit is specific and detailed to indicate that the documents were prepared in anticipation of litigation or trial, then the party claiming work product protection has met its burden." *Id*.

---

PRIV1101 (both); PRIV1234 (both); PRIV1235 (both); PRIV1237 (work product); PRIV1282 (both); PRIV1283 (both); PRIV1285 (both); PRIV1295 (both); PRIV1299 (both); PRIV1300 (both); PRIV1301 (both); PRIV1306 (both); PRIV1307 (both); PRIV1308 (both); PRIV1309 (both); PRIV1316 (both); PRIV1319 (both); PRIV1325 (both); PRIV1328 (both); PRIV1329 (both); PRIV1339 (both); PRIV1340 (both); PRIV1355 (both); PRIV1868 (both); PRIV1907 (both); PRIV1908 (both); PRIV1938 (both); PRIV2094 (both); PRIV2095 (both); PRIV2136 (attorney-client); and PRIV2137 (both).

(internal quotations and citation omitted). However, where the party claiming the privilege fails to meet its burden of showing that the document was prepared in anticipation of litigation -- *i.e.*, by way of affidavits, depositions, or equivalent proof -- the party should be denied the protection of the privilege. *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381-82 (6th Cir. 2009); *see also In re Powerhouse Licensing*, 441 F.3d at 473 (explaining that if the objecting party fails to meet its burden of showing that the document was prepared in anticipation of litigation, "the court's inquiry ends and the documents must be produced").

Plaintiffs have satisfied their initial burden of showing that the materials are relevant. *In re Powerhouse Licensing*, 441 F.3d at 473. Therefore, the Court must determine whether the documents in question were prepared "in anticipation of litigation or for trial." *Id*. After reviewing the documents *in camera* and considering the parties' respective arguments, the Court finds Aramark has failed to meet its burden to show that it subjectively anticipated litigation at the time any of the documents at issue were created -- *i.e.*, the first prong of the two-prong test set forth by the Sixth Circuit. *See Roxworthy*, 457 F.3d at 594.

To gain work product protection, a party must prove with specificity that it subjectively anticipated litigation when it prepared each document. *See Biegas*, 573 F.3d at 382. Aramark has not done so here. Instead, it makes a broad statement that it "anticipated litigation and[/]or adverse agency action prior to 2007[,] and that anticipation was reasonable." Doc. 195 at PageID 2967. The affidavit of Aramark's in-house counsel, Stephanie Walter, Esq., likewise fails to identify the date when Aramark first subjectively anticipated litigation. *See* doc. 195-1 at PageID 2973-77.

Rather than submitting an affidavit attesting to when it subjectively anticipated litigation, Aramark relies on two allegations in Plaintiffs' Second Master Amended Complaint: (1)

"Aramark has been aware of the presence of VOC Contaminants in the groundwater and in the soil under and around the Aramark Facility and the surrounding neighborhoods for at least 20 years"; and (2) "[b]eginning in 1996, Aramark operated a remediation system in an effort to control the off-site migration of these VOC Contaminants." Doc. 195 at PageID 2967 (citing doc. 149 at PageID 2014, 2023). Because of these allegations, Aramark contends, "Plaintiffs cannot argue with a straight face that [their] first reasonable concern regarding potential litigation or adverse agency action was in 2007." Doc. 195 at PageID 2967. This argument is without merit not only because Aramark denied both of these allegations in its Answer,[3] doc. 153 at PageID 2151, 2156, but also because it fails to establish whether Aramark subjectively anticipated litigation when it created the documents at issue. *Roxworthy*, 457 F.3d at 594-97.

Therefore, Aramark has failed to meet its burden of showing it subjectively anticipated litigation with respected to the contested documents. As such, the Court is prevented from reaching the second step of the work product analysis -- *i.e.*, whether Aramak's subjective anticipation of litigation was objectively reasonable.[4] *See Roxworthy*, 457 F.3d at 594-97.

Accordingly, the Court finds Aramark's assertion of the work product doctrine -- as to all 34 instances claimed -- to be improper. *See Biegas*, 573 F.3d at 381-82; *Roxworthy*, 457 F.3d at 597. Therefore, the two documents withheld solely on the grounds of work product, PRIV0920

---

[3]Even if Aramark had admitted these two allegations, neither allegation informs the Court of the precise date which Aramark first subjectively anticipated litigation resulting from the VOC contaminants on its property. *Cf. Roxworthy*, 457 F.3d at 594-97.

