## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: BEHR DAYTON THERMAL PRODUCTS, LLC LITIGATION | : | CASE NO.  3:08-cv-0326 (WHR-MJN) |
| | : | |
| _____ | : | |
| TERRY MARTIN, LINDA RUSSELL, DEBORAH NEEDHAM, and NANCY SMITH, individually and on behalf of themselves and all persons similarly situated, | : : : : | **THIRD MASTER AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND** |
| Plaintiffs | : : | |
| vs. | : | |
| BEHR DAYTON THERMAL PRODUCTS, LLC, BEHR AMERICA, INC., CHRYSLER, LLC (n/k/a Old Carco LLC)[1] and ARAMARK UNIFORM & CAREER APPAREL, LLC, | : : : | |
| Defendants. | : : | |
| _____ | | |

COME NOW the Plaintiffs, TERRY MARTIN, LINDA RUSSELL, DEBORAH

NEEDHAM, and NANCY SMITH, by and through their undersigned attorneys, on

behalf of themselves and all others similarly situated, and file this action against

Defendants Behr Dayton Thermal Products, LLC, a Delaware corporation conducting

business in the State of Ohio ("Behr Thermal") and Behr America, Inc., a Delaware

corporation conducting business in the State of Ohio, ("Behr America" and together with

Behr Thermal, "Behr"), Chrysler, LLC, an entity that was incorporated in Delaware and

which conducted business in the state of Ohio ("Chrysler"), and Aramark Uniform &

---

[1] Defendant Chrysler, LLC is named as a nominal Defendant, solely for the purpose of allowing Plaintiffs to pursue any applicable insurance policies.

Career Apparel, LLC, a Delaware corporation conducting business in the state of Ohio ("Aramark") (each of Behr Thermal, Behr America, Chrysler and Aramark, a "Defendant" and collectively, the "Defendants") and allege as follows:

## GENERAL ALLEGATIONS

1. This is an action for money damages and injunctive and other relief arising out of Defendants' contamination of Plaintiffs' properties in Dayton, Ohio with toxic, carcinogenic and otherwise ultra-hazardous chemicals. Defendants' use of trichloroethylene ("TCE"), tetrachloroethylene ("PCE" or "PERC"), Dichloroethene ("DCE"), other volatile organic compounds ("VOCs") and other hazardous substances (collectively with TCE, PERC, DCE, and VOCs, "VOC Contaminants") were caused to be released and leave Defendants' respective properties and enter onto Plaintiffs' properties, have contaminated Plaintiffs' water, soil, vegetation, air, land, and dwellings, thereby causing Plaintiffs to suffer damage to their properties and personal finances, interference with their exclusive possession of their properties, loss of the use and enjoyment of their properties and destruction of their community. Plaintiffs seek an injunction requiring Defendants to promptly and completely remove all VOC Contaminants from Plaintiffs' properties and to prevent the future migration of VOC Contaminants onto their properties, and Plaintiffs also seek compensatory and punitive damages.

2. Chrysler owned, operated or was otherwise responsible for operating the automotive parts and analytical instruments facility at 1600 Webster Street, Dayton, Ohio (the "Behr Facility") from approximately 1937 until Behr purchased the Behr Facility in 2002. From 2002 until 2004, Chrysler and Behr jointly operated the Behr

Facility, pursuant to a joint venture agreement. From 2004 to the present, Behr alone has owned and operated the Behr Facility.  Chrysler, or its predecessors, has been aware of the presence of VOC Contaminants in the groundwater and in the soil under and around the Behr Facility for many years, and Behr has been aware of VOC Contaminants in the groundwater and in the soil under and around the Behr Facility and the surrounding neighborhoods, since before its purchase of the Behr Facility.  Both Chrysler and Behr have failed to take adequate steps to prevent the migration of groundwater polluted with VOC Contaminants ("Contaminated Groundwater") onto and under the Chrysler-Behr Plaintiffs' (as defined below) land and have failed to undertake any program to promptly and completely remove these VOC contaminants  from the Chrysler-Behr Plaintiffs' land.

3.      Aramark owns, operates or has been otherwise responsible for operations at a laundry and cleaning facility at 1200 Webster Street, Dayton, Ohio (the "Aramark Facility" and together with the Behr Facility, the "Facilities").  Aramark has been aware of the presence of VOC Contaminants in the groundwater and in the soil under and around the Aramark Facility and the surrounding neighborhoods for at least 20 years. Aramark has failed to take adequate steps to prevent the migration of Contaminated Groundwater onto and under the Chrysler-Behr-Aramark Plaintiffs' (as defined below) land and has failed to undertake any program to promptly and completely remove these VOC contaminants from the Chrysler-Behr-Aramark Plaintiffs' land.

4.      Defendants have knowingly or recklessly caused VOC Contaminants to spread from their respective Facilities under and onto Plaintiffs' properties.

3

5.     Defendants know that VOC Contaminants from their respective Facilities continue to migrate onto the surrounding properties in an uncontrolled manner.

6.     Defendants know that Plaintiffs' properties have been used by Defendants for years and are continuing to be used by Defendants as *de facto* storage and disposal facilities for VOC Contaminants.

7.     These *de facto* storage and disposal facilities, which are being used without the permission of the property owners, lack suitable siting and the extensive safeguards which are required of a permitted facility containing the nature and volume of VOC Contaminants released by Defendants.

8.     Specifically, VOC Contaminants contain such hazardous constituents as TCE, PCE, and other toxic chemicals which cause cancer, birth defects and other serious illnesses.  Government agencies have determined that VOC Contaminants present an ongoing risk to human health.

9.     In an effort to limit their liability and their expense associated with government efforts to contain or minimize the extent of VOC Contaminants in both the Chrysler-Behr Plume Area (as defined below) and the Chrysler-Behr-Aramark Plume Area (as defined below), Chrysler and Behr have engaged in a conspiracy to perpetrate a fraud on the public, which includes paying for and/or funding various illegitimate "studies" and making material misrepresentations regarding the character of their operations, their remediation efforts, and the risks posed to human health as a result of exposure to VOC Contaminants.

10.     Defendants have misled the public by fraudulently, negligently and/or knowingly suppressing the nature and extent of VOC Contaminants that have migrated

4

off their properties, all at the expense of the health and well-being of the unknowing public.

**JURISDICTION AND VENUE**

11.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d).

12.     The size of the class involves 100 or more members.

13.     The amount in controversy exceeds $5,000,000.00, excluding interest and costs.

14.     At least one class member is diverse from one Defendant.

15.     Venue is appropriate in the Southern District of Ohio because the acts which give rise to this Complaint occurred and continue within the District.

**THE PARTIES**
**Plaintiffs**

16.     Plaintiffs own property in the City of Dayton, Montgomery County, Ohio, within the parameters of the defined Classes, set forth below.

17.     Plaintiff Terry Martin currently owns and resides on the property located at 624 Earl Avenue, Dayton, Ohio and has owned and resided on such property since 1996.  Plaintiff Terry Martin also owns the property on 626 Earl Avenue, which he purchased in 1996. Plaintiff Terry Martin is a putative class representative for the Chrysler-Behr-Aramark Property Damage Class proposed herein. As a result of the actions of Defendants Chrysler, Behr and Aramark, VOC Contaminants have entered onto his property, have contaminated his groundwater, soil, vegetation, air, land, and dwelling, thereby causing Terry Martin to suffer interference with his exclusive

5

possession of his property, damage to his property and personal finance, loss of the use and enjoyment of his residence/property, and destruction of his community.

18.     Plaintiff Nancy Smith co-owns and resides on the property located at 615 Earl Avenue Dayton, Ohio and has co-owned and resided on such property since 2001. Plaintiff Nancy Smith is a putative class representative for the Chrysler-Behr-Aramark Property Damage Class proposed herein. As a result of the actions of Defendants Chrysler, Behr and Aramark, VOC Contaminants have entered onto her property, have contaminated her dwelling and the groundwater, soil, vegetation, air, and land on or around such dwelling, thereby causing Nancy Smith to suffer interference with her exclusive possession of her property, damage to her property and personal finance, loss of the use and enjoyment of her residence/property, and destruction of her community.

19.     Plaintiff Deborah Needham owns and resides, and has owned and resided since 2004, at the property located at 600 Daniel Street Dayton, Ohio and is a putative class representative for Chrysler-Behr Property Damage Class.  As a result of the actions of Defendants Chrysler and Behr, VOC Contaminants have entered onto her property, have contaminated her dwelling and the groundwater, soil, vegetation, air, and land on or around such dwelling, thereby causing Deborah Needham to suffer interference with her exclusive possession of her property, damage to her property and personal finance, loss of the use and enjoyment of her residence/property, and destruction of her community.

