UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| In Re Behr Dayton Thermal Products LLC | Case No. 3:08-cv-326 |
| | Hon. Walter H. Rice, U.S.D.J. |
| | ORAL ARGUMENT REQUESTED |

**ARAMARK AND BEHR'S JOINT BRIEF IN RESPONSE TO THE COURT'S REQUEST FOR COUNSEL'S INPUT ON SEVENTH AMENDMENT ISSUES, (DOC# 409)**

## **TABLE OF CONTENTS**

PAGE(S)

PRELIMINARY STATEMENT ..................................................................................................1

RELEVANT BACKGROUND ....................................................................................................2

STANDARD ..................................................................................................................................4

THE ISSUES TRIAL AND SUBSEQUENT INDIVIDUAL TRIALS WILL VIOLATE DEFENDANTS' SEVENTH AMENDMENT RIGHTS ................................................................4

I. SEVENTH AMENDMENT VIOLATIONS CANNOT BE AVOIDED. ...........................4

    A. The Issues Trial Improperly Separates General And Specific Causation. ...............4

    B. The Issues Trial Improperly Separates Defendants' Alleged Breaching Conduct From The Defense Of Contributory Negligence. .......................................6

II. THE INDIVIDUAL CLAIMS MUST BE DISMISSED; OR THE ISSUES MUST BE DECERTIFIED...............................................................................................................8

    A. The Certified Issues Do Not Apply To The Individual Claims. ..............................8

    B. The Individual Claims Must Be Dismissed. ..........................................................10

III. PLAINTIFFS HAVE NOT PROPOSED A WORKABLE STRUCTURE.......................11

CONCLUSION............................................................................................................................12

Defendant Behr Dayton Thermal Products LLC, Behr America, Inc., now known as MAHLE Behr Dayton LLC and MAHLE Behr USA, Inc. ("Behr"), and Defendant Aramark Uniform & Career Apparel ("Aramark") (collectively, "Defendants") jointly submit the following brief pursuant to the Court's *Request For Counsel's Input On Seventh Amendment Issues*, (Doc# 409 (the "Seventh Amendment Request"):

## **PRELIMINARY STATEMENT**

The Seventh Amendment prohibits a jury from reexamining factual issues determined by a prior jury. The current structure of the proposed Issues Trial is irreconcilable with that prohibition. If Plaintiffs succeed at the Issues Trial in proving each of Certified Issues Two (as to Old Carco only), Six, and Seven and are permitted to proceed to individual trials, the juries in the subsequent individual trials will, at a minimum, inevitably reexamine the verdicts rendered on general causation (Certified Issue Six) and Defendants' breaches of the applicable standards of care (Certified Issues Two and Seven).

The Plaintiffs' failure to seek certification of the named Plaintiffs' individual claims for trespass, battery, intentional fraudulent concealment, constructive fraud, negligent misrepresentation, and civil conspiracy compounds these problems. If the named Plaintiffs are permitted to proceed on those claims, the jury presiding over them will reexamine every single Certified Issue—even those previously resolved by this Court on summary judgment.

Defendants will not waive their Seventh Amendment right. And these problems cannot be resolved through special interrogatories, no matter how narrowly and "carefully" crafted. Plaintiffs' proposed special interrogatories, which encourage the most generic and vague verdict possible, demonstrate this. Accordingly, the only way to avoid the constitutional violation that will certainly result from the Issues Trial—and the enormous costs wasted at the Issues Trial—is

decertification. Even if the Court is inclined to proceed with the Issues Trial despite the Seventh Amendment problems, Plaintiffs' claims for trespass, battery, intentional fraudulent concealment, constructive fraud, negligent misrepresentation, and civil conspiracy must be dismissed because the Plaintiffs failed to seek certification of these claims and the Certified Issues do not pertain to those claims. Because the verdict at the Issues Trial will have no effect on those individual claims, Plaintiffs will be starting from scratch in attempting to prove them and will inevitably re-litigate, and cause subsequent juries to reexamine, the Issues Trial verdict.

