IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| IN RE BEHR DAYTON THERMAL PRODUCTS, LLC | : : : : : | CASE NO. 3:08-cv-00326-WHR<br><br>(Judge Walter H. Rice) |

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, APPOINTING SETTLEMENT CLASS COUNSEL, APPOINTING CLAIMS ADMINISTRATOR, APPROVING FORMS AND MANNER OF NOTICE, APPROVING ESCROW AGREEMENT, AND ESTABLISHING QUALIFIED SETTLEMENT FUND**

The parties in the above-entitled action—Plaintiffs Terry Martin, Deborah Needham, Linda Russell, and Nancy Smith, on behalf of themselves and all others similarly situated; and Defendants Old Carco, LLC, formerly known as Chrysler LLC, as nominal defendant; Aramark Uniform & Career Apparel, LLC; MAHLE Behr USA; Inc., and MAHLE Behr Dayton, LLC—have moved under Federal Rules of Civil Procedure 23(b) and (e) for an order: (1) certifying two settlement classes; (2) preliminarily approving a class settlement on the terms and conditions set forth in the Class Action Settlement Agreement (the "Settlement Agreement"); (3) appointing Settlement Class Counsel; (4) appointing a Claims Administrator; (5) approving the Escrow Agreement and Qualified Settlement Fund, and (6) approving forms and the procedures for class notice.[1]

The Court has reviewed and considered all papers filed in connection with the motion, including the Settlement Agreement, all exhibits attached thereto, and has considered the files, records, pleadings, and arguments of Counsel in this matter.

On the basis thereof, **IT IS HEREBY ORDERED THAT:**

---

[1] Terms capitalized but not defined herein shall have the meanings ascribed to them in the Settlement Agreement.

1. This Court has jurisdiction over the subject matter of this Action and jurisdiction over the Parties.

2. The Settlement Agreement: (a) is the product of an extensive mediation process facilitated by an experienced mediator with knowledge and experience in the settlement of complex environmental class action litigation, (b) is the result of arm's length negotiations between experienced class action attorneys, (c) is sufficient to warrant notice of the settlement to the Settlement Class, (d) meets all requirements of law, and (e) is not a finding or admission of liability by the Defendants or any other person, nor a finding of the validity of any of the claims asserted in the litigation or of any wrongdoing or violation of law.

## CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF CLASS REPRESENTATIVES, AND CLASS COUNSEL

3. For settlement purposes, this action may be maintained as a class action under Federal Rule of Civil Procedure 23 on behalf of Settlement Class A and Settlement Class B under the Settlement Agreement (collectively, the Settlement Class[2]), defined as follows:

   a. "Settlement Class A" means Persons who, at any time during the Class Ownership Period, owned or own real property located within the area identified as "Class A" on the attached map. This corresponds to the area geographically depicted by the yellow shaded area on Exhibit 1 to the Third Amended Master Class Action Complaint (ECF No. 242-1, PageID #7130), which is attached as Exhibit F to the Settlement Agreement.

   b. "Settlement Class B" means Persons who, at any time during the Class Ownership Period, owned or own real property located within the area identified as "Class B" on the attached map. This corresponds to the area

---

[2] The Settlement Agreement defines and uses the term "Settlement Class" collectively to include both Settlement Class A and Settlement Class B. This Order shall do the same.

2

        geographically depicted by the red shaded area on Exhibit 1 to the Third Amended Master Class Action Complaint (ECF No. 242-1, PageID #7130), which is attached as Exhibit F to the Settlement Agreement.

4. In light of the agreement between the Parties to settle the Action pursuant to the Settlement Agreement, and the resulting elimination of individual issues that may otherwise have precluded certification of a litigation class, the prerequisites to class certification under Rule 23(a) are satisfied, to-wit:

    a. The Settlement Class is so numerous that joinder of all members is impracticable;

    b. There are questions of law and fact common to members of the Settlement Class;

    c. The claims of the members of the Settlement Class meet the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a); and

    d. The Representatives of the Settlement Class represented by counsel experienced in complex litigation, do and will fairly and adequately protect the interests of the Settlement Class.

5. The questions of law and fact common to all members of the Settlement Class predominate over questions affecting only individual members of the Settlement Class, and certification of the Settlement Class is superior to other available methods for the fair and efficient resolution of this controversy, satisfying Rules 23(b)(3) and 23(e)—particularly in light of the agreement to settle the Action and the resulting elimination of individual issues that Defendants had previously contended preclude certification for purposes of a litigation class.