[4]To the extent Aramark claims that "there are specific and identifiable points prior to 2007 when [our] anticipation of litigation or agency action was objectively reasonable," doc. 195 at PageID 2967, such an argument is without merit because the reasonableness of Aramark's anticipation of litigation, whenever it first occurred, is the second part of the Sixth Circuit's two-prong test and is reached only upon a showing that the first prong is satisfied. *Roxworthy*, 457 F.3d at 594-97. Likewise, the Court need not address the merits of Aramark's argument that the documents were prepared in anticipation of litigation in cases other than the matter at bar, *see* doc. 195 at PageID 2968-69, as that argument fails to identify any date Aramark subjectively anticipated litigation in any other instance.

and PRIV1237,[5] shall be produced to Plaintiffs. As to the remaining 36 documents, the Court must address whether Aramark's assertion of the attorney-client privilege is proper.

## II.

The attorney-client privilege "exists to protect not only the giving of professional advice to those who can act on it, but also the giving of information to the lawyer to enable him [or her] to give sound and informed advice." *Upjohn Co.* v. *United States*, 449 U.S. 383, 390 (1981). The privilege applies to factual investigations conducted by counsel at a corporate client's request (to provide legal advice to that client), and also to agents of an attorney who are assisting in rendering legal advice to the client. *See id.* at 394-95; *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co.*, No. 93-3084, 1994 U.S. App. LEXIS 3828, at *19-20 (6th Cir. Feb. 25, 1994). *See also Graff*, *supra* note 5, 2012 U.S. Dist. LEXIS 162013, at *47-48 (same) (and cases cited therein). The following criteria must be satisfied in order for a communication to be protected under the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his [or her] capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself [or herself] or by the legal advisor, (8) unless the protection is waived.

*Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998). The person asserting the privilege bears the burden of establishing its existence. *In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 450-51 (6th Cir. 1983).

---

[5] PRIV1237 bears a footnote which states: "CONFIDENTIAL -- Attorney-Client Privileged[;] These materials have been prepared at the request of legal counsel for Aramark Uniform & Career Apparel." However, Aramark did not assert the attorney-client privilege on its privilege log for this document. *See* doc. 194-1 at PageID 2926. As such, the Court cannot find the attorney-client privilege applies where it has not been asserted by the party itself. *See Graff v. Haverhill North Coke Co.*, No. 1:09cv670, 2012 U.S. Dist. LEXIS 162013, at *24-25 (S.D. Ohio Nov. 13, 2012).

**A. PRIV0794 and PRIV0948**

PRIV0794 and PRIV0948 involve communications to and from Aramark's outside counsel; contain legal advice sought from a professional legal adviser in his capacity as such; were intended to aid counsel in providing legal advice; and, *inter alia*, were made in confidence. *See Reed*, 134 F.3d at 355-56. Having thoroughly reviewed the documents, the Court finds Aramark's assertion of the attorney-client privilege, and the descriptions provided in its privilege log, to be proper. *See id.*

**B. PRIV1073; PRIV1074; PRIV1087; PRIV1088; PRIV1101; PRIV1234; PRIV1235; PRIV1282; PRIV1283; PRIV1285; PRIV1295; PRIV1299; PRIV1300; PRIV1301; PRIV1306; PRIV1307; PRIV1308; PRIV1309; PRIV1316; PRIV1319; PRIV1325; PRIV1328; PRIV1329; PRIV1339; PRIV1340; PRIV1355; PRIV1868; PRIV1907; PRIV1908; PRIV2094; PRIV2095; and PRIV2136**

This group of documents involves electronic communications from 2001-2004 between Ms. Walter, in her capacity as Aramark's in-house counsel, and several employees of The Wetlands Company ("TWC"). In her affidavit, Ms. Walter avers that Aramark retained TWC as an environmental consultant. Doc. 195-1 at PageID 2974. She also avers, *inter alia*, that the information contained in these documents was provided by TWC to aid her in providing legal advice to Aramark. *Id.* at PageID 2974-77.

The Court has thoroughly reviewed these 32 documents, and finds Aramark's assertion of the attorney-client privilege, with respect to each document, to be proper. These communications, between TWC and Aramark's counsel, were done "for the specific purpose of explaining or interpreting technical data so as to allow counsel to provide legal advice" to Aramark and, as such, are protected by the attorney-client privilege. *Graff*, 2012 U.S. Dist. LEXIS 162013, at *28. Thus, having thoroughly considered Plaintiffs' arguments and supporting case law, the Court finds the content of the contested documents reviewed *in camera*

satisfies the elements necessary to invoke the attorney-client privilege. *See Reed*, 134 F.3d at 355-56. Moreover, given its review of the documents, the Court is convinced that any non-privileged factual information contained therein may be obtained by other means, including depositions and interrogatories. *See Upjohn*, 449 U.S. at 395 ("The [attorney-client] privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney").