20.     Plaintiff Linda Russell co-owns and resides at, and has co-owned and resided since 2005, at the property located at 612 Daniel Street Dayton, Ohio and is a putative class representative for the Chrysler-Behr Property Damage Class. As a result of the actions of Defendants Chrysler and Behr, VOC Contaminants have entered onto her

property, have contaminated her dwelling and the groundwater, soil, vegetation, air, and land on or around such dwelling, thereby causing Linda Russell to suffer interference with her exclusive possession of her property, damage to her property and personal finance, loss of the use and enjoyment of her residence/property, and destruction of her community.

## Defendants

21.     Defendant Behr Dayton Thermal Products, LLC is a corporation organized under the laws of the State of Delaware, and authorized to do business in the State of Ohio.

22.     Defendant Behr America, Inc. is a corporation organized under the laws of the State of Delaware, and authorized to do business in the State of Ohio.

23.     Defendant Chrysler, LLC (n/k/a Old Carco LLC) was incorporated under the laws of the State of Delaware, and was previously authorized to do business in the State of Ohio[2].

24.     Defendant Aramark Uniform and Career Apparel, LLC is a corporation organized under the laws of the State of Delaware, and authorized to do business in the State of Ohio.

## BACKGROUND FACTS

### A.  The Chrysler-Behr Plume

25.     Defendant Behr owns and operates the Behr Facility.

26.     Defendant Chrysler previously owned and operated the Behr Facility.

---

[2] Defendant Chrysler, LLC is named as a nominal Defendant, solely for the purpose of allowing Plaintiffs to pursue any applicable insurance policies.

27. The Behr Facility manufactures vehicle air conditioning and engine cooling systems. Chrysler owned and operated the Behr Facility from approximately 1937 until Behr purchased it in 2002. From 2002 until 2004, Chrysler and Behr together operated the Behr Facility pursuant to a joint venture agreement. From 2004 to the present, Behr alone has owned and operated the Behr Facility.

28. TCE was used regularly in the Behr Facility's manufacturing processes, primarily as a metal degreaser. Other VOC Contaminants were also used in the operation of the Behr Facility.

29. Defendants Behr and Chrysler, individually and jointly, operated the Behr Facility in a manner that caused VOC Contaminants to significantly contaminate the groundwater on, under, and in the neighborhoods around the Behr Facility.

30. VOC Contaminants released into the groundwater during Behr's ownership and operation of the Behr Facility mixed with VOC Contaminants released into the groundwater during Chrysler's ownership and operation of the Behr Facility to form a single, commingled plume of VOC Contaminants (the "Behr Dayton Plume") that flows on, under, towards and around where Plaintiffs and members of the Classes own property. A portion of the Behr Dayton Plume contains high levels of VOC Contaminants attributable solely to the operations of Defendants Chrysler and Behr at the Behr Facility. This portion of the Behr Dayton Plume ("Chrysler-Behr Plume") is shown in the area shaded yellow on Pl. Ex. 1 ("Chrysler-Behr Plume Area"). A portion of the Behr Dayton Plume (the "Chrysler-Behr-Aramark Plume") is also commingled with VOC Contaminants attributable to operations at the Aramark Facility (as defined

8

below), and such area of commingled contamination is shown in the area shaded red on Pl. Ex. 1 ("Chrysler-Behr-Aramark Plume").

31.     Behr has known since at least 2000, and Chrysler has known since at least the 1990s, of the presence of VOC Contaminants in off-site soil and groundwater that originated from the Behr Facility. Defendants Behr and Chrysler have also known, or should have known, that the Contaminated Groundwater was migrating in a southern direction in the direct path of hundreds of residential properties. Yet, Defendants Behr and Chrysler failed to take adequate steps to abate VOC Contaminants or to prevent the further migration of VOC Contaminants from the Behr Facility to and throughout the Chrysler-Behr Plume Area or to promptly and completely remove VOC Contaminants from the properties in the Chrysler-Behr Plume Area where it had migrated. VOC Contaminants remain on such Plaintiffs' properties.

32.     VOC Contaminants in the Chrysler-Behr Plume will eventually discharge into the Great Miami River, which is a sensitive water body in the heart of Dayton, Ohio.

33.     The United States Environmental Protection Agency and the Ohio Environmental Protection Agency have identified the Behr Facility as the source of VOC Contaminants found in the soil and groundwater in the Chrysler-Behr Plume Area.

34.     Defendants Behr and Chrysler had the opportunity, at greater cost, to better control, contain and dispose of their VOC Contaminants, but Defendants Behr and Chrysler elected not to spend that money.

35.     Defendants Behr and Chrysler have knowingly and intentionally chosen not to undertake any program to promptly and completely remove VOC Contaminants from the environment, even though Defendants Behr and Chrysler were and are aware

9

that VOC Contaminants continue to invade Plaintiffs' properties located within the Chrysler-Behr Plume Area.

36.     Exposure to TCE can cause several serious health and disease impacts, including, but not limited to, kidney cancer, liver cancer, Non Hodgkins Lymphoma, impaired fetal development (including fetal heart malformation), kidney damage, and autoimmune disease.

37.     Exposure to PCE can cause several serious health and disease impacts, including, but not limited to headaches, dizziness, nausea, confusion, difficulty speaking and walking, unconsciousness, impaired fetal development in pregnant women, kidney damage, liver damage, cancer, and death.

38.     Exposure to DCE can cause several serious health and disease impacts, including, but not limited to headaches, dizziness, nausea, confusion, decreased red blood cell count, kidney damage, liver damage and death.

39.     Exposure to vinyl chloride can cause several serious health and disease impacts, including, but not limited to unconsciousness, liver cancer, brain cancer, lung cancer, cancers of the blood, and death.

40.     The presence of VOC Contaminants in the Chrysler-Behr Plume Area, caused by Defendants Behr and Chrysler's actions and operations, has diminished the value of Plaintiffs' properties located within the Chrysler-Behr Plume Area, has interfered with such Plaintiffs' exclusive possession and use and enjoyment of said properties.

41.     The continuing migration of Contaminated Groundwater on, under and around the Plaintiffs' properties located in the Chrysler-Behr Plume Area has resulted in

10

the intrusion of toxic gas vapors on, into, and near said properties, thereby exposing such Plaintiffs in the Chrysler-Behr Plume Area to toxic gas vapors, diminishing the value of Plaintiffs' properties located within the Chrysler-Behr Plume Area, interfering with such Plaintiffs' exclusive possession and use and enjoyment of said properties.

**B.  Chrysler-Behr-Aramark Plume**

42.  Defendant Aramark owns, operates or is otherwise responsible for operating the Aramark Facility.

43.  Dry cleaning solvents and equipment, including PCE, TCE and other VOCs, were used at the Aramark Facility.

44.  In 1991, PCE, TCE and DCE were detected in the soil and Groundwater at the Aramark Facility.

45.  Defendant Aramark operated the Aramark Facility in a manner that caused significant Groundwater Contamination on, under, and around the Aramark Facility.

46.  VOC Contaminants released into the groundwater during Aramark's ownership and operation of the Aramark Facility have migrated off-site and commingled with VOC Contaminants released into the groundwater during Chrysler's and Behr's ownership and operation of the Behr Facility to form the Chrysler-Behr-Aramark Plume that flows on, under, towards and around where the Chrysler-Behr-Aramark Plaintiffs own property in the Chrysler-Behr-Aramark Plume Area, as portrayed in the area shaded red on Pl. Ex. 1.

47.  Defendant Aramark knew or should have known that its operations had polluted the groundwater on, around, and beneath Plaintiffs' properties within the Chrysler-Behr-Aramark Plume Area with VOC Contaminants. Yet Defendant Aramark

took no meaningful steps, prior to 1996, to abate the contamination. Instead, it continued to operate the Aramark Facility in substantially the same manner, compounding any pre-existing damage from contamination and adding further to the contamination by its ongoing operations.

48.     Beginning in 1996, Aramark operated a remediation system in an effort to control the off-site migration of these VOC Contaminants.  In November 2003, however, Aramark decided to cease operations of the remediation system and discontinue annual groundwater monitoring. Aramark never attempted to undertake any program to promptly and completely remove all of its VOC Contaminants from Plaintiffs' properties in the Chrysler-Behr-Aramark Plume Area. VOC Contaminants remain on such Plaintiffs' properties.