## **RELEVANT BACKGROUND**

In 2017, this Court denied Plaintiffs' request for class certification under Federal Rule of Civil Procedure 23(b)(3), but granted Plaintiffs' alternative request for certification of certain issues for class treatment under Federal Rule of Civil Procedure 23(c)(4). (*See generally Decision and Entry Overruling In Part And Sustaining In Part Plaintiffs' Amended Renewed Motion For Class Certification; Conditional Certifying Various Issues for Class Treatment Under Federal Rule Of Civil Procedure 23(c)(4)*, Doc #: 274 ("Class Cert. Op.").) The Court certified seven questions (the "Certified Issues" each a "Certified Issue") for *classwide treatment*, (Class Cert. Op. at 36-37), related only to Plaintiffs' claims for: (1) private nuisance; (2) negligence; (3) negligence per se; (4) strict liability[1]; and (5) unjust enrichment (the "Certified Issue Claims"). (*See Plaintiffs' Memorandum In Support Of Their Amended Renewed Motion for Class Certification*, Doc. #: 254 ("Pls. Class Cert. Mot." at 9) (requesting class certification only for the Certified Issue Claims).)

This Court's decision on the parties' motions for summary judgment then narrowed the remaining Certified Issues to Certified Issues One, Two (as to Old Carco only), Six, and Seven

---

[1] Plaintiffs' strict liability claims are dismissed pursuant to this Court's summary judgment decision. (SJ Op. 22-27.)

(the "Remaining Issues"). (*See generally Decision and Entry Sustaining Plaintiffs' Motion for Partial Summary Judgment; Sustaining In Part And Overruling In Part Defendant Aramark Uniform & Career Apparel's Motion For Partial Summary Judgment; Sustaining In Part And Overruling In Part Mahle Behr Defendants' Motion For Summary Judgment; Sustaining In Part And Overruling In Part Defendant Old Carco LLC's Motion For Summary Judgment*, Doc #: 393 ("SJ Op.").) The Remaining Certified Issues are set to be tried before a jury (the "Issues Jury") beginning on October 17, 2022 (the "Issues Trial"). After the Issues Trial, if Plaintiffs succeed in proving Certified Issue Two (as to Old Carco only), Certified Issue 7, and Certified 6, "individual trials for all viable claimants must be held to determine liability and damages on the [Certified Issue Claims]." (SJ Op. at 6, n. 2.) "[T]his is not the typical bifurcation case"; here the Court has anticipated that certain liability issues—such as "fact-of-injury, proximate causation, and extent of damages"—will not be resolved until later, individual trials, if necessary. (Seventh Amendment Request at 3; *see also* Class Cert. Op. at 37.) Under the Court's framework, the named Plaintiffs will also be able to "*individually* pursue their remaining claims for battery, trespass, civil conspiracy, constructive fraud, intentional fraudulent concealment and negligent misrepresentation" (the "Individual Claims"). (SJ Op. at 6, n. 2 (emphasis added).)

Defendants have consistently objected that the structure of the Issues Trial and the Court's plan for the subsequent resolution of the Certified Issue Claims and Individual Claims violates Defendants' Seventh Amendment rights. In granting issue certification under Federal Rule of Civil Procedure 23(c)(4), this Court overruled Defendants' objection that the structure of the Issues Trial and proposed subsequent proceedings violated Defendants' Seventh Amendment rights. (*See* Class Cert. Op. at 38-39.) On appeal from that decision, Defendants again argued that the structure of the Issues Trial and subsequent proceedings violated the Seventh Amendment. The Sixth

Circuit found that argument unripe because this Court has not yet selected "a procedure for resolving Plaintiffs' claims." *Martin v. Behr Dayton Thermal Prod. LLC*, 896 F.3d 405, 417 (6th Cir. 2018); (*see also* Seventh Amendment Request at 2.) The Court has now requested the parties' views on how to address potential Seventh Amendment problems associated with the Issues Trial. (Seventh Amendment Request at 6.)

## STANDARD

The Seventh Amendment to the United States Constitution states:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

U.S. Const. amend. VII. "The right to a jury trial in federal civil cases, conferred by the Seventh Amendment, is a right to have juriable [*sic*] issues determined by the first jury impaneled to hear them (provided there are no errors warranting a new trial), and not reexamined by another finder of fact." *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1303 (7th Cir. 1995). Thus, "the judge must not divide issues between separate trials in such a way that the same issue is reexamined by different juries." *Id.*; *see also Blyden v. Mancusi*, 186 F.3d 252, 268 (2d Cir. 1999) ("[I]ssues may be divided and tried separately, but a given issue may not be tried by different, successive juries.")