6. As stated in paragraph 3, the Settlement Agreement concerns two Settlement Classes: Settlement Class A and Settlement Class B, which together comprise the Settlement Class.

7. Deborah Needham and Linda Russell are appointed as Settlement Class A Representatives.

8. Terry Martin and Nancy Smith are appointed as Settlement Class B Representatives.

9. The following counsel are designated and authorized to act as Counsel for the Settlement Class: Howard A. Janet, Kenneth M. Suggs, and Patrick A. Thronson of JANET, JANET, & SUGGS LLC, Douglas D. Brannon of BRANNON & ASSOCIATES, Steven J. German and Joel Rubenstein of GERMAN RUBENSTEIN LLP, and Ned Miltenberg of NATIONAL LEGAL SCHOLARS LAW FIRM, P.C.

10. The Settlement Agreement, and the terms and conditions set forth therein, are within the range of fair, adequate, and reasonable settlements and in the best interests of the proposed Settlement Class, making appropriate further consideration at a hearing held pursuant to notice to the Settlement Class. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delays associated with further litigation, trial, and/or appeal. The Court therefore preliminarily approves the Settlement Agreement and the Settlement Class for settlement purposes and directs the parties to perform and satisfy the terms and conditions of the Settlement Agreement that are thereby triggered.

## FINAL APPROVAL OR FAIRNESS HEARING

11. A hearing (the "Fairness Hearing" or "Final Approval Hearing") shall be held on **January 22, 2024, at 1:30 p.m.** before the undersigned, at Walter H. Rice Federal Building and U.S. Courthouse, 200 W. 2nd St. Dayton, OH 45402.

12. The date of the Fairness Hearing will be included in the Notice of Proposed Class Action Settlement. The purpose of the Fairness Hearing will be to (a) determine whether the proposed Settlement Agreement is fair, reasonable, and adequate, and should be finally approved; (b) determine whether an order and judgment should be entered forever releasing Defendants from all Released Claims, barring class members from bringing any lawsuit or other action based on the Released Claims; and (c) consider other settlement-related matters and appropriate attorney's fees

and costs.

13. The Court may adjourn, continue, and reconvene the Fairness Hearing pursuant to oral announcement without further notice to eligible members of the Settlement Class, and the Court may consider and grant final approval of the Settlement Agreement, with or without minor modification, and without further notice to eligible members of the Settlement Class.

## NOTICE AND ADMINISTRATION

14. The Court appoints RG/2 Claims Administration LLC to serve as Claims Administrator.

15. The Court has reviewed the "Claim Form," attached as Exhibit A to the Settlement Agreement; the "Notice of Proposed Class Action Settlement and Your Rights" (the "Notice"), attached to the Settlement Agreement as Exhibit B, and the Publication Notice, attached to the Settlement Agreement as Exhibit D, and approves as to form and content the Claim Form, Notice, and the Publication Notice. The Court also approves the method of directing notice to eligible members of the Settlement Class proposed by the Parties in the Settlement Agreement.

16. On or before **November 3, 2023**, the Claims Administrator shall prepare and cause individual copies of the Notice to be sent by United States first-class mail to eligible members of the Settlement Class whose mailing addresses can be determined through reasonable effort. The Claims Administrator also shall mail copies of the Notice to any other potential members of the Settlement Class that request copies or that otherwise come to its attention. The Claims Administrator shall also cause the Publication Notice, the content of which shall be substantially as set forth in Exhibit D to the Settlement Agreement, to be published in the *Dayton Daily News* once a week for three consecutive weeks and will also make the Notice available on the website dedicated to this settlement (www.mccookfieldclassaction.com). This Publication Notice shall commence on or before **November 3, 2023**.

17. The Court finds that the foregoing plan for notice to eligible members of the Settlement Class will provide the best notice practicable under the circumstances and is in compliance with the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, and all applicable standards of due process, and this notice plan is protective of the eligible Settlement Class members' rights under any and all applicable law.

18. Prior to the Fairness Hearing, Counsel for the Settlement Class shall file with the Court an affidavit or declaration from the Claims Administrator confirming that the plan for disseminating the Notice and the Publication Notice has been accomplished in accordance with the provisions of paragraph 16 above.