### C. PRIV1938 and PRIV2137

In contrast, the Court finds Aramark's claim of attorney-client privilege for PRIV1938 and PRV2137 to be improper. On its privilege log, Aramark identifies PRIV1938 as a "[c]onfidential memorandum to [the] Legal Department providing updates on environmental issues at Servisco sites." Doc. 194-1 at PageID2920. However, the document falls short of meeting the necessary elements to withhold it from Plaintiffs on the basis of the attorney-client privilege. Aramark's privilege claim is apparently based upon the first page of the memorandum, which bears a rubber stamp that states: "RECEIVED, Nov. 6, 1986, LEGAL DEPARTMENT." However, both the author of the memorandum and the intended recipient are unlisted and unascertainable. As such, it cannot be said with any degree of certainty that this document involves communication to or from counsel. *See Reed*, 134 F.3d at 355-56. Accordingly, Aramark's claim of attorney-client privilege for PRIV1938 is improper.

PRIV2137 is identified on Aramark's privilege log as a "[c]onfidential memorandum to in-house counsel re: enclosed confidential tank abandonment project report created at the request of counsel for the purposes of assessing the potential exposure and liability." Doc. 194-1 at PageID 2920. Indeed, the first two pages of the document include an "intra-company memo," dated July 7, 1989, from Phil Krejci, Aratex Services, Inc.'s director of environmental

management, to in-house counsel Frank Pfizenmayer, Esq., and a rubber stamp which states: "These materials have been prepared on the advice and at the request of legal counsel and are subject to claims of attorney-client privilege and work product immunity." The remainder is comprised of attachments, which include: (1) a letter, dated June 29, 1989, between a Farlow Environmental Engineers, Inc. ("Farlow") project manager and Mr. Krejci; (2) a letter, dated January 6, 1989, between a Farlow project manager and Doug Parks, an inspector for the City of Dayton Fire Department; (3) a letter, dated February 27, 1989, between a Farlow project manager and an employee of Ross Environmental Services, Inc.; and (4) a letter, dated April 11, 1989, between a Farlow project manager and the Bureau of Underground Storage Tank Regulations. None of the aforementioned letters are addressed to, or sent by, in-house counsel, and none were copied to counsel.

While the Court finds the first two pages of PRIV2137 to be privileged, the remainder of the document -- *i.e.*, the four letters attached thereto, which do not involve communications to or from counsel -- must be produced to Plaintiffs. *See Reed*, 134 F.3d at 355-56. A communication between non-lawyers is generally not protected under the attorney-client privilege unless the "dominant intent is to prepare the information in order to get legal advice from the lawyer." *Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, No. 2:07-cv-1190, 2010 U.S. Dist. LEXIS 127903, at *7 (S.D. Ohio Dec. 3, 2010). The letters attached to Mr. Krejci's "intra-company memorandum" do not support the assertion that their "dominant intent" was to get legal advice from counsel. Rather, the dominant intent of the letters appears to be Farlow's coordination of the abandonment of a tank at the then Aratex-owned (Aramark) property. Apart from the lack of any indication on the attachments themselves -- that they were prepared for counsel's benefit to formulate legal advice -- the privileged memo to counsel does not indicate such intent. In this

situation, where "the evidence equally supports an inference that the communication either was, or was not, related to the subsequent request for legal advice," the Court must rule in the challenging party's favor. *Id.* at *9. Moreover, it is appropriate to require "substantial proof" that a communication between non-lawyers is privileged in order to protect the privilege "from being construed too broadly and to swallow up a large number of non-privileged, and perhaps highly relevant, communications and to prevent their disclosure during the discovery process." *Id.* Such is the case here.

Accordingly, the Court finds Aramark's claim of attorney-client privilege for the first two pages of PRIV2137 is proper; its privilege claim for the remainder of the document is improper, and thus subject to discovery.

### III.

Based upon the foregoing, Plaintiffs' motion to compel the production of documents and/or information withheld by Aramark (doc. 194) is **GRANTED IN PART AND DENIED IN PART**. The Court hereby **ORDERS** as follows:

1) Plaintiffs' initial motion to compel (doc. 192) is **DENIED AS MOOT**;

2) Aramark **SHALL PRODUCE** to Plaintiffs within **TEN DAYS** of the issuance of this Order, documents identified as PRIV0920, PRIV1237, and PRIV1938;

3) Within the same ten-day period, Aramark **SHALL ALSO PRODUCE** PRIV2137, but pages 1 and 2 shall be redacted;

4) The remainder of Plaintiffs' motion is **DENIED**; and

5) The Clerk **SHALL PROMPTLY** return the original 38 documents to Aramark.

**IT IS SO ORDERED.**

June 10, 2013                                              s/ **Michael J. Newman**
                                                           United States Magistrate Judge