49.     Defendants Chrysler and Behr knew or should have known that their operations had polluted the groundwater on, around, and beneath Plaintiffs' properties located within the Chrysler-Behr-Aramark Plume Area with VOC Contaminants. Yet Defendants Chrysler and Behr took no meaningful steps to abate the contamination nor to promptly and completely remove VOC Contaminants from Plaintiffs' properties in the Chrysler-Behr-Aramark Plume Area and VOC Contaminants are still on such Plaintiffs' properties. Instead, each continued to operate the Behr Facility in substantially the same manner, compounding any pre-existing damage from contamination and adding further to the contamination by its ongoing operations.

50.     VOC Contaminants in the Chrysler-Behr-Aramark Plume will eventually discharge into the Great Miami River, which is a sensitive water body in the heart of Dayton, Ohio.

51.     The United States Environmental Protection Agency and the Ohio Environmental Protection Agency have identified the Facilities as sources of VOC Contaminants in the Chrysler-Behr-Aramark Plume Area.

52.     Defendant Aramark had the opportunity, at greater cost, to better control, contain and dispose of its VOC Contaminants, but Defendant Aramark elected not to spend that money.

53.     Defendants Chrysler and Behr had the opportunity, at greater cost, to better control, contain and dispose of its VOC Contaminants, but elected not to spend that money.

54.     Defendants Behr, Chrysler and Aramark have knowingly and intentionally chosen not to undertake any program to promptly and completely remove VOC Contaminants from the Chrysler-Behr-Aramark Plume Area, although Defendants were and are aware that VOC Contaminants continue to invade Plaintiffs' properties and remain on Plaintiffs' properties located within the Chrysler-Behr-Aramark Plume Area and interfere with Plaintiffs' exclusive possession of their properties and that Plaintiffs' properties located within the Chrysler-Behr-Aramark Plume Area continue to be exposed to VOC Contaminants.

55.     The VOC Contaminants originating from the Facilities include TCE, PCE, DCE, vinyl chloride and other hazardous substances.

56.     The presence of VOC Contaminants in the Chrysler-Behr-Aramark Plume Area, caused by the Defendants' actions and operations, has diminished the value of Plaintiffs' properties located within the Chrysler-Behr-Aramark Plume, has interfered with such Plaintiffs' exclusive possession and use and enjoyment of said properties.

57. The continuing migration of Contaminated Groundwater on, under and around the Plaintiffs' properties located in the Chrysler-Behr-Aramark Plume Area has resulted in the intrusion of toxic gas vapors on, into, and near said properties, thereby exposing Plaintiffs in the Chrysler-Behr-Aramark Plume Area to toxic gas vapors and has diminished the value of Plaintiffs' properties located within the Chrysler-Behr-Aramark Plume, has interfered with such Plaintiffs' exclusive possession and use and enjoyment of said properties.

58. The allegations concerning the contamination caused by Defendants Behr and Chrysler and said Defendants' actions apply to both the Chrysler-Behr Plume and the Chrysler-Behr-Aramark Plume.

## CLASS REPRESENTATION ALLEGATIONS

59. This Class Action is being filed by the Plaintiffs, pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and others similarly situated.

60. Plaintiffs seeks to certify the following Classes defined as:

> Chrysler-Behr Class: All persons who on or after April 1, 2006 owned property located within the Chrysler-Behr Class Area, which is geographically depicted by the yellow shaded area on Exhibit 1.

> Chrysler-Behr-Aramark Class: All persons who on or after April 1, 2006 owned property located within the Chrysler-Behr-Aramark Class Area, which is geographically depicted by the red shaded area on Exhibit 1.

61. To the extent revealed by discovery and investigation, there may be additional appropriate Classes and/or sub Classes from the above Class definitions which are broader and/or narrower in temporal scope and/or scope of exposure.

62.     Excluded from the Classes are (1) Defendants in this action (and their officers, directors, agents, employees and members of their immediate families), and any entity in which Defendants have a controlling interest, and the legal representatives, heirs, successors and assigns of Defendants; and (2) the judicial officers to whom this case is assigned, their staff, and the members of their immediate families.

63.     The properties of Plaintiffs and members of the respective Classes have been invaded by VOC Contaminants , and with respect to those who are current property owners in the respective class areas, their properties continue to be invaded by VOC Contaminants at, around, and emanating from the Facilities and the surrounding environment.

64.     As the result of the carelessness, recklessness, negligence and willful and wanton violation of law by Defendants Chrysler and Behr, Plaintiffs and the members of the Chrysler-Behr Property Damage Class (the "Chrysler-Behr Plaintiffs") seek compensatory and punitive damages from Chrysler and Behr for: economic losses, such as loss of property value and loss of use and enjoyment of their properties; injunctive relief in the form of removal of VOC Contaminants from Plaintiffs' properties in the Chrysler-Behr Plume Area; and the prevention of the future contamination of Plaintiffs' properties within the Chrysler-Behr Plume Area with VOC Contaminants originating at the Behr Facility.

65.     As the result of the carelessness, recklessness, negligence and willful and wanton violation of law by Defendants Chrysler, Behr and Aramark, Plaintiffs and the members of the Chrysler-Behr-Aramark Property Damage Class (the "Chrysler-Behr-Aramark Plaintiffs") seek compensatory and punitive damages from Chrysler, Behr and

Aramark for: economic losses, such as loss of property value and loss of use and enjoyment of their properties; injunctive relief in the form of removal of VOC Contaminants from Plaintiffs' properties in the Chrysler-Behr-Aramark Plume Area; and prevention of the future contamination of Plaintiffs' properties within the Chrysler-Behr-Aramark Plume Area with VOC Contaminants originating from the Facilities.

66.     Separate and apart from acting negligently, at all relevant times the Defendants Chrysler and Behr caused damages to members of the Chrysler-Behr Property Damage Class (and their properties) through acts and omissions actuated by actual malice, reckless indifference and/or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

67.     Separate and apart from acting negligently, at all relevant times the Defendants Chrysler, Behr, and Aramark caused damages to members of the Chrysler-Behr-Aramark Property Damage Class (and their properties) through acts and omissions actuated by actual malice, reckless indifference and/or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

68.     This Court may maintain these claims as a class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(1), 23(b)(2), and/or 23(b)(3).

69.     Numerosity – Fed. R. Civ. P. 23(a)(1):  The Classes are so numerous that joinder of all members is impractical.  Upon information and belief, the number of members in each respective Class exceeds one hundred members and one hundred properties, in satisfaction of Fed. R. Civ. P. 23 (a)(1).  Class members may be notified of the pendency of this action by regular mail, supplemented (if deemed necessary and appropriate by the Court) by published notice.

16

70.     Commonality – Fed. R. Civ. P. 23(a)(2):  There are common questions of law and fact that affect the rights of each member of the respective Classes, and the types of relief sought are common to each member of those Classes.  The same conduct has injured each member of each respective Class.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in satisfaction of Fed. R. Civ. P. 23(a)(2).

71.     Common questions of fact and law predominate over the questions affecting only individual members of the respective Classes. These common factual and legal questions include:

    a.     Whether, and to what extent, each Defendant is responsible for the VOC Contaminants flowing on, under and around Plaintiffs' properties located in each respective class area.

    b.     Whether, and to what extent, the actions and operations of each Defendant has created a trespass on Plaintiffs' properties and has created a nuisance at Plaintiffs' properties in each respective class area.

    c.     Whether Defendants engaged in abnormally dangerous activities for which they are strictly liable.

    d.     Whether Plaintiffs and other members of the respective Classes were, and are being, injured by each respective Defendant's actions and operations and, if so, the appropriate class-wide injunctive relief.

72.     These questions of law and/or fact are common to the Classes and predominate over any questions affecting only individual Class members.