## THE ISSUES TRIAL AND SUBSEQUENT INDIVIDUAL TRIALS WILL VIOLATE DEFENDANTS' SEVENTH AMENDMENT RIGHTS

### I. SEVENTH AMENDMENT VIOLATIONS CANNOT BE AVOIDED.

#### A. The Issues Trial Improperly Separates General And Specific Causation.

The planned division of the proximate causation element of Plaintiffs' negligence claims between general causation (to be decided at the Issues Trial) and specific causation (to be decided at individual trials) will inevitably result in a Seventh Amendment violation.

General and specific causation cannot be bifurcated through an issues trial under Federal Rule of Civil Procedure 23(c)(4). *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 209 F.R.D. 323, 352 (S.D.N.Y. 2002) (finding plaintiffs' proposal that "litigation be divided between generic and specific liability" was done so "in a way that violates the Seventh Amendment's prohibition on reexamination of a jury verdict" because, among other things, subsequent juries would be obligated to determine "whether defendants were liable to a particular individual given the first jury's finding of general liability."); *Paternostro v. Choice Hotel Int'l Servs. Corp.*, 309 F.R.D. 397, 405 (E.D. La. 2015) ("Because the issues of general and specific causation are interrelated, Plaintiffs' proposed bifurcated trial plan risks running afoul of Defendants' Seventh Amendment rights."); *Hostetler v. Johnson Controls, Inc.*, No. 3:15-CV-226 JD, 2018 WL 3868848, at *13 (N.D. Ind. Aug. 15, 2018).

*Hostetler* is instructive here. There, the plaintiffs asked the court to certify the issue whether "TCE and other chemicals from the Site have reached the soil, groundwater, and utility lines beneath the homes and properties within the Class Area." *Id*. at *12. The Court declined to certify the issue on Seventh Amendment grounds, *id*. at *15, reasoning that the question would have to be litigated and decided over-and-over again in the individual trials to determine whether vapors actually intruded the plaintiffs' homes. *Id*. at *12. The Court explained as follows:

> [T]his issue would not aid the resolution of the class members' claims; to the contrary, it would have to be re-examined by each of the second-phase juries. As a result of the verdict in the class proceeding, the jury in each second-phase proceeding could possibly be instructed that some contamination has existed, at some time, somewhere below-ground at a given class member's property. But the Plaintiffs' principal theory of injury is that individuals were exposed to toxic vapors in the air inside their homes, causing various illnesses or risks of illness. To determine if Johnson Controls is liable to class members for that contamination, those juries would have to decide *where* within the property the contamination was located—in vapors inside the home? in the soil? the groundwater?

-5-

> the utility lines?—*when* it was there, and in *what amount*. The Plaintiffs do not suggest that they can offer common answers to any of those questions, or that the verdict in the class-wide proceeding would provide the basis to answer those questions.

*Id.*

The Issues Trial presents the same problem. As to Certified Issue Six, Plaintiffs will exclusively rely on the testimony of their expert, Dr. Nicole Sweetland, who will *not* testify about where the plume currently sits or about the specific concentrations of TCE and PCE under each Plaintiffs' structure. Instead, Dr. Sweetland will opine on the areas that the volatile organics plume reached over the course of time—*i.e.*, "that some contamination has existed, at some time, somewhere below-ground at a given class member's property." *Hostetler,* 2018 WL 3868848 at *12. Here, any determination the Issues Jury reaches on this evidence will have to be revisited when the Plaintiffs are obligated to prove in their individual trials that each Defendant "actually caused vapor intrusion in each of the affected properties." (SJ Op. at 29.) This will require proof as to the responsible Defendant, the path the volatile organics took to reach their home, how it ultimately entered their homes, and Defendants' defenses about other possible causes and sources of the TCE and/or PCE in the individual's home. In other words, the individual trials will require a complete reexamination of the issue determined under Certified Issue Six. For that reason, the Issues Trial cannot go forward.

### B. The Issues Trial Improperly Separates Defendants' Alleged Breaching Conduct From The Defense Of Contributory Negligence.

A Seventh Amendment violation is also unavoidable here because Defendants' assertion of their comparative negligence defenses in the individual trials will force subsequent juries to reexamine the Issues Jury's determinations on Certified Issues Two and Seven.