## ELIGIBILITY TO RECEIVE A SHARE FROM THE SETTLEMENT FUND

19. A copy of the Claim Form for eligible members of the Settlement Class to make a claim to a share of the Settlement Fund shall be made available on the settlement website (www.mccookfieldclassaction.com). A copy of the Claim Form shall also accompany the Notice being mailed in accordance with paragraph 16.

20. Eligible members of the Settlement Class shall have until on or before **January 2, 2024** to submit a Claim Form from the deadline by which the Class Administrator is to mail Notice to the Settlement Class.

21. For a Claim Form to be valid, it must be: submitted to the Class Administrator by first class United States mail as instructed on the Notice and Claim Form, postmarked by the deadline date as set forth in paragraph 20, and accompanied by any required supporting documentation.

22. Upon final approval, a Settlement Class Member who timely submitted a valid Claim Form shall be eligible to receive a monetary share of the Settlement Fund.

23. A Claim Form shall not be rejected, unless and until, the Settlement Administrator

has made reasonable efforts to secure additional requested information to allow the Settlement Class Member to attempt to demonstrate entitlement to a share of the Settlement Fund.

24. Subject to Court approval at the Fairness Hearing, the Claims Administrator shall have authority to determine that a Claim Form is not valid and the supporting documentation is insufficient for the Settlement Class Member to receive a share of the settlement fund.

25. Prior to the Fairness Hearing, Settlement Class Counsel shall file with the Court a list of each Settlement Class Member whose Claim Form was disallowed by the Claims Administrator along with an explanation for such disallowance.

26. Upon Final Approval, Settlement Class Members who failed to timely file a valid Claim Form or whose Claim Form was disallowed by the Class Administrator shall be bound by all final judgments of the Court, including the release of any and all past and future claims as set forth in the Settlement Agreement and any Orders of this Court, subject to paragraph 28 below.

## REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASS AND OBJECTIONS

27. Eligible members of the Settlement Class who wish to exclude themselves from participation in the Settlement Agreement (i.e., opt out of the Settlement Agreement) must request exclusion on or before **December 4, 2023**, in accordance with the instructions set forth in the Notice. Eligible members of the Settlement Class who do not submit timely and valid requests for exclusion will be bound by the terms of the Settlement Agreement in the event it is approved by the Court and becomes effective, and by any orders and judgments subsequently entered in the Action, whether favorable or unfavorable.

28. Eligible members of the Settlement Class who submit timely and valid requests for exclusion will not be bound by the terms of the Settlement Agreement or by any orders or judgments subsequently entered in the Action; such eligible members who submit timely and valid requests for exclusion shall be ineligible to receive any share of the Settlement Fund.

29. Eligible members of the Settlement Class who do not request exclusion from (i.e., who do not opt out of) the Settlement Agreement may submit written comments on or objections to the Settlement Agreement or other Settlement-related matters (including attorney's fees) on or before **December 4, 2023**, in accordance with the instructions set forth in the Notice.

30. Any eligible member of the Settlement Class who has not requested exclusion may also attend the Fairness Hearing, in person or through counsel, and if the eligible member of the Settlement Class has submitted written objections, the individual may pursue those objections. No eligible member of the Settlement Class, however, shall be entitled to contest the foregoing matter in writing and/or at the Fairness Hearing unless the individual has served and filed by first-class mail, postage prepaid and postmarked, on or before **December 4, 2023**, copies of the statement of objection, together with any supporting brief and all other papers the individual wishes the Court to consider (which must include the name and number of this case), and a notice of appearance from any counsel for the Settlement Class Member who intends to appear at the Fairness Hearing, provided, however, that counsel is not necessary as the Settlement Class Member may appear and personally object. Any such objection, brief, notice of appearance, or other related document must be mailed to the Court at the following address: Hon. Walter H. Rice, Walter H. Rice Federal Building and U.S. Courthouse, 200 W. 2nd St. Dayton, OH 45402.

31. To be considered by the Court, full and complete copies of each objection, papers submitted in support of an objection, and notices of appearance must also be mailed to all counsel for Defendants and the Settlement Class at the following addresses:

*To Plaintiffs/Class Members:*

JANET, JANET & SUGGS, LLC
Howard A. Janet
Patrick A. Thronson
4 Reservoir Circle, Suite 200
Baltimore, Maryland 21208
Facsimile: (410) 653-9030

8

Email: hjanet@myadvocates.com
Email: pthronson@jjsjustice.com

BRANNON & ASSOCIATES
Douglas D. Brannon
130 West Second Street, Suite 900
Dayton, Ohio 45402
Facsimile: (937) 228-8475
Email: dougbrannon@branlaw.com