73.     Typicality – Fed. R. Civ. P. 23 (a)(3):  The claims of the Plaintiffs are typical of the claims of the members of the Classes as required by Fed. R. Civ. P. 23(a)(3), in that all claims are based upon the same factual and legal theories.  It is the same conduct by Defendants Chrysler and Behr that has injured each member of the Chrysler-Behr Property Damage Class.   It is the same conduct by Defendants Chrysler,

Behr and Aramark that has injured each member of the Chrysler-Behr-Aramark Property Damage Class. The principal issue in this matter involves each Defendants' respective conduct in wrongfully emitting, releasing, discharging, handling, storing, transporting, processing, disposing and/or failing to properly control the migration of their VOC Contaminants and/or failing to undertake any program to promptly and completely remove VOC Contaminants from the properties in the Class areas, which impacts all members of the respective Classes. The prosecution of separate actions by individual members of the Classes would potentially result in inconsistent or varying adjudications with respect to individual members of the Classes. Prosecution of separate actions would establish incompatible standards of conduct for Defendants, which would be dispositive of the interests of other Class members not parties to the adjudications, and substantially impair or impede other Class member's ability to protect their interests. Defendants Chrysler and Behr's actions, which have contaminated the properties within the Chrysler-Behr Plume Area and, which, together with Defendant Aramark's actions, have contaminated the properties in the Chrysler-Behr-Aramark Plume Area, make final injunctive relief appropriate.

74. Adequacy – Fed. R. Civ. P. 23(a)(4): Linda Russell and Deborah Needham are proposed class representatives for the Chrysler-Behr Property Damage Class. Terry Martin and Nancy Smith are proposed class representatives for the Chrysler-Behr-Aramark Property Damage Class. Plaintiffs are adequate representatives of their respective Classes because their interests do not conflict with the interests of the members of the Classes they seek to represent. The Plaintiffs adequately and truly represent the interests of the absent Class members.

18

75.     Plaintiffs Linda Russell, Deborah Needham and all members of the Chrysler-Behr Property Damage Class they seek to represent are owners of property in the Chrysler-Behr Plume Area damaged by reason of Chrysler and Behr's conduct.

76.     Plaintiffs Terry Martin, Nancy Smith and all members of the Chrysler-Behr-Aramark Property Damage Class they seek to represent are owners of property in the Chrysler-Behr-Aramark Plume Area damaged by reason of Chrysler, Behr, and Aramark's conduct.

77.     The interests of the Plaintiffs in the respective classes are coextensive with the interests of the other members of such respective Classes, with common rights of recovery based on the same essential facts.

78.     Plaintiffs have retained counsel competent and experienced in complex class action litigation, and Plaintiffs intend to prosecute this action vigorously.  The interests of members of the respective Classes will be fairly and adequately protected by Plaintiffs and their counsel.

79.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants and/or because adjudications respecting individual members of the Classes would, as a practical matter, be dispositive of the interests of the other members or would risk substantially impairing or impending their ability to prosecute their interests.

80.     Class certification of the Chrysler-Behr Property Damage Class and the Chrysler-Behr-Aramark Property Damage Class is appropriate pursuant to Fed. R. Civ.

P. 23 (b)(2) because the respective Defendants have acted or refused to act on grounds generally applicable to all members of the respective Classes, thereby making final injunctive relief or declaratory relief in the form of removal of all VOC Contaminants released, emitted or emanating from the Facilities from all Plaintiffs' land and prevention of such further contamination of Plaintiffs' land appropriate.

81.     Plaintiffs and members of the Chrysler-Behr Property Damage Class and the Chrysler-Behr-Aramark Property Damage Class, respectively, have suffered, and will continue to suffer, harm and damages as a result of the respective Defendants' unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy under Fed. R. Civ. P. 23 (b)(3). Absent a class action, most members of the Chrysler-Behr Property Damage Class and the Chrysler-Behr-Aramark Property Damage Class, respectively, likely would find the cost of litigating their claims to be prohibitive, and would have no effective remedy at law. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

82.     Class action treatment is a superior method for the fair and efficient adjudication of the controversy, in that, among other things, there is no interest by members of the respective Classes in individually controlling the prosecution of separate actions, the expense of prosecuting individual claims is prohibitive in light of the typical claimant's injury, neither the Plaintiffs nor members of the proposed Classes have filed or are parties to any litigation wherein the legal and factual issues raised herein are to be adjudicated, and it is desirable to concentrate the litigation of the claims made herein in a

single proceeding in order to provide claimants with a forum in which to seek redress. Whatever difficulties may exist in the management of the class action will be greatly outweighed by the benefits of the class action procedure, including but not limited to providing claimants with a method for the redress of claims that may not otherwise warrant individual litigation.

83.     The prosecution of separate claims by individual members of the respective Classes creates a risk that adjudication concerning individual members of the Classes would, as a practical matter, be dispositive of, or substantially impair or impede, the ability of other members of the Classes not parties to those actions to protect their interests.

84.     Defendants Chrysler and Behr have acted on grounds generally applicable to all members of the proposed Chrysler-Behr Class, and Defendants have acted on grounds generally applicable to all members of the Chrysler-Behr-Aramark Class, making final declaratory and injunctive relief concerning the respective Classes as a whole appropriate.

85.     Class certification is also appropriate because this Court can designate particular claims or issues for classwide treatment and may designate one or more subclasses pursuant to Fed. R. Civ. P. 23(c)(4).

86.     No unusual difficulties are likely to be encountered in the management of this action as a class action.

87.     Class certification is also appropriate because Defendants Chrysler and Behr have acted on grounds generally applicable to all members of the proposed Chrysler-Behr Class and Defendants Chrysler, Behr and Aramark have acted on grounds

generally applicable to all members of the Chrysler-Behr-Aramark Class, making appropriate equitable relief with respect to Plaintiffs and the members of the Classes. Specifically, Plaintiffs and the members of the respective Classes seek an injunction (1) requiring Defendants to promptly and completely remove all TCE and other chemicals released, emitted or emanating from their Facilities from Plaintiffs' properties in the Chrysler-Behr Plume Area and the Chrysler-Behr-Aramark Plume Area, respectively and (2) requiring Defendants to prevent the further migration of VOC Contaminants onto Plaintiffs' properties in the Chrysler-Behr Plume Area and the Chrysler-Behr-Aramark Plume Area, respectively.

## COUNT I
### Trespass

88.     Plaintiffs incorporate herein by reference the allegations set forth in each paragraph above as if fully restated herein.

89.     Defendants, at all times material hereto, acted through their respective officers, employees, and agents, who in turn acted in the scope of their authority and employment in furtherance of the business of such Defendants.

90.     VOC Contaminants released from the Behr Facility have migrated on, under, and around Plaintiffs' properties in the Chrysler-Behr Plume Area and are still there.  VOC Contaminants released from the Facilities have migrated on, under, and around Plaintiffs' properties in the Chrysler-Behr-Aramark Plume Area and are still there.

91.     The respective invasions are ongoing and continuous.

92.     The release of VOC Contaminants from the Behr Facility, which have migrated on, under, and around Plaintiffs' properties located in the Chrysler-Behr Plume

Area, has resulted in a trespass to such Plaintiffs' properties. The release of VOC Contaminants from the Facilities, which have migrated on, under, and around Plaintiffs' properties located in the Chrysler-Behr-Aramark Plume Area, have resulted in a trespass to such Plaintiffs' properties, for which the respective Defendants are responsible.

93. Defendants knew, or should have known, that VOC Contaminants released from their respective Facilities would migrate onto Plaintiffs' properties and, absent removal by them would remain on Plaintiffs' properties.

94. The presence of VOC Contaminants on Plaintiffs' respective properties is unauthorized.

95. Defendants have not sought nor obtained Plaintiffs' consent to place their VOC Contaminants on Plaintiffs' respective properties.

96. Separate and apart from acting negligently or with gross negligence, at all relevant times the respective Defendants caused and cause injury and damages to the Plaintiffs and the members of the respective Classes through acts and omissions actuated by malice and/or accompanied by a wanton, reckless and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

97. By reason of Chrysler and Behr's trespass on Plaintiffs' properties located in the Chrysler-Behr Plume Area, Plaintiffs in the Chrysler-Behr Plume Area are entitled to injunctive relief requiring Defendants Chrysler and Behr to 1) promptly and completely remove all VOC Contaminants from such Plaintiffs' land and 2) prevent the future migration of VOC Contaminants onto such Plaintiffs' land.

98. By reason of Chrysler, Behr and Aramark's trespass on Plaintiffs' properties located in the Chrysler-Behr-Aramark Plume Area, Plaintiffs in the Chrysler-

Behr-Aramark Plume Area are entitled to injunctive relief requiring Defendants Chrysler, Behr and Aramark to 1) promptly and completely remove all VOC Contaminants from such Plaintiffs' land and 2) prevent the future migration of VOC Contaminants onto such Plaintiffs' land.