In Ohio, a defense of comparative fault or negligence requires "the *totality* of causal negligence [] to be examined, and is a question to be submitted to the jury whose duty it is to

apportion that negligence" among the parties. *Ellis v. Johnson*, 15CA2, 2015 WL 4999922, at *4 (Ohio Ct. App. Aug. 20, 2015) (emphasis added) (quoting *Abraham v. Werner Enters.*, No. E-02-013, 2003 WL 21384854, at *3 (Ohio Ct. App. June 13, 2003)). In other words, "[b]oth comparative fault and proximate causation overlap the common issue of Defendant's negligence." *Kemp v. Medtronic Inc.*, No. 1:97-CV-00103-SSB, 1998 WL 35161989, at *9 (S.D. Ohio Feb. 11, 1998). Federal Rule of Civil Procedure 23(c)(4) issues trials that bifurcate a defendants' negligence from the question of comparative negligence violate the Seventh Amendment's Reexamination Clause, because it is impossible for a jury to assess a comparative negligence defense without reassessing the defendants' negligent conduct and causation. *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d at 1303; *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 751 (5th Cir. 1996) (explaining that separating a defendant's conduct from comparative negligence results in a Seventh Amendment violation); *Benner v. Becton Dickinson & Co.*, 214 F.R.D. 157, 174 (S.D.N.Y. 2003) ("Plaintiffs' proposed separation of the issues of negligence and comparative negligence violate[s] . . . the Seventh Amendment . . . .")

Here, each Defendant asserted comparative negligence as one of their affirmative defenses. (*See Mahle Behr, USA Inc.'s Answer And Affirmative Defenses To The Third Master Amended Class Action Complaint* (Doc #: 245) at 40, ¶ 7; *Mahle Behr Dayton LLC's Answer And Affirmative Defenses To The Third Master Amended Class Action Complaint* (Doc #: 246) at 41, ¶ 7; *Answer, Defenses, And Jury Demand Of Defendant Aramark Uniform & Career Apparel, LLC To Third Master Amended Class Action Complaint And Jury Demand* (Doc #: 248 at 33, Eleventh Affirmative Defense); *First Amended Answer, Defenses, And Jury Demand Of Old Carco LLC, Formerly Known As Chrysler, LLC, As Nominal Defendant, To Plaintiffs' Third Master Amended Class Action Complaint* (Doc #: 314 at 64, ¶ 8).) At the Issues Trial, the Issues Jury will be asked

to decide whether Old Carco's handling and disposal of TCE and/or PCE (Certified Issue Two) and whether each Defendants' investigation and remediation of TCE and/or PCE (Certified Issue Seven) breached the applicable standard of care for those activities—assuming that the jury first finds that Defendants owed Plaintiffs a duty regarding such activities. The Court has reserved questions of "injury-in-fact, specific causation [] damages" and Defendants' defenses for the individual trials. (Seventh Amendment Request at 5.) Thus, the Issues Trial is structured such that the Issues Jury's determination of Defendants' breach of the applicable standard of care (colloquially, Defendants' negligence) and general causation will be separated from any assessment of comparative negligence. But, under Ohio law, those issues *must* be tried together to the same jury because of their overlapping nature. *See Ellis v. Johnson*, 2015 WL 4999922 at *4. As the cases above describe, subsequent juries in the individual trials will have no choice but to reexamine the Issues Jury's verdict on Certified Issues Seven and Two in assessing Defendants' comparative negligence defense. For that reason, the Issues Trial cannot go forward.

## II. THE INDIVIDUAL CLAIMS MUST BE DISMISSED; OR THE ISSUES MUST BE DECERTIFIED.

### A. The Certified Issues Do Not Apply To The Individual Claims.

The Jury's verdict in the Issues Trial cannot apply to the named Plaintiffs' Individual Claims for trespass, battery, intentional fraudulent concealment, constructive fraud (negligent fraudulent concealment), negligent misrepresentation, and civil conspiracy because the Plaintiffs never asked this Court for class certification on those Individual Claims.