NATIONAL LEGAL SCHOLARS LAW FIRM, P.C.
Ned Miltenberg
5410 Mohican Road, Suite 200
Bethesda, Maryland 20816-2162
Email: NedMiltenberg@gmail.com

GERMAN RUBENSTEIN LLP
Steven German
Joel Rubenstein
19 West 44th Street, Suite 1500
New York, New York 10036
Facsimile: (212) 704-2020
Email: sgerman@germanrubenstein.com
Email: jrubenstein@germanrubenstein.com

*To Old Carco, LLC:*

THOMPSON COBURN LLP
Edward A. Cohen
J. David Duffy
One US Bank Plaza
St. Louis, Missouri 63101
Facsimile: (314) 552-7000
Email: ecohen@thompsoncoburn.com
Email: dduffy@thompsoncoburn.com

*To Aramark Uniform & Career Apparel, LLC:*

LOWENSTEIN SANDLER LLP
Michael D. Lichtenstein
One Lowenstein Drive
Roseland, New Jersey 07068
Facsimile: 973.597.2409
Email: mlichtenstein@lowenstein.com

*To MAHLE Behr USA, Inc. and MAHLE Behr Dayton, LLC*

HONIGMAN LLP

9

> Khalilah V. Spencer
> Raechel T.X. Conyers
> 2290 First National Building
> 660 Woodward Avenue
> Detroit, Michigan 48226-3506
> Facsimile: (313) 465-7655
> Email: kspencer@honigman.com
> Email: rconyers@honigman.com

32. Unless otherwise directed by the Court, any Settlement Class Member who does not submit a statement of objection in the manner specified above will be deemed to have waived any such objection.

## ESCROW AGREEMENT AND SETTLEMENT FUND

33. The terms of the Escrow Agreement, attached as Exhibit C to the Settlement Agreement, are hereby approved.

34. The Settlement Escrow constitutes a single qualified settlement fund within the meaning of section 4688 of the Internal Revenue Code of 1986, as amended (the "Code") and Treasury Regulation sections 1.4688-1, et seq. The Court further retains continuing jurisdiction and supervision over the Settlement Escrow, in accordance with the terms of the Escrow Agreement.

35. RG/2 Claims Administration LLC ("Escrow Agent") is hereby appointed as Escrow Agent of the Settlement Escrow and appointed as Administrator to administer the Settlement Escrow pursuant to the terms of the Escrow Agreement and the Settlement Agreement. The funds held by the Escrow Agent in the Settlement Escrow shall be disbursed by the Administrator only pursuant to and in conformance with the terms of the Escrow Agreement, the Settlement Agreement, and the orders of this Court.

36. On or before **November 3, 2023**, the Parties and the Claims Administrator shall execute the Escrow Agreement, attached as **Exhibit C.** AIG Specialty Insurance Company f/k/a American International Specialty Lines Insurance Company ("AIG") as insurer for nominal defendant Old Carco, LLC, formerly known as Chrysler, LLC, MAHLE Behr Dayton LLC, and

10

Aramark Uniform & Career Apparel, LLC shall fund in two installments the Settlement Fund as an escrow account, at a federally chartered bank per the Escrow Agreement, in the amount to total Nine Million Dollars ($9,000,000.00).

37. Defendants, along with AIG as insurer for nominal defendant Old Carco, shall deposit an amount totaling $100,000 by check or wire on or before **November 3, 2023**, and shall deposit by check or wire the remaining $8,900,000 of the Settlement Amount on or before **December 4, 2023**, after RG/2, as Escrow Agent, advises the Parties that the initial sum of $100,000 is in the intended Settlement Fund escrow account.

38. The Settlement Fund shall be structured and operated in a manner so that it qualifies as a "qualified settlement fund" under section 468B(d)(2) of the Internal Revenue Code and Treasury Regulation §1.468B-1.

39. The Claims Administrator shall have the right to draw on the Settlement Fund to make payments related to this Settlement Agreement in accordance with the schedule and payment formula set forth in Section IV, paragraph 5, of the Settlement Agreement after the Court has approved such payments.

40. If this Settlement Agreement terminates pursuant to Section VII of the Settlement Agreement, the Settlement Fund shall be returned to Defendants within sixty (60) days of termination of the Settlement Agreement, minus any funds approved by the Court for expenses incurred by the Claims Administrator for Claims Administration Expenses prior to termination. All Settlement Fund funds returned or remitted to Defendants for any purpose under this Settlement Agreement shall be returned to AIG, MAHLE Behr Dayton LLC, and Aramark Uniform & Career Apparel, LLC in proportion to sums paid into the Settlement Fund by (or on behalf of) each Defendant.