**WHEREFORE**, Plaintiffs in the Chrysler-Behr Plume Area demand judgment against Chrysler and Behr jointly and severally, and Plaintiffs in the Chrysler-Behr-Aramark Plume Area demand judgment against Defendants Chrysler, Behr and Aramark, jointly and severally, requiring the respective Defendants to promptly and completely remove all VOC Contaminants from Plaintiffs' land and to prevent the future migration of VOC Contaminants onto Plaintiffs' land, together with costs of suit, punitive damages and such further relief as the court deems proper. Plaintiffs demand trial by jury on all issues so triable.

<u>**COUNT II**</u>
<u>**Private Nuisance**</u>

99.     Plaintiffs incorporate herein by reference the allegations set forth in each paragraph above as if fully restated herein.

100.    At all times mentioned in this Complaint, Plaintiffs in the Chrysler-Behr Class were or still are the owners of property within the Chrysler-Behr Plume Area.

101.    At all times mentioned in this Complaint, Plaintiffs in the Chrysler-Behr-Aramark Class were or still are the owners of property within the Chrysler-Behr-Aramark Plume Area.

102.    Defendants Chrysler and Behr's actions in causing and continuing to allow the migration of VOC Contaminants from the Behr Facility onto, under and around Plaintiffs' properties located in Chrysler-Behr Plume Area has invaded the Plaintiffs'

interest in the private use and enjoyment of their land, thereby resulting in a private nuisance for which Chrysler and Behr are responsible.

103.    Defendants Chrysler, Behr and Aramark's actions in causing and continuing to allow the migration of VOC Contaminants from the Facilities onto, under and around Plaintiffs' properties located in Chrysler-Behr-Aramark Plume Area has invaded the Plaintiffs' interest in the private use and enjoyment of their land, thereby resulting in a private nuisance for which Chrysler, Behr and Aramark are responsible.

104.    Separate and apart from acting negligently or with gross negligence, at all relevant times the respective Defendants caused and cause injury and damages to the Plaintiffs and the members of the respective Classes through acts and omissions actuated by malice and/or accompanied by a wanton, reckless and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

105.    As a result of Chrysler and Behr's actions towards Plaintiffs' properties located in the Chrysler-Behr Plume Area, and as a result of Chrysler, Behr and Aramark's action towards Plaintiffs' properties located in the Chrysler-Behr-Aramark Plume Area, such Plaintiffs have suffered loss of use and enjoyment of their properties, annoyance, inconvenience, and discomfort arising from the nuisance created by the respective Defendants.

**WHEREFORE**, Plaintiffs in the Chrysler-Behr Plume Area demand judgment against Chrysler and Behr jointly and severally, and Plaintiffs in the Chrysler-Behr-Aramark Plume Area demand judgment against Defendants Chrysler, Behr and Aramark, jointly and severally, for damages in a sum within the jurisdictional limits of this court,

together with costs of suit, punitive damages and such further relief as the court deems proper.  Plaintiffs demand trial by jury on all issues so triable.

## COUNT III
## Unjust Enrichment

106.    Plaintiffs incorporate herein by reference the allegations set forth in each paragraph above as if fully restated herein.

107.    Defendants Chrysler and Behr have been enriched by their acts and omissions, which have resulted in VOC Contaminants being placed on and under Plaintiffs' properties located in the Chrysler-Behr Plume Area.

108.    Defendants Chrysler, Behr, and Aramark have been enriched by their acts and omissions, which have resulted in VOC Contaminants being placed on and under Plaintiffs' properties located in the Chrysler-Behr-Aramark Plume Area.

109.    These acts and omissions allowed the respective Defendants to save millions of dollars in costs they should have expended to properly contain and control the substances emanating from their respective Facilities.

110.    Plaintiffs in the respective class areas have suffered diminished property values and other monetary damages due to the respective Defendants' acts and omissions as alleged herein.

111.    Defendants lack any legal justification for permitting their VOC Contaminants to leave their property and enter Plaintiffs' property at Plaintiffs' expense.

112.    Defendants lack any legal justification for allowing their VOC Contaminants to remain on and under Plaintiffs' property at Plaintiffs' expense.

113.    Under the circumstances described herein, it would be inequitable for the respective Defendants to retain the benefits of their failure to implement the proper environmental controls without paying Plaintiffs the value thereof.

114.    No other remedy at law can adequately compensate Plaintiffs for the damages occasioned by the respective Defendants' conscious choice not to implement the proper environmental controls in order to save such expenses and to use Plaintiffs' property as an unauthorized and illegal hazardous waste disposal site from the time of the original contamination of the land until such time as Defendants effectuate a complete removal of all VOC Contaminants from Plaintiffs' properties.

115.    Separate and apart from acting negligently or with gross negligence, at all relevant times the respective Defendants caused and cause injury and damages to the Plaintiffs and the members of the respective Classes through acts and omissions actuated by malice and/or accompanied by a wanton, reckless and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

116.    By reason of Chrysler and Behr's conduct towards Plaintiffs' properties located in the Chrysler-Behr Plume Area, and by reason of Chrysler, Behr and Aramark's conduct towards Plaintiffs' properties located in the Chrysler-Behr-Aramark Plume Area, Plaintiffs in such class areas are entitled to recover, from the respective Defendants, damages to be determined by the amount of all money Defendants saved by not properly disposing of, controlling, cleaning up and removing from respective Plaintiffs' properties their VOC Contaminants, including all money earned on those savings.

**WHEREFORE**, Plaintiffs in the Chrysler-Behr Plume Area demand judgment against Chrysler and Behr jointly and severally, and Plaintiffs in the Chrysler-Behr-Aramark Plume Area demand judgment against Defendants Chrysler, Behr and Aramark, jointly and severally, for damages in a sum within the jurisdictional limits of this court, together with costs of suit and punitive damages.  Plaintiffs demand trial by jury on all issues so triable.

## COUNT IV
## Strict Liability

117.    Plaintiffs incorporate herein by reference the allegations set forth in each paragraph above as if fully restated herein.

118.    Defendants, as the owners and/or operators of the respective Facilities, were engaging in abnormally dangerous activities by using dangerous VOCs at their respective Facilities.

119.    Defendants' respective use of such VOCs at the Facilities (a) created a high degree of risk of harm to others, and particularly to Plaintiffs in the respective class areas, whose property has been impacted by the migrating VOC Contaminants; (b) created a risk involving a likelihood that the harm threatened by Defendants' activities would be great; (c) created a risk of harm that could not be eliminated by the exercise of reasonable care in the use of such VOCs; (d) were not a matter of common usage; and (e) were inappropriate to the place that they were being carried on, in that they were being used in an area with a shallow and fast moving aquifer with hundreds of residences located down-gradient from where these VOCs were being used which constituted a non-natural use of Defendants' land which imposed an unusual and

28

extraordinary risk of harm to Plaintiffs' properties, in the respective class areas, as well as to other property in the vicinity.

120.    As a direct and proximate result of Defendants Chrysler and Behr's conduct in engaging in the abnormally dangerous activities alleged above, VOCs that were used and stored at the Behr Facility have been disposed of in a manner that has allowed them to escape, leak and seep on, under and around Plaintiffs' properties located in the Chrysler-Behr Plume Area.  The harm sustained by Plaintiffs is exactly the kind of harm, the possibility of which made Defendants' activities abnormally dangerous.

121.    As a direct and proximate result of Defendants Chrysler, Behr and Aramark's conduct in engaging in the abnormally dangerous activities alleged above, VOCs used and stored at Defendants' Facilities have been disposed of in a manner that has allowed them to escape, leak and seep on, under and around Plaintiffs' properties located in the Chrysler-Behr-Aramark Plume Area. The harm sustained by Plaintiffs is exactly the kind of harm, the possibility of which made Defendants' activities abnormally dangerous.

122.    Separate and apart from acting negligently or with gross negligence, at all relevant times the respective Defendants caused and cause injury and damages to the Plaintiffs and the members of the respective Classes through acts and omissions actuated by malice and/or accompanied by a wanton, reckless and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

**WHEREFORE**, Plaintiffs in the Chrysler-Behr Plume Area demand judgment against Chrysler and Behr jointly and severally, and Plaintiffs in the Chrysler-Behr-Aramark Plume Area demand judgment against Defendants Chrysler, Behr and Aramark,

jointly and severally, for damages in a sum within the jurisdictional limits of this court, together with costs of suit, punitive damages and such further relief as the court deems proper. Plaintiffs demand trial by jury on all issues so triable.

## COUNT V
## Negligence

123. Plaintiffs incorporate herein by reference the allegations set forth in each paragraph above as if fully restated herein.