Plaintiffs' motion for class certification and several of this Court's subsequent orders make absolutely clear that the only claims the Certified Issues relate to are the Certified Issue Claims of (1) private nuisance; (2) negligence; (3) negligence per se; (4) strict liability (now dismissed); and (5) unjust enrichment. Plaintiffs' class certification motion stated: "The causes of action for which

-8-

Plaintiffs seek certification are private nuisance, negligence, negligence per se, strict liability, and unjust enrichment. . . . Plaintiffs *are not* seeking certification of their claims for battery, trespass, civil conspiracy, constructive fraud, or intentional fraudulent concealment." (Pls. Class Cert. Mot. at 9 (emphasis added).)  If Plaintiffs sought certification under Federal Rule of Civil Procedure 23(c)(4) of issues related to claims other than the Certified Issue Claims, they should not have told the Court the exact opposite in their class certification motion.  This Court's opinion overruling in part and sustaining in part Plaintiffs' class certification motion confirms that the Certified Issues only relate to the Certified Issue Claims.  (Class Cert. Op. at 5 ("Plaintiffs seek class certification as to *liability only* for the following five claims: (1) private nuisance; (2) negligence; (3) negligence per se; (4) strict liability; and (5) unjust enrichment." (emphasis added).) And the Court's recent opinion addressing the parties' summary judgment motions reinforces this:

> If [the Certified Issues] are resolved in Plaintiffs' favor, individual trials for all viable claimants must be held to determine liability and damages on the claims of private nuisance, negligence, negligence per se, strict liability, and unjust enrichment.  *The named Plaintiffs may then individually pursue their remaining claims for battery, trespass civil conspiracy, constructive fraud, intentional fraudulent concealment and negligent misrepresentation*.

(SJ Op. at 6, n.2 (emphasis added).)  In short, it is crystal clear that the Certified Issues only pertain to the four remaining Certified Issue Claims.

Defendants will be prejudiced if Plaintiffs are permitted to modify this well-established, years-long understanding and expand the Issues Trial to the Individual Claims.  First, based on Plaintiffs' representations in their class certification motion, Defendants, this Court, and the Sixth Circuit did not have the opportunity to address whether issue certification was appropriate with respect to the Individual Claims.  Second, Aramark and its co-Defendants have not had the opportunity to take any merits discovery concerning the Individual Claims.

In sum, based on Plaintiffs' representations to the Court, this Court's decisions interpreting the scope of the Issues Trial and the Individual Claims, and the potential prejudice that Defendants face, it is the law of this case that the verdict in the Issues Trial must be limited to the Certified Issue Claims. If the Court determines otherwise, the Defendants request an adjournment of the Issues Trial so that they have an opportunity to take merits discovery and move for summary judgment on the Individual Claims.

### B. The Individual Claims Must Be Dismissed.

Because the Issues Jury's verdict will have no effect on the Individual Claims, Plaintiffs will be starting from scratch in attempting to prove those claims and will inevitably have to re-litigate, and cause subsequent juries to reexamine, the Issues Jury's verdict.

For example, each of the Individual Claims relies on the same injury: that TCE and/or PCE emanating from one of Defendants' facilities caused actual vapor intrusion into the named Plaintiffs' homes. To prove that injury as to all of the Individual Claims, any subsequent jury will have to reexamine Certified Issues Four (the extent of the contamination from the Chrysler and Behr facilities), Five (the extent of the contamination from the Aramark facility), and Six (general causation). Similarly, intent, knowledge, and/or foreseeability of harm are elements of all of the Individual Claims. *See Estes v. Robbins Lumber, L.L.C.*, No. CA2016-02-011, 2016 WL 7427107, at *2 (Ohio Ct. App. Dec. 19, 2016) (elements of trespass claim requiring "intentional act"); *Watkins v. Cleveland Clinic Found.*, 719 N.E.2d 1052, 1064 (Ohio Ct. App. 1998) (elements of battery requiring "intentional . . . touching"); *Woods v. Sharkin*, 192 N.E.3d 1174, 1194 (Ohio Ct. App. 2022) (elements of fraudulent concealment requiring knowledge); *L & N P'ship v. Lakeside Forest Assn.,* 916 N.E.2d 500, 514 (Ohio Ct. App. 2009) (elements of constructive fraud requiring breach of duty); *Advantage Renovations, Inc. v. Maui Sands Resort, Co.*, No. E-11-040, 2012 WL 1493826, at *7 (Ohio Ct. App. Apr. 27, 2012) (elements of negligent misrepresentation requiring

-10-

breach of duty); *Woods*, 192 N.E.3d at 1200 (civil conspiracy requiring intentional conduct). Thus, a jury presiding over the Individual Claims would inevitably reexamine Certified Issue Two (foreseeability of injury from improper handling and disposal of TCE and/or PCE), which this Court already resolved in Aramark's favor, and Certified Issue Seven.