## ADDITIONAL MATTERS

41. During the Court's consideration of the Settlement Agreement and pending further order of the Court, all proceedings in this Action as related to the Settlement Class, other than proceedings necessary to carry out the terms and provisions of the Settlement Agreement, or as otherwise directed by the Court, are hereby stayed and suspended.

42. The Court retains jurisdiction over this action, the Parties, and all matters relating to the Settlement Agreement. The Court may approve the settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

43. If this Court grants final approval of the Settlement Agreement, then each Settlement Class Member who has not timely opted out of the Settlement Class shall, by Order of this Court, fully, finally, and forever releases, remises, acquits, waives and forever discharges all Defendants and AIG Specialty Insurance Company f/k/a American International Specialty Lines Insurance Company. (the relevant insurer of nominal defendant Old Carco, LLC) of and from any and all Released Claims and shall be forever enjoined from prosecuting any or all Released Claims against Defendants and their insurers. "Released Claims" means any and all manner of actions, causes of action, suits, debts, judgments, rights, demands, damages, compensation, loss of use and enjoyment of property, expenses, attorneys' fees, litigation costs, other costs, rights or claims for reimbursement of attorneys' fees, and claims of any kind or nature whatsoever; against the Defendants arising out of the ownership of any property in the Settlement Class A area or Settlement Class B area, including, without limitation, punitive damages, in either law or equity, under any theory of common law or under any federal, state, or local law, statute, regulation, ordinance, or executive order; that any Class Member ever had or may have in the future, whether directly or indirectly, that arose from the beginning of time through execution of the Settlement Agreement, whether foreseen or unforeseen, or whether known or unknown to all or any of

the parties; which have arisen or may arise out of any transaction or occurrence described in the Complaint, including but not limited to property damage, remediation costs, diminution of value to property, loss of use and enjoyment of property, fear, anxiety, annoyance, or emotional distress as a result of the alleged contamination. Bodily injury and medical monitoring claims, if any, are not Released Claims.

44. If the Settlement Agreement is not finally approved by the Court or for any reason does not become effective, the Settlement Class shall be decertified, all Parties' rights to litigate all class issues will be restored to the same extent as if the Settlement Agreement had never been consummated, and no Party shall assert that another Party is estopped from taking any position relating to class certification.

45. If the proposed Settlement Agreement is not approved by the Court in accordance with its terms or if the Settlement Agreement for any reason does not become effective, the Settlement Agreement will be regarded as nullified, certification of the Settlement Class for settlement purposes will be vacated, and the steps and actions taken in connection with the proposed Settlement, including this Order (except as to this paragraph, paragraphs 42 and 44, *supra*, and paragraphs 46–47, *infra*), along with any judgment entered herein, shall become void and shall have no further force or effect. In such an event, the parties and their counsel shall take such steps as may be appropriate to restore the pre-settlement status of the litigation.

46. Each Defendant shall have the right to rescind its participation in the Settlement Agreement and settlement process per the terms of the Settlement Agreement. If a Defendant in the Action rescinds its participation in the Settlement Agreement, it shall send written notice of this election to Class Counsel before the parties seek final approval of the Settlement Agreement from the Court. If any Defendant rescinds, the remaining Parties will meet and confer to determine whether a mutually acceptable amended settlement agreement can be reached; if the remaining

Parties cannot reach a modified settlement arrangement, then the Settlement Agreement shall be deemed rescinded by all Defendants. If this occurs, the Parties shall promptly advise the Court and the case will proceed consistent with paragraphs 44, 45 and 47 of this Order.

47. Neither the Settlement Agreement nor the provisions contained therein, nor any negotiations, statements, or proceedings in connection therewith shall be construed, or deemed to be evidence of, an admission or concession on the part of any of the Plaintiffs, Settlement Class Counsel, any Settlement Class Member, any Defendant, or any other person, of any liability or wrongdoing by any of them, or of any lack of merit in their claims or defenses, or of any position on whether any claims may or may not be certified as part of a class action for litigation purposes.

**IT IS SO ORDERED.**

Date: 10-2-23

*/s/ Walter H. Rice*
Honorable Walter H. Rice
United States District Judge