124. Defendants owed a duty of reasonable care to Plaintiffs in each respective Class area in the operation and maintenance of their respective Facilities.

125. Defendants breached this duty by: (1) discharging VOC Contaminants into the groundwater at the Facilities and allowing the contamination resulting therefrom to spread on, into, under and around Plaintiffs' properties in the respective Class Areas; (2) failing to adequately control and contain the contamination; (3) failing to adequately warn the Plaintiffs of the nature and extent of contamination; (4) failing to warn the Plaintiffs that such contaminants would travel on, into, under and around the Plaintiffs' property and 5) failing to undertake any program to promptly and completely remove such contaminants from Plaintiffs' properties.

126. Separate and apart from acting negligently or with gross negligence, at all relevant times the respective Defendants caused and cause injury and damages to the Plaintiffs and the members of the respective Classes through acts and omissions actuated by malice and/or accompanied by a wanton, reckless and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

127. As a result of this breach, and as a direct and proximate result of Defendants Chrysler and Behr's negligence or willfulness, Plaintiffs in the Chrysler-

30

Behr Class Area have been deprived of the use and benefit of their property and have suffered annoyance, inconvenience and discomfort.

128.    As a result of this breach, and as a direct and proximate result of Defendants Chrysler, Behr, and Aramark's negligence or willfulness, Plaintiffs in the Chrysler-Behr-Aramark Class Area have been deprived of the use and benefit of their property and have suffered annoyance, inconvenience and discomfort.

**WHEREFORE**, Plaintiffs in the Chrysler-Behr Plume Area demand judgment against Chrysler and Behr jointly and severally, and Plaintiffs in the Chrysler-Behr-Aramark Plume Area demand judgment against Defendants Chrysler, Behr and Aramark, jointly and severally, for damages in a sum within the jurisdictional limits of this court, together with costs of suit, punitive damages and such further relief as the court deems proper. Plaintiffs demand trial by jury on all issues so triable.

## COUNT VI
## Negligence Per Se

129.    Plaintiffs incorporate herein by reference the allegations set forth in each paragraph above as if fully restated herein.

130.    Defendants have an obligation not to violate the law in the operation and maintenance of their respective Facilities.

131.    Defendants' acts as fully alleged above constitute violations of their duty to comply with all applicable state and federal regulations intended to ensure the public safety from toxic exposures, including the requirements of the Ohio Water Pollution Control Act OH ST §§ 6111 *et seq.*; and the Ohio Air Pollution Control Act OH ST §§ 3704 *et seq.*

132.    Specifically, Defendants' acts constitute the prohibited acts under OH ST § 6111.07 and OH ST § 3704.05.

133.    Ohio Revised Code § 3734.101 provides for a private cause of action, allowing citizens to seek enforcement of the environmental laws of the State of Ohio.

134.    Defendants' acts constitute a breach of duty subjecting Defendants to civil liability for all damages arising therefrom and to parallel state law requirements, under theories of negligence per se.

135.    The Chrysler-Behr Plaintiffs and the Chrysler-Behr-Aramark Plaintiffs are within the class of persons the statutes and regulations described above are designed to protect and such Plaintiffs' injuries are the type of harm statutes and regulations are designed to prevent.

136.    Separate and apart from acting negligently or with gross negligence, at all relevant times the respective Defendants caused and cause injury and damages to the Plaintiffs and the members of the respective Classes through acts and omissions actuated by malice and/or accompanied by a wanton, reckless and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

**WHEREFORE**, Plaintiffs in the Chrysler-Behr Plume Area demand judgment against Chrysler and Behr jointly and severally, and Plaintiffs in the Chrysler-Behr-Aramark Plume Area demand judgment against Defendants Chrysler, Behr and Aramark, jointly and severally, for damages in a sum within the jurisdictional limits of this court, together with costs of suit, punitive damages and such further relief as the court deems proper.  Plaintiffs demand trial by jury on all issues so triable.

## COUNT VII
## Battery

137.     Plaintiffs incorporate herein by reference the allegations set forth in each paragraph above as if fully restated herein.

138.     Defendants Chrysler and Behr, by intentionally generating, discharging, transporting, or allowing the discharge of VOC Contaminants, concealing knowledge of same and/or their failure to remediate VOC Contaminants, intentionally and willfully caused a direct, harmful and/or offensive contact with plaintiffs and the members of the Chrysler-Behr Class and thereby committed battery upon such plaintiffs and the members of such Class.  Separate and apart from acting negligently or with gross negligence, at all relevant times the Defendants caused an increased risk of serious latent disease and damages to such plaintiffs and the members of such Class through acts and omissions actuated by malice and/or accompanied by a wanton, reckless and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

139.     Defendants Chrysler, Behr and Aramark, by intentionally generating, discharging, transporting, or allowing the discharge of VOC Contaminants, concealing knowledge of same and/or their failure to remediate VOC Contaminants, intentionally and willfully caused a direct, harmful and/or offensive contact with plaintiffs and the members of the Chrysler-Behr-Aramark Class and thereby committed battery upon such plaintiffs and the members of such Class.  Separate and apart from acting negligently or with gross negligence, at all relevant times the Defendants caused an increased risk of serious latent disease and damages to such plaintiffs and the members of such Class through acts and omissions actuated by malice and/or accompanied by a wanton,

reckless and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

140.    As a direct and proximate result of Defendants' misconduct as set forth herein, plaintiffs and the members of the respective Classes have suffered and continue to suffer enhanced risk of future serious latent disease; economic losses, and the loss of value to their property; and the loss of use and enjoyment of their property.

**WHEREFORE**, plaintiffs in the Chrysler-Behr Plume Area demand judgment against Chrysler and Behr jointly and severally, and plaintiffs in the Chrysler-Behr-Aramark Plume Area demand judgment against Defendants Chrysler, Behr and Aramark, jointly and severally, for damages in a sum within the jurisdictional limits of this court, together with costs of suit, punitive damages and such further relief as the court deems proper.  Plaintiffs demand trial by jury on all issues so triable.

<u>**COUNT VIII**</u>
<u>**Intentional Fraudulent Concealment**</u>

141.    Plaintiffs incorporate herein by reference the allegations set forth in each paragraph above as if fully restated herein.

142.    Defendants Chrysler and Behr, intentionally concealed and failed to disclose to Plaintiffs, members of the Chrysler-Behr Class and the public authorities, and/or agencies, material facts concerning the nature, extent, magnitude, and effects of the exposure of Plaintiffs, members of the Chrysler-Behr Class and/or their property, to VOC Contaminants emitted, released, stored, handled, processed, transported, and/or disposed of in and around the Behr Facility and the surrounding environment.

143.     Defendants Chrysler, Behr and Aramark intentionally concealed and failed to disclose to Plaintiffs, members of the Chrysler-Behr-Aramark Class and the public authorities, and/or agencies, material facts concerning the nature, extent, magnitude, and effects of the exposure of Plaintiffs, members of the Chrysler-Behr-Aramark Class and/or their property, to VOC Contaminants emitted, released, stored, handles, processed, transported, and/or disposed of in and around their respective Facilities and the surrounding environment.

144.     Defendants continue to intentionally conceal and fail to disclose to Plaintiffs, members of the respective Classes and public authorities, and/or agencies, material facts concerning the nature, extent, magnitude, and effects of the exposure of Plaintiffs, members of the respective Classes and/or their property, to VOC Contaminants emitted, released, stored, handled, processed, transported, and/or disposed of in and around their Facilities and the surrounding environment.

145.     At all relevant times the Defendants Chrysler and Behr caused damages to Plaintiffs and the members of the Chrysler-Behr Class through acts and omissions actuated by malice and/or accompanied by a wanton, reckless and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

146.     At all relevant times the Defendants Chrysler, Behr and Aramark caused damages to Plaintiffs and the members of the Chrysler-Behr-Aramark Class through acts and omissions actuated by malice and/or accompanied by a wanton, reckless and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

147.   Defendants concealed such information. Defendants knew that Plaintiffs, members of the respective Classes and/or properties in and around their respective Facilities and the surrounding environment, would be exposed to VOC Contaminants.

148.   Defendants knew and understood that their concealment of such information would subject and continues to subject Plaintiffs, members of the respective Classes and/or properties in and around their respective Facilities and the surrounding environment, to continued exposure to VOC Contaminants indefinitely, and up to and including today.