Those examples show that any trial on the Individual Claims will certainly reexamine the Issues Jury's verdict and this Court's determination on summary judgment on Certified Issues Two, Four, Five, Six, and Seven. However, because Defendants have not taken discovery on any of these claims, the evidence (if any) and theory (if any) Plaintiffs would attempt to submit on the Individual Issues is unclear. Plaintiffs' lack of evidence and theory notwithstanding, Defendants anticipate that each of the Certified Issues would ultimately be reexamined by a subsequent jury in any trial on the Individual Claims. Plaintiffs cannot seriously dispute this, as any trial on the Individual Claims would also permit *Defendants* to re-litigate any Certified Issue previously resolved in *Plaintiffs'* favor.

Accordingly, the Individual Claims must be dismissed to prevent an inevitable violation of both Defendants' and Plaintiffs' Seventh Amendment rights.

### III. PLAINTIFFS HAVE NOT PROPOSED A WORKABLE STRUCTURE.

Plaintiffs bear the burden at every stage of these proceedings. Despite that burden and despite the fact that they are the architects of the Issues Trial, they have made no effort to mitigate the Seventh Amendment risk they created. Here, in light of Defendants' "valid concerns," the Court requested "carefully-crafted special interrogatories" so the "second jury knows exactly what was already determined by the first jury so that those same essential issues are not improperly reexamined by the jury." (Seventh Amendment Request at 4–5.) Plaintiffs' ignored the Court's directive and proposed special interrogatories that are a far cry from "carefully-crafted." Plaintiffs' special interrogatories merely parrot the elements of Plaintiffs' negligence claims, asking

questions like whether Defendants were "negligent" and whether they "proximately cause[d] the potential for *toxic* vapors to enter the homes, business, or other properties" located in the class areas.  (*See generally Plaintiffs' Amended Proposed Special Interrogatories For The Issues Trial* (Doc #: 412) (emphasis added).)  Plaintiffs' generic special interrogatories will not provide a subsequent jury with any information as to what issues the Issues Jury resolved.  Plaintiffs' failure to even attempt to prepare the "carefully-crafted" interrogatories the Court requested is further evidence that the Issues Trial and proceedings thereafter will inevitably violate Defendants' Seventh Amendment rights.

## CONCLUSION

The Issues Trial and proposed subsequent trials to follow present insurmountable Seventh Amendment reexamination problems for which the only remedy is decertification of the Certified Issues.  Even if the Court is inclined to proceed despite that danger, Plaintiffs' Individual Claims must be dismissed regardless.

DATED:  September 20, 2022

        Respectfully submitted,

        /s/ Michael A. Kaplan
        John M. Alten
        ULMER & BERNE LLP
        1660 W. 2nd St., Suite 1100
        Cleveland, OH 44133
        Telephone:  (216) 583-7354
        jalten@ulmer.com

        Michael D. Lichtenstein, Admitted Pro Hac Vice
        Michael A. Kaplan, Admitted Pro Hac Vice
        Mark Heinzelmann, Admitted Pro Hac Vice
        LOWENSTEIN SANDLER LLP
        One Lowenstein Drive

Roseland, NJ 07068
Telephone:  (973) 597-2408
mlichtenstein@lowenstein.com
mkaplan@lowenstein.com
mheinzelmann@lowenstein.com

*Attorneys for Defendant Aramark Uniform & Career Apparel*

/s/ Khalilah V. Spencer
Khalilah V. Spencer, Admitted Pro Hac Vice
Raechel T. X. Conyers, Admitted Pro Hac Vice
 Honigman LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7640
kspencer@honigman.com
rconyers@honigman.com

James A. King (0040270)
Trial Attorney
Porter, Wright, Morris & Arthur LLP
41 South High Street
Columbus, Ohio 43215-6194
(614) 227-2149 (voice)
(614) 227-2100 (facsimile)
jking@porterwright.com

*Attorneys for MAHLE Behr Dayton Thermal Products, LLC and MAHLE Behr USA, Inc.*