149.   If the Plaintiffs and the members of the respective Classes, who are/were residents of Dayton, Ohio and the surrounding community, had known the information concealed by Defendants, Plaintiffs and the members of the respective Classes would not have consented to being exposed to VOC Contaminants.

150.   Plaintiffs and the members of the respective Classes reasonably believed that the groundwater, air, soil, and natural resources in and around the Facilities and their surrounding community did not pose any potential health hazard, and thus reasonably relied upon said belief in refraining, until the filing of this suit, from seeking redress or taking precautions.

151.   Separate and apart from acting negligently or with gross negligence, at all relevant times the respective Defendants caused and cause injury and damages to the Plaintiffs and the members of the respective Classes through acts and omissions actuated by malice and/or accompanied by a wanton, reckless and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

36

152.    As a direct and proximate result of Defendant Chrysler and Behr's misconduct as set forth herein, Plaintiffs and the members of the Chrysler-Behr Class have suffered and continue to suffer economic losses, such as the loss of value to their properties.

153.    As a direct and proximate result of Defendant Chrysler, Behr, and Aramark's misconduct as set forth herein, Plaintiffs and the members of the Chrysler-Behr-Aramark Class have suffered and continue to suffer economic losses, such as the loss of value to their properties.

**WHEREFORE**, Plaintiffs in the Chrysler-Behr Plume Area demand judgment against Chrysler and Behr jointly and severally, and Plaintiffs in the Chrysler-Behr-Aramark Plume Area demand judgment against Defendants Chrysler, Behr and Aramark, jointly and severally, for damages in a sum within the jurisdictional limits of this court, together with costs of suit, punitive damages and such further relief as the court deems proper.  Plaintiffs demand trial by jury on all issues so triable.

### COUNT IX
### Constructive Fraud (Negligent Fraudulent Concealment)

154.    Plaintiffs incorporate herein by reference the allegations set forth in each paragraph above as if fully restated herein.

155.    Defendants Chrysler and Behr, negligently concealed and failed to disclose to Plaintiffs, members of the Chrysler-Behr Class and public authorities, and or agencies, material facts concerning the nature, extent, magnitude, and effects of the exposure of Plaintiffs, members of the Chrysler-Behr Class and/or their properties, to VOC Contaminants emitted, released, stored, handles, processed, transported, and/or disposed of in and around the Behr Facility and the surrounding environment. Separate

and apart from acting negligently or with gross negligence, at all relevant times the Defendants Chrysler and Behr caused damages to the Plaintiffs and the members of the Chrysler-Behr Class through acts and omissions actuated by malice and/or accompanied by a wanton, reckless and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

156.    Defendants Chrysler, Behr and Aramark negligently concealed and failed to disclose to Plaintiffs, members of the Chrysler-Behr-Aramark Class and public authorities, and or agencies, material facts concerning the nature, extent, magnitude, and effects of the exposure of Plaintiffs, members of the Chrysler-Behr-Aramark Class and/or their properties, to VOC Contaminants emitted, released, stored, handles, processed, transported, and/or disposed of in and around their respective Facilities and the surrounding environment. Separate and apart from acting negligently or with gross negligence, at all relevant times the Defendants Chrysler, Behr and Aramark caused damages to the Plaintiffs and the members of the Chrysler-Behr-Aramark Class through acts and omissions actuated by malice and/or accompanied by a wanton, reckless and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

157.    At the time the respective Defendants concealed such information, Defendants knew or should have known that Plaintiffs, members of the respective Classes and/or property in and around their respective Facilities and the surrounding environment, would be exposed to VOC Contaminants.

158.    If the Plaintiffs and the members of the respective Classes, who are/were residents of Dayton, Ohio and the surrounding community, had known the information

38

concealed by the respective Defendants, Plaintiffs and the members of the Classes would not have consented to being exposed to VOC Contaminants.

159.   Plaintiffs and the members of the respective Classes reasonably believed that the groundwater, air, soil, and natural resources in and around the respective Facilities and their surrounding community did not pose any potential health hazard, and thus reasonably relied upon said belief in refraining, until the filing of this suit, from seeking redress or taking precautions.

160.   Separate and apart from acting negligently or with gross negligence, at all relevant times the respective Defendants caused and cause injury and damages to the Plaintiffs and the members of the respective Classes through acts and omissions actuated by malice and/or accompanied by a wanton, reckless and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

161.   As a direct and proximate result of Defendants Chrysler and Behr's misconduct as set forth herein, Plaintiffs and the members of the Chrysler-Behr Class have suffered and continue to suffer economic losses, such as the loss of value to their properties.

162.   As a direct and proximate result of Defendants Chrysler, Behr, and Aramark's misconduct as set forth herein, Plaintiffs and the members of the Chrysler-Behr-Aramark Class have suffered and continue to suffer economic losses, such as the loss of value to their properties.

**WHEREFORE**, Plaintiffs in the Chrysler-Behr Plume Area demand judgment against Chrysler and Behr jointly and severally, and Plaintiffs in the Chrysler-Behr-Aramark Plume Area demand judgment against Defendants Chrysler, Behr and Aramark,

jointly and severally, for damages in a sum within the jurisdictional limits of this court, together with costs of suit, punitive damages and such further relief as the court deems proper.  Plaintiffs demand trial by jury on all issues so triable.

## COUNT X
## Negligent Misrepresentation

163.    Plaintiffs incorporate herein by reference the allegations set forth in each paragraph above as if fully restated herein.

164.    Defendants Chrysler and Behr negligently concealed and failed to disclose to Plaintiffs, members of the Chrysler-Behr Class and public authorities, and or agencies, material facts concerning the nature, extent, magnitude, and effects of the exposure of Plaintiffs, members of the Chrysler-Behr Class and/or their property, to VOC Contaminants emitted, released, stored, handled, processed, transported, and/or disposed of in and around the Behr Facility and the surrounding environment.

165.    Defendants Chrysler, Behr and Aramark negligently concealed and failed to disclose to Plaintiffs, members of the Chrysler-Behr-Aramark Class and public authorities, and or agencies, material facts concerning the nature, extent, magnitude, and effects of the exposure of Plaintiffs, members of the Chrysler-Behr-Aramark Class and/or their property, to VOC Contaminants emitted, released, stored, handled, processed, transported, and/or disposed of in and around the respective Facilities and the surrounding environment.

166.    At the time Defendants concealed such information, Defendants knew or reasonably should have known that Plaintiffs and/or properties in and around their respective Facilities and the surrounding environment would be exposed to VOC Contaminants.

40

167.     Defendants knew and understood or reasonably should have known that their negligent concealment of such information would subject and continue to subject the properties of the Plaintiffs and members of the respective Classes to continue to be exposed to VOC Contaminants indefinitely, and up to and including today.

168.     If the Plaintiffs and the members of the Classes, who are/were residents of Dayton, Ohio and the surrounding community, had known the information concealed by the respective Defendants, Plaintiffs and the members of the respective Classes would not have consented to being exposed to VOC Contaminants.

169.     Plaintiffs and the members of the respective Classes reasonably believed that the groundwater, air, soil, and natural resources in and around the respective Facilities and their surrounding community did not pose any potential health hazard, and thus reasonably relied upon said belief in refraining, until the filing of this suit, from seeking redress or taking precautions.

170.     Separate and apart from acting negligently or with gross negligence, at all relevant times the respective Defendants caused and cause injury and damages to the Plaintiffs and the members of the respective Classes through acts and omissions actuated by malice and/or accompanied by a wanton, reckless and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

171.     As a direct and proximate result of Defendants Chrysler and Behr's misconduct as set forth herein, Plaintiffs and the members of the Chrysler-Behr Class have suffered and continue to suffer economic losses, such as the loss of value to their property.

172.    As a direct and proximate result of Defendants Chrysler, Behr, and Aramark's misconduct as set forth herein, Plaintiffs and the members of the Chrysler-Behr-Aramark Class have suffered and continue to suffer economic losses, such as the loss of value to their property.

**WHEREFORE**, Plaintiffs in the Chrysler-Behr Plume Area demand judgment against Chrysler and Behr jointly and severally, and Plaintiffs in the Chrysler-Behr-Aramark Plume Area demand judgment against Defendants Chrysler, Behr and Aramark, jointly and severally, for damages in a sum within the jurisdictional limits of this court, together with costs of suit, punitive damages and such further relief as the court deems proper.  Plaintiffs demand trial by jury on all issues so triable.

## COUNT XI
## Civil Conspiracy
### (Chrysler and Behr Only)

173.    Plaintiffs incorporate herein by reference the allegations set forth in each paragraph above as if fully restated herein.

174.    At all times pertinent hereto, the conduct of Defendants Chrysler and Behr in the use, disposal, release, discharge, transportation, storage, treatment, and handling of VOC Contaminants, or concealment of knowledge of same, was more than momentary thoughtlessness, inadvertence, or error of judgment on the part of these Defendants.  Instead, their conduct constituted an entire want of care and willful and wanton disregard of the rights, welfare, safety and health of Plaintiffs and the members of the Chrysler-Behr Class.

175.    Separate and apart from acting negligently or with gross negligence, at all relevant times the Defendants Chrysler and Behr caused damages to the Plaintiffs and

the members of the Chrysler-Behr Class and the Chrysler-Behr-Aramark Class through acts and omissions actuated by malice and/or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

176. Defendants Chrysler and Behr reached agreement to act in concert to mask the true extent of contamination, thereby enabling the Defendants to avoid taking all appropriate steps to remediate the Behr Facility and the surrounding environment or to mitigate dangers created by their release, discharge, storage, handling, processing, disposal of and dumping of VOC Contaminants at the Behr Facility and the surrounding environment. Acting in concert to affect these unlawful and wrongful acts and omissions, Defendants Chrysler and Behr jointly inflicted damages upon the Plaintiffs and the members of the Chrysler-Behr Class and the Chrysler-Behr-Aramark Class:

    a. Defendants Chrysler and Behr jointly operated the Behr Facility pursuant to a joint venture agreement;

    b. Defendants Chrysler and Behr jointly failed to prevent the migration of contaminants off the Behr Facility and into the proposed Chrysler-Behr Plume Area and the and the Chrysler-Behr-Aramark Plume Area;

    c. Defendants Chrysler and Behr jointly maintained interim remedial measures which were not adequate to protect Plaintiffs or their property in the Chrysler-Behr Plume Area and the and the Chrysler-Behr-Aramark Plume Area from the VOC Contaminants released from the Behr Facility and did not even attempt to promptly and completely remove VOC Contaminants from such Plaintiffs' properties;

    d. Defendants Chrysler and Behr shared information concerning the risks associated with exposure to VOC Contaminants released from the Behr Facility;

    e. Defendants Chrysler and Behr jointly failed to disclose to Plaintiffs, members of the Chrysler-Behr Class and the Chrysler-Behr-Aramark Class and public authorities, and or agencies, material facts concerning the nature, extent, magnitude, and effects of the exposure of Plaintiffs, members of the Chrysler-Behr Class and the Chrysler-Behr-Aramark Class and/or their respective property, to VOC Contaminants emitted, released, stored, handled, processed,

transported, and/or disposed of in and around the Behr Facility and the surrounding environment thereby allowing Plaintiffs in the Chrysler-Behr Plume Area and the Chrysler-Behr-Aramark Plume Area to be exposed to VOC Contaminants.

177. At all times pertinent hereto, the conduct of Defendants Chrysler and Behr in the use, disposal, release, discharge, transportation, storage, treatment, and handling of VOC Contaminants, or concealment of knowledge of same, that threaten to cause property damage including damage to the natural resources such as soil, groundwater, and surface water, were deliberate acts or omissions taken with knowledge of a high degree of probability of harm and reckless indifference to the consequences thereof, and the welfare of the Plaintiffs in the Chrysler-Behr Class and the Chrysler-Behr-Aramark Class.

178. Further, each of Defendants Chrysler and Behr failed and refused to take positive steps and actions to prevent and/or minimize the exposure of Plaintiffs in the Chrysler-Behr Plume Area and the Chrysler-Behr-Aramark Plume Area to VOC Contaminants including failing to undertake any program to promptly and completely remove all VOC Contaminants from such Plaintiffs' properties.

179. Defendants Chrysler and Behr's conduct in the use, disposal, release, discharge, transportation, storage, treatment, and handling of VOC Contaminants, or concealment of knowledge of same, which have caused property damage, including damage to the natural resources such as soil, groundwater, and surface water, demonstrated a willful and wanton, malicious and reckless disregard of the rights of Plaintiffs in the Chrysler-Behr Class and the Chrysler-Behr-Aramark Class to warrant the imposition of punitive damages.

44

180.     Separate and apart from acting negligently or with gross negligence, at all relevant times Defendants Chrysler and Behr caused and cause injury and damages to the Plaintiffs and the members of the Chrysler-Behr Class and the Chrysler-Behr-Aramark Class through acts and omissions actuated by malice and/or accompanied by a wanton, reckless and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

181.     As a direct and proximate result of Defendants Chrysler and Behr's misconduct as set forth herein, Plaintiffs and the members of the Chrysler-Behr Class and the Chrysler-Behr-Aramark Class have suffered and continue to suffer economic losses, such as the loss of value to their properties.

182.     Defendants Chrysler and Behr are jointly and severally liable to Plaintiffs and the members of the Chrysler-Behr Class and the Chrysler-Behr-Aramark Class for their acts and/or omissions.

**WHEREFORE**, Plaintiffs demand judgment against Defendants Chrysler and Behr, jointly and severally, for damages in a sum within the jurisdictional limits of this court, together with costs of suit, punitive damages and such further relief as the court deems proper.  Plaintiffs demand trial by jury on all issues so triable.

## JURY TRIAL DEMAND AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and the members of the Classes request that the Court enter an order or judgment against Defendants as follows:

A.     Enter an Order pursuant to Federal Rule 23 permitting this action to be maintained as a class action, appointing Plaintiffs as the representatives of the respective Classes and Plaintiffs' counsel as counsel for each of the Classes as defined in Paragraph 60 above;

B.      Enter judgment in favor of Plaintiffs and the members of the Chrysler-Behr

Property Damage Class and the Chrysler-Behr-Aramark Property Damage Class against

the respective Defendants, for the loss of property value, interference with the use and

enjoyment of their property and for all other relief, in an amount to be proven at trial, as

to which they may be entitled, including interest, attorneys' fees, expert fees and costs of

this suit;

C.      Award prejudgment and post-judgment interest as provided by law;

D.      Award compensatory damages;

E.      Award punitive and exemplary damages;

F.      Enter an injunction requiring Defendants to promptly and completely

remove all TCE and other VOC Contaminants released, emitted or emanating from the

respective Facilities from Plaintiffs' property and to prevent the further migration of such

VOC Contaminants onto Plaintiffs' property;

G.      Award attorneys' fees and costs; and

H.      Such other relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all claims so triable in this action.

Dated: March 4, 2015                                Respectfully submitted,

/s/ Steven J. German
*Steven J. German (*pro hac vice*)
*Joel M. Rubenstein (*pro hac vice*)
**German Rubenstein LLP**
19 West 44th Street, Suite 1500
New York, New York  10036
Telephone: (212) 704-2020
Facsimile: (212) 704-2077

*Robert K. Jenner (*pro hac vice*)
**Janet, Jenner & Suggs, LLC**

46

Commerce Centre East
1777 Reisterstown Road, Suite 165
Baltimore, Maryland  21208
Telephone: (410) 653-3200
Facsimile: (410) 653-9030

*Anthony Z. Roisman, Esq. (*pro hac vice*)
**National Legal Scholars Law Firm, P.C.**
394 Skyline Drive
Weathersfield, VT  05156
Telephone: (802) 885-4162
Facsimile: (802) 885-4175

**Douglas Brannon, Esq.
**Dwight D. Brannon, Esq.
**Brannon & Associates**
130 West Second Street, Suite 900
Dayton, OH 45402
Telephone: (937) 228-2306
Facsimile: (937) 228-8475

*Each of these counsel are counsel in *Spears v. Chrysler, LLC*, Case No. 3:08-cv-0331 and *First Property Group LTD*., Case No. 3:08-cv-00329.  These Counsel are not representing any person or claim raised in *Martin v. Chrysler, LLC*, Case No. 3:08-cv-00326, except to the extent that person and that claim is presented in this Master Amended Complaint, and their signature on this Master Amended Complaint does not constitute any commitment to do so.

**Each of these counsel are counsel in *Martin v. Chrysler, LLC*, Case No. 3:08-cv-00326.  These Counsel are not representing any person or claim raised in *Spears v. Chrysler, LLC*, Case No. 3:08-cv-0331 and *First Property Group LTD*., Case No. 3:08-cv-00329, except to the extent that person and that claim is presented in this Master Amended Complaint, and their signature on this Master Amended Complaint does not constitute any commitment to